# IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

STATE OF UTAH,                           )
                                      )

    Petitioner,                          )
                                        )

    v.                                   )          No. 23-1157
                                        )

UNITED STATES ENVIRONMENTAL            )
PROTECTION AGENCY, et al.,               )
                                        )

    Respondents                          )
_____)

## RESPONDENTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO STAY

Respondents the United States Environmental Protection Agency and its Administrator, Michael S. Regan (collectively, "EPA"), in accordance with Federal Rules of Appellate Procedure 26(b) and 27, respectfully seek an extension of time to respond to the Motion to Stay filed on July 7, 2023. ECF 2006816. EPA requests that the deadline for parties' responses to that motion be reset to 14 days after the close of the filing period for petitions for review of EPA's Federal 'Good Neighbor Plan' for the 2015 Ozone National Ambient Air Quality Standards, 88 Fed. Reg. 36654 (June 5, 2023) ("Good Neighbor Plan" or "Plan"), or such date as the Court prefers that will allow alignment of all stay motions and responses. In the alternative, EPA requests a 21-day extension of parties' deadline, until August

7, 2023, to respond to Petitioner's Motion.  This motion is unopposed.  In support

of this motion, EPA states as follows:

1.    On June 20, 2023, the State of Utah petitioned for review in this Court

of the Good Neighbor Plan as applied in Utah, EPA's final rule establishing a 23-

state program to reduce nitrogen oxide ("NO$_X$") pollution from power plants and

other high-emitting industrial sources in accordance with the Clean Air Act's

"Good Neighbor Provision," 42 U.S.C. § 7410(a)(2)(D)(i)(I).

2.    On July 7, 2023, Petitioner filed a Motion to Stay the Good Neighbor

Plan.  ECF 2006816.  Pursuant to Federal Rule of Appellate Procedure 27, EPA's

response is due July 17, 2023.

3.    The filing period for petitions for review of the Good Neighbor Plan

closes on August 4, 2023.

4.    Over the past two decades, EPA's federal Good Neighbor

rulemakings (like the Cross-State Air Pollution Rule, known as "CSAPR," and its

progeny) have been the subject of complex, multi-party litigation in this Circuit.

*See, e.g.*, *Midwest Ozone Grp. v. EPA*, 61 F.4th 187 (D.C. Cir. 2023) ("Revised

CSAPR Update" rule); *New York v. EPA*, 781 F. App'x 4 (D.C. Cir. 2019)

("CSAPR Close-Out" rule); *Wisconsin v. EPA*, 938 F.3d 303 (D.C. Cir. 2019)

("CSAPR Update" rule); *EME Homer City Generation v. EPA*, 795 F.3d 118 (D.C.

Cir. 2015) ("CSAPR" litigation following Supreme Court remand); *EME Homer*

*City Generation v. EPA*, 696 F.3d 7 (D.C. Cir. 2012) (original "CSAPR"

litigation); *North Carolina v. EPA*, 531 F.3d 896 (D.C. Cir. 2008) ("Clean Air

Interstate Rule"); *Michigan v. EPA*, 213 F.3d 663 (D.C. Cir. 2000) ("NOx SIP

Call").  So EPA anticipates that additional petitions will be filed challenging the

Good Neighbor Plan – the latest of these rulemakings – in this Circuit, and

anticipates that some additional stay motions may be filed as well.

5.     In prior Good Neighbor litigation, the Court has provided for

coordinated and consolidated briefing of issues such as motions for stay pending

appeal.  *See* Order, *EME Homer City Generation, L.P., v. EPA*, No. 11-1302 (et

al.), ECF 1341383 (Nov. 14, 2011).

6.     Petitions for review of the Good Neighbor Plan have also been filed in

the Fifth, Ninth, and Tenth Circuits – including by Utah industry parties in the

Tenth Circuit.  *Texas v. EPA*, No. 23-60300 (5th Cir.) (petitions filed from multiple

industry groups and the states of Texas, Louisiana, and Mississippi); *Nevada

Cement Company v. EPA*, No. 23-1098 (9th Cir.); *Tulsa Cement LLC v. EPA*, No.

23-9551 (10th Cir.); *PacifiCorp v. EPA*, No. 23-9557 (10th Cir.).  Stay motions

have been filed in each of those circuits.  EPA also anticipates that additional

petitions and stay motions may be filed as the filing period for petitions for review

of the Good Neighbor Plan closes.  EPA is therefore under the burden to respond

to stay motions in more than one circuit and, in some cases, to file cross-motions to

transfer the petitions to this Circuit.  It is possible that these motions will result in

other petitions being transferred to the D.C. Circuit from the regional circuits.

7.      An extension of the response deadline to this stay motion until 14

days after the window for filing petitions has closed – or whatever date thereafter

this Court believes necessary to align deadlines for current and prospective

petitioners – will allow EPA to file a single, consolidated response to any and all

motions to stay before the Court.  Consolidated briefing on the question of whether

to stay EPA's rule pending judicial review will serve the interests of judicial

economy by allowing the Court to consider similar or identical issues in a single

set of briefing, allowing for a single ruling.[1]

8.      Resetting the response deadline until after all parties have joined this

case will also ensure that parties seeking to intervene in this litigation may have

their voices heard on this critical issue.  Under the federal rules, parties have until

July 20th to intervene in the Utah petition.  But responses to Utah's stay motion are

---

[1] Other Utah parties have indicated that they plan to request a stay of the rule in the
Tenth Circuit.  *See Tulsa Cement LLC et al. v. EPA*, 23-9551, Petitioners' Joint
Opposition to EPA's Motion for a Case Management Order, at 1.  The United
States has indicated that it will be moving to transfer or dismiss those petitions, *see
id.*, United States' Motion for Case Management Order, at 9, so providing for
consolidated briefing of stay motions in this Circuit after the end of the filing
period might also allow for resolution of all Utah parties' stay claims, rather than
addressing them piecemeal.

due July 17th, creating the risk that intervenor parties with equities in a potential

stay order will not be heard on this issue.[2]

9.      In the alternative, EPA requests an extension of 21 days to respond to

Petitioner's stay motion.  As noted above, petitioners' decisions to file challenges

to this rulemaking in several regional circuits, as well as the D.C. Circuit, has

multiplied the litigation burden of responding to stays and filing or responding to

other preliminary motions.  EPA is presently obligated to respond to three other

stay motions – and file associated cross-motions for transfer to this Circuit – by

July 17.  The same Agency attorneys are also developing and/or reviewing

oversized merits briefs in related litigation over predicate state implementation

plan (SIP) disapprovals in multiple circuit courts.  For example, in *Texas et al. v.*

*EPA*, No. 23-60069, a 50,000-word limit brief is due in the Fifth Circuit by August

15 responding to five separate merits briefs.  Setting aside the SIP litigation, the

burden associated with managing just the FIP litigation across four circuits

necessitates a longer extension of EPA's response deadline, in addition to the

typical concerns for federal government parties responding to substantive motions

(like the need for adequate time for review of such a response by multiple levels of

government within two different federal agencies).

---

[2] For this reason, the United States requests that the deadline for responses be reset
for all parties, including any prospective intervenors, and not just for Respondents.

10.    Petitioner will not be prejudiced by either of these requests, because they will allow for resolution of its stay motion, and any others filed, within a handful of weeks of the Good Neighbor Plan's effective date.  While the Good Neighbor Plan becomes effective on August 4th, at the close of the filing period, no party will be prejudiced by the handful of weeks between the Plan's effective date and the completion of briefing on the stay motion(s).  The State of Utah is not subject to any requirements under the Good Neighbor Plan, which directly implements federal emissions control requirements on certain sources.  *See* 88 Fed. Reg. at 36675. The earliest any regulated entities have to demonstrate compliance with the Good Neighbor Plan is June 1st of *2024* (the compliance date for surrendering emission allowances for 2023 emissions for power plants in the trading program).[3]  *See* 88 Fed. Reg. at 36812.  Nor will any actions necessary to achieving compliance in 2024 be unreasonably delayed by the brief additional period proposed here for resolution of the stay motion.

11.    For these reasons, EPA respectfully requests that the deadline for parties' responses to Petitioner's Motion to Stay be reset to 14 days after the close

---

[3] In fact, no emissions reduction obligations apply to non-power plant industrial sources until at least 2026, *see* 88 Fed. Reg. at 36760, and due to the delayed effective date of the Good Neighbor Plan until August 4th, the allowances available to Utah's power plants as needed for compliance for the remainder of the 2023 ozone season already exceeds their historical emissions, *see State of Utah v. EPA,* No. 23-9509 (10th Cir. filed June 27, 2023), ECF 010110879601, Ex. 6, ¶ 75.

of the filing period, or such date as the Court prefers that will allow alignment of

any motions and responses.  In the alternative, EPA requests a 21-day extension of

time to respond to Petitioner's Motion to Stay, until August 7, 2023.


DATED:  July 12, 2023                    Respectfully submitted,

                                         TODD KIM
                                         Assistant Attorney General

                                         */s/ Chloe H. Kolman*
                                         CHLOE H. KOLMAN
                                         ELISABETH CARTER
                                         U.S. Department of Justice
                                         Environmental Defense Section
                                         P.O. Box 7611
                                         Washington, D.C.  20044
                                         (202) 514-9277
*Of Counsel:*                            chloe.kolman@usdoj.gov

DANIEL P. SCHRAMM
HALI KERR
United States Environmental Protection Agency
1200 Pennsylvania Ave., NW
Washington, D.C.  20460

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Times New Roman, a proportionally spaced font.

I further certify pursuant to Fed. R. App. P. 32(f) and (g) that this motion contains 1,457 words, excluding exempted portions, according to the count of Microsoft Word, and that this motion complies with the type-volume limitation set forth in Fed. R. App. P. 27(d)(2)(A).

*/s/ Chloe H. Kolman*
CHLOE H. KOLMAN

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2023, the foregoing Motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will cause of copy of this Motion to be served upon all attorneys of record in this matter.

*/s/ Chloe H. Kolman*
CHLOE H. KOLMAN