# United States Court of Appeals
### For The District of Columbia Circuit

_____

| | |
|---|---|
| **No. 23-1157** | **September Term, 2023** |
| | EPA-88FR36654 |
| | Filed On: October 11, 2023 [2021227] |

State of Utah, by and through its Governor,
Spencer J. Cox, and its Attorney General,
Sean D. Reyes,

      Petitioner

   v.

Environmental Protection Agency and
Michael S. Regan, Administrator, U.S. EPA,

      Respondents

------------------------------

City Utilities of Springfield, Missouri, et al.,
      Intervenors
------------------------------

Consolidated with 23-1181, 23-1183,
23-1190, 23-1191, 23-1193, 23-1195,
23-1199, 23-1200, 23-1201, 23-1202,
23-1203, 23-1205, 23-1206, 23-1207,
23-1208, 23-1209, 23-1211

**O R D E R**

    Upon consideration of the motions for leave to intervene filed by: Midwest Ozone Group, Sierra Club, and City Utilities of Springfield, Missouri, it is

    **ORDERED** that the motions be granted.

    Circuit Rules 28(d) and 32(e)(2) govern the filing of briefs by intervenors. A schedule for the filing of briefs will be established by future order. That order will automatically provide briefing only for intervenors on the side of respondents. Any intervenor(s) intending to participate in support of petitioners must so notify the court, in writing, within 14 days of the date of this order. Such notification must include a statement of the issues to be raised by the intervenor(s). This notification will allow tailoring of the briefing schedule to provide time for a brief as intervenor on the side of petitioners. Failure to submit notification could result in an intervenor being denied leave

# United States Court of Appeals
**For The District of Columbia Circuit**
_____

**No. 23-1157**                                                 **September Term, 2023**

to file a brief.

     Intervenors supporting the same party are reminded that they **must** file a joint brief or certify to the court why a separate brief is necessary. Intervenors' attention is particularly directed to <u>D.C. Circuit Handbook of Practice and Internal Procedures</u> 39 (2021), which describes "unacceptable" grounds for filing separate briefs. Failure to comply with this order may result in the imposition of sanctions. <u>See</u> D.C. Cir. Rule 39.

                                                 **FOR THE COURT:**
                                                 Mark J. Langer, Clerk

                                BY:    /s/
                                                 Emily K. Campbell
                                                 Deputy Clerk