# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 23-1157**                       **September Term, 2023**

**EPA-88FR36654**

**Filed On: October 11, 2023**

State of Utah, by and through its Governor, Spencer J. Cox, and its Attorney General, Sean D. Reyes,

      Petitioner

    v.

Environmental Protection Agency and Michael S. Regan, Administrator, U.S. EPA,

      Respondents

------------------------------

City of New York, et al.,
      Intervenors

------------------------------

Consolidated with 23-1181, 23-1183, 23-1190, 23-1191, 23-1193, 23-1195, 23-1199, 23-1200, 23-1201, 23-1202, 23-1203, 23-1205, 23-1206, 23-1207, 23-1208, 23-1209, 23-1211

_____

**No. 23-1275**

National Mining Association,

      Petitioner

    v.

Environmental Protection Agency and Michael S. Regan, Administrator, U.S. EPA,

      Respondents

------------------------------

Consolidated with 23-1276, 23-1277, 23-1278, 23-1279

# United States Court of Appeals
### For The District of Columbia Circuit

**BEFORE:** Millett, Pillard, and Pan, Circuit Judges

## O R D E R

Upon consideration of the motion for a stay in No. 23-1207, the oppositions thereto, and the reply; the motion to sever and hold in abeyance in No. 23-1208, the opposition thereto, and the reply; and the petitions for review in No. 23-1275, et al., it is

**ORDERED** that the motion for a stay be denied. Petitioner has not satisfied the stringent requirements for a stay pending court review. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2021). It is

**FURTHER ORDERED** that the motion to sever and hold in abeyance be denied. It is

**FURTHER ORDERED**, on the court's own motion, that the parties in No. 23-1157, et al., and No. 23-1275, et al., within 30 days of the date of this order, submit proposed formats for the briefing of these cases and address whether these two sets of consolidated cases should be consolidated with each other or otherwise coordinated. The parties are strongly urged to submit a joint proposal and are reminded that the court looks with extreme disfavor on repetitious submissions and will, where appropriate, require a joint brief of aligned parties with total words not to exceed the standard allotment for a single brief. Whether the parties are aligned or have disparate interests, they must provide *detailed* justifications for any request to file separate briefs or to exceed in the aggregate the standard word allotment. Requests to exceed the standard word allotment must specify the word allotment necessary for each issue.

### Per Curiam

                **FOR THE COURT:**
                Mark J. Langer, Clerk

BY:   /s/

                Emily Campbell
                Deputy Clerk