# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| STATE OF UTAH, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | No. 23-1157, and |
| | ) | consolidated cases |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | ) ) | |
| | ) | |
| Respondents | ) | |
| _____ | ) | |
| | ) | |
| U.S. STEEL, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | No. 24-1172, and |
| | ) | consolidated case |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | ) ) | |
| | ) | |
| Respondents | ) | |
| _____ | ) | |

## MOTION TO CONSOLIDATE CASES, FOR EXPEDITED CONSIDERATION, AND TO ESTABLISH A BRIEFING SCHEDULE

Respondents the United States Environmental Protection Agency and its Administrator, Michael S. Regan (collectively "EPA"), hereby respectfully request that the Court take three procedural steps pertaining to the two sets of above-captioned cases: (1) consolidate these two sets of cases for further consideration by

the Court; (2) expedite that consideration consistent with Federal Rule of Appellate Procedure 2(a) and D.C. Circuit Handbook VIII.B; and (3) establish the schedule proposed below for merits briefing on the remaining issues raised by Case Nos. 24-1172 et al. and for argument in all consolidated cases.  These steps are warranted in light of the interrelationship of these challenges, which concern an EPA final rule – the "Good Neighbor Plan" – and an EPA decision denying reconsideration of that same rule.  As further explained below, consolidation, expedition, and establishment of the proposed briefing schedule to address issues in the latter set of cases is necessary to ensure timely resolution of challenges to the Good Neighbor Plan.  This approach is the clearest path to restoring the equitable treatment of downwind States protected by that final rule, which was just stayed by the Supreme Court pending judicial review.

The parties to Case No. 23-1157 et al. state: Industry Petitioners oppose the Motion.  State Petitioners Ohio, Indiana, Virginia, and Kentucky oppose the Motion.  State Petitioner Wisconsin consents to the Motion.  State and Local Government Intervenor-Respondents consent to the Motion.  The remaining parties did not respond to EPA's request for positions.

The parties to Case No. 24-1172, et al. state: Petitioners U.S. Steel and Hybar oppose the Motion.  State and Local Government Movant Intervenor-Respondents consent to the Motion.

In support of this motion, the United States states:

1. On March 15, 2023, EPA signed a final rule under the Clean Air Act entitled, "Federal 'Good Neighbor Plan' for the 2015 Ozone National Ambient Air Quality Standards," 88 Fed. Reg. 36654 (June 5, 2023). The final rule implements the Clean Air Act's Good Neighbor provision, 42 U.S.C. § 7410(a)(2)(D)(i)(I), which ensures that sources in upwind States whose pollution is affecting air quality in downwind States do their fair share to reduce that pollution. In accordance with that provision, the Good Neighbor Plan envisions an emissions control program for large industrial polluters in 28 States (though covering only 23 States at the time), based on a methodology EPA has used for decades and that has been repeatedly upheld by this Court and the Supreme Court.

2. The Good Neighbor Plan was challenged in this Court in several petitions for review consolidated under Case No. 23-1157. Briefing in those consolidated cases is already underway.

3. After the rule's promulgation, EPA received several administrative petitions to reconsider the Good Neighbor Plan. Portions of these petitions alleged that the Good Neighbor Plan was not severable as to individual states or groups of states, and so could not reasonably be applied in fewer than 23 States, i.e., the number of states for which its regulatory requirements were originally promulgated. At the time these administrative petitions were filed, the Good

Neighbor Plan was active in some, but not all, of the 23 States originally covered by that rule, because of judicial orders staying a separate EPA action that is a necessary predicate to the Good Neighbor Plan's application in particular States. According to the administrative petitions, this served to invalidate the Good Neighbor Plan as to all covered States.

4. EPA partially denied these administrative petitions, addressing these petitioners' assertions that the Good Neighbor Plan is invalid because it is not severable as to particular States. *See* 89 Fed. Reg. 23526 (April 4, 2024) (announcing denial of reconsideration).[1] EPA concluded that the Good Neighbor Plan, and its extensive record, demonstrated that "the methodology for defining [emissions reduction obligations on sources in individual States] ultimately relies on a determination regarding what emissions reductions each type of regulated source can cost-effectively achieve," so "the obligations set for sources in each state are independent of the number of states included in the [Good Neighbor] Plan." Denial at 1. Accordingly, administrative petitioners' objections were not of "central relevance" to the final rule and reconsideration was denied. *Id.*

5. EPA's action denying reconsideration was challenged by two petitioners, U.S. Steel and Hybar, LLC, in petitions consolidated under Case No.

---

[1] Denial of reconsideration decision ("Denial") available directly at: https://www.epa.gov/system/files/documents/2024-03/basis-for-partial-denial-of-petitions-for-reconsideration-of-good-neighbo.pdf

24-1172. Additional parties have since moved to join as Respondent-Intervenors. *See* ECF 2062984 & 2063062. The deadline for intervention and for procedural motions is today, July 5th. ECF 2057769; Fed. R. App. P. 15(d). Two petitions challenging EPA's action denying reconsideration were also filed in the Eight Circuit, by the State of Arkansas and Arkansas Department of Energy and Environment, Division of Environmental Quality (Case No. 24-2144) and Hybar, LLC (Case No. 24-2145). Those petitions were consolidated with the petitions in the Eighth Circuit challenging the Good Neighbor Plan, all of which are under abeyance. *See* Case No. 24-2144, ECF 5400548 at 8; Case No. 24-2145, ECF 5400580 at 7.

6. The two sets of cases pending before this Court – that is, No. 23-1157 challenging the Good Neighbor Plan and No. 24-1172 challenging EPA's decision not to reconsider that rule – rely on the same underlying data, methodologies, and factual and policy determinations upon which EPA defined obligations. Resolving challenges to these methodologies and determinations in both the original and reconsideration cases will require the Court to address interrelated merits issues and, if necessary, the question of remedy. Consideration by a single panel of judges in a single consolidated case would thus be in the interest of judicial efficiency, as well as the interests of the parties, who would benefit from a comprehensive resolution of these issues.

5

7. Expedited consideration of these cases, upon their consolidation, is also warranted.

8. Briefing in Case No. 23-1157 began on April 1, 2024, when Petitioners filed opening briefs. EPA's response brief was filed June 17th; replies are due on July 29th; and final form briefs will be filed by all parties on August 22nd. *See* ECF 2034457. The United States agreed to extend the original briefing schedule to the dates above because this schedule still timely resolution of Case No. 23-1157, allowing for a decision before the start of the 2025 ozone season. *See* ECF 2034432 at 4 (stating the United States' opposition to an extension of opening briefs past April 1, 2024).

9. Although this Court denied motions to stay the Good Neighbor Plan pending judicial review on September 25, 2023, and October 11, 2023, ECF 2018645 & 2021268, the Supreme Court granted several stay applications on June 27, 2024, *see Ohio et. al v. Environmental Protection Agency et al.*, No. 23A349, slip op. (June 27, 2024); ECF 2062415. The Court did so despite acknowledging "strong arguments" concerning downwind States' harms and equities. *See* ECF 2062415 at 13-14.

10. These circumstances meet the standard for expedited consideration under D.C. Circuit Handbook VIII.B. As the Handbook anticipates, grant or denial of a motion for stay pending judicial review may warrant a corresponding grant of

6

expedited consideration "to minimize possible harm to the parties or to the public." *Id.* Here, the Supreme Court stay – which is itself a "rare" occurrence, *id.* – has created substantial and strongly compelling burdens on downwind States and their citizens, whose poor air quality stems in part from the pollution of upwind States. These downwind States now face a "dilemma": without timely, enforceable efforts from sources in upwind States to reduce their share of these pollution problems, downwind States must now risk penalties for failing to meet the Clean Air Act's air quality standards or else must compel their own industries and people to "make greater reductions [of ozone-causing pollution] than the Good Neighbor Provision requires." *See Wisconsin v. EPA*, 938 F3d. 303, 313-14 (D.C. Cir. 2019).

11. Those obligations are already falling on downwind states, but for those missing the "Moderate" area attainment date on August 3, the impact will dramatically intensify. *See* 42 U.S.C. § 7511a(c) (setting out additional requirements for "Serious" ozone nonattainment areas). Downwind States' harms will persist until the Good Neighbor Plan, which would substantially reduce the emissions of large industrial sources in upwind States through readily-available technologies, is returned to force.

12. Consolidation of these cases is thus plainly in the public interest. Coupled with expedition, consolidation will aid in an efficient resolution of these challenges before this Court and any further review by the Supreme Court, which

is essential to restore the substantial downwind equities burdened by the Supreme Court's stay decision.

13. To that end, the United States proposes the following schedule for supplemental briefing in the consolidated cases to address matters raised by the petitions pending in Case No. 24-1172, et al.:

| BRIEF | DEADLINE | FORMAT |
|---|---|---|
| Opening brief of Petitioners and any Petitioner-Intervenors | August 20, 2024 | 13,000 words total (in one or more briefs) |
| Respondent's brief | October 4, 2024 | 13,000 words |
| Respondent-Intervenors' briefs | October 11, 2024 | 6,500 words total (in one or more briefs) |
| Reply briefs of Petitioners and any Petitioner-Intervenors | November 4, 2024 | 6,500 words total (in one or more briefs) |
| Joint Appendix | November 7, 2024 | |
| Final form briefs | November 12, 2024 | |

14. The United States also requests that oral argument in the consolidated cases be set before the end of 2024, consistent with the expedited consideration requested in this motion.

15. Together, this schedule provides 45 days for opening briefs from Petitioners and Respondents, and 30 days for reply briefs. Although these intervals are slightly longer than the standard briefing schedule provided in the Federal Rules of Appellate Procedure, this schedule is faster than typical in complex cases

challenging EPA's Clean Air Act regulations and reflects the fastest feasible schedule for the government.

16. The 45-day period for opening briefs accounts for the timing of reply briefs in Case No. 23-1157, which are due on July 29, 2024. The 45-day period for Respondents' brief accounts for necessary coordination and review within EPA and the Department of Justice ("DOJ") across multiple levels of management and also accounts for DOJ counsels' other litigation obligations. In particular, Ms. Kolman, lead counsel in Case No. 23-1157, will be unavailable to assist with further briefing here in light of obligations arising from two other complex Clean Air Act cases pending before the Court: *West Virgina v. EPA* (Case No. 24-1120, et al.) and *Texas v. EPA* (Case No. 24-1054, et al.). Co-counsel Ms. Carter and Ms. Palenik, who will lead litigation in Case No. 24-1172, also face significant litigation obligations coinciding with this case due to *San Francisco v. EPA* (S. Ct., Case No. 23-753) and *Louisiana et al. v. EPA* (W.D. La., Case No. 23-1174) (Ms. Carter) and *Alliance of the Southeast v. U.S. Army Corps of Eng'rs* (N.D. Ill., Case No. 23-1524) (Ms. Palenik). Ms. Kolman and Ms. Carter also have additional responsibilities associated with petitions for certiorari requesting Supreme Court review of this Court's decision in *Ohio v. EPA*, No. 22-1081. Finally, the 30-day period for reply briefs accounts for the time necessary to address Respondent's brief, as well as the later-filed Respondent-Intervenor briefs.

17. This schedule will allow for completion of briefing by November 12th, which will enable expedited argument before the year's end. This will prevent any undue delay of Case No. 23-1157 associated with consolidation of these two sets of cases. It will also ensure expeditious resolution of challenges to this important rule, as warranted by the extraordinary grant of a stay pending judicial review by the Supreme Court.

18. The proposed briefing format is generous. Providing 13,000 words for all challengers is appropriate as only two petitions were filed in Case No. 24-1172, and both were brought by parties who are also petitioners in Case No. 23-1157. Briefing on EPA's basis for denying reconsideration of the original Plan – and in so doing, confirming the original bases for its promulgation – will overlap in significant ways with the briefs already filed in support of the Plan itself. Both cases address whether EPA's methodology for establishing Good Neighbor obligations is severable as to any State in the original rule. As these matters have been substantially briefed already by both Petitioners in 24-1172 and any likely Petitioner-Intervenors, more extended briefing on the reconsideration denial is unwarranted: all parties will be able to rely on the background material provided in Case No. 23-1157 and on the argument raised therein. As such, 13,000 words per side for opening briefs is appropriate.

19. While no petitioner-intervenors have joined the case as of this filing, it is appropriate to have any petitioner-intervenors joining this matter brief on the same deadlines and under the same total word count afforded to Petitioners here. Requiring coordinated opening briefs is warranted by the same factors that justify expedited consideration. Coordinated opening briefs are reasonable in light of the identity of the Petitioners and likely petitioner-intervenors, who have been coordinating and filing joint briefs in Case No. 23-1157. Given the overlap of issues between these cases, and the parties' coordination on these issues to date, coordinated opening briefing will not pose hardship for any party.

20. A 13,000-word Respondent's brief appropriately provides EPA with a word count equivalent to parties challenging the reconsideration denial.

21. Allowing 6,500 total words for Respondent-Intervenors reflects the particular circumstances of these cases, where there is substantial overlap in issues between matters already briefed and those yet to be briefed, and where Respondent-Intervenor parties will be the same or similar between the two cases. Setting a briefing deadline for these parties that is offset from the date of Respondent's brief, however, appropriately reflects the fact that downwind states and public interest parties have somewhat distinct interests from EPA, as evidenced by the fact that some of these parties challenged the Good Neighbor Plan themselves or intervened in support of those who did.

22. Finally, the word limit for the reply brief or briefs is appropriately set at one-half the word limit for the opening brief or briefs.

\* \* \*

In conclusion, for the reasons noted above, the United States respectfully requests that the Court consolidate the petitions pending in Case No. 23-1157, et al., and Case No. 24-1172, et al.; order expedited consideration of the consolidated petitions; and establish the briefing schedule and format outlined above for resolving the outstanding issues presented in Case No. 24-1172, with oral argument in these consolidated cases set before the end of 2024.

DATE: July 5, 2024

Respectfully submitted,

TODD KIM
Assistant Attorney General

OF COUNSEL:

DANIEL P. SCHRAMM
KYLE DURCH
ROSEMARY H. KABAN
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

*/s/ Elisabeth H. Carter*
CHLOE H. KOLMAN
ELISABETH H. CARTER
ZOE PALENIK
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 598-3141
elisabeth.carter@usdoj.gov

*Counsel for Respondents*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Times New Roman, a proportionally spaced font.

I further certify pursuant to Fed. R. App. P. 32(f) and (g) that this motion contains 2,387 words, excluding exempted portions, according to the count of Microsoft Word, and that this motion complies with the type-volume limitation set forth in Circuit Rule 27(c).

*/s/ Elisabeth H. Carter*
ELISABETH H. CARTER

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July, 2024, the foregoing Notice of Filing Corrected Certified Index to the Administrative Record was electronically filed with the Clerk of the Court using the CM/ECF system, which will cause of copy of this Notice to be served upon all attorneys of record in this matter.

*/s/ Elisabeth H. Carter*
ELISABETH H. CARTER