**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| STATE OF UTAH, et al.,<br><br>*Petitioners*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>*Respondents*. | No. 23-1157 (and consolidated cases) |
| UNITED STATES STEEL CORPORATION,<br><br>*Petitioner*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>*Respondents*. | No. 24-1172 (and consolidated case) |

**JOINT COMBINED RESPONSE IN SUPPORT OF RESPONDENTS'
MOTION TO CONSOLIDATE AND EXPEDITE CASES AND IN
OPPOSITION TO PETITIONERS' MOTION TO HOLD CASE NO. 24-1172
IN ABEYANCE**

1

The undersigned State and Local Government and Public Interest parties[1] jointly **support** Respondents' motion to consolidate and expedite the above-captioned cases and to establish a supplemental briefing schedule (No. 23-1157, ECF#2063227; No. 24-1172, ECF#2063231), and jointly **oppose** Petitioners United States Steel Corporation and Hybar LLC's motion to hold the cases consolidated under *U.S. Steel v. EPA*, No. 24-1172, in abeyance (ECF#2063241).

As EPA explains (ECF#2063227 and ECF#2063231 at 5), consolidation of these cases will serve the public interest, judicial efficiency, and the interests of the parties because they concern two closely related EPA actions: the adoption of the Good Neighbor Rule, 88 Fed. Reg. 36,654 (June 5, 2023), and the denial of petitions to reconsider the Rule, 89 Fed. Reg. 23,526 (Apr. 4, 2024). These actions are based on shared data, methodologies, and factual and policy determinations. Consolidating petitions challenging an agency rule and a decision declining to

---

[1] City of New York, Commonwealth of Massachusetts, Commonwealth of Pennsylvania, District of Columbia, Harris County (TX), State of Connecticut, State of Delaware, State of Illinois, State of Maryland, State of New Jersey, State of New York, State of Wisconsin, Air Alliance Houston, Appalachian Mountain Club, Chesapeake Bay Foundation, Citizens for Pennsylvania's Future, Clean Air Council, Clean Wisconsin, Center for Biological Diversity, Downwinders at Risk, Environmental Defense Fund, Louisiana Environmental Action Network, Sierra Club, Southern Utah Wilderness Alliance, and Utah Physicians for a Healthy Environment are Respondent-Intervenors in all cases consolidated under No. 23-1157 except No. 23-1201, and all except the City of New York are Movant Respondent-Intervenors in both cases consolidated under No. 24-1172. State of Wisconsin is Petitioner, and Sierra Club is Petitioner-Intervenor, in No. 23-1201 (consolidated under No. 23-1157).

reconsider the same rule is routine where, as here, consolidation will avoid duplicative effort by the Court and parties.[2] Indeed, the Court consolidates such cases even where, as here, briefing of challenges to the underlying rule is already underway, or even complete, when challenges to EPA's reconsideration denial are filed.[3] The same reasons that counseled consolidation in those cases apply here, too.

As EPA further explains (at 6-7), expedited consideration of these cases is also needed "to minimize possible harm to the parties or the public." *D.C. Circuit Handbook of Practice and Internal Procedures* 34 (2021). Each day that the Rule is stayed, uncontrolled cross-state pollution increases the risk of serious respiratory and cardiovascular illnesses, asthma attacks, and premature death borne by tens of millions of people currently exposed to unhealthy levels of ozone caused in part by

---

[2] *See, e.g.*, Order, *Air Alliance Houston v. EPA*, No. 19-1260 (D.C. Cir. Nov. 30, 2020), ECF#1873534; *Sierra Club v. EPA*, 895 F.3d 1, 6 (D.C. Cir. 2018); Order, *North Dakota v. EPA*, No. 15-1381 (July 19, 2016), ECF#1625550; *National Ass'n of Clean Water Agencies v. EPA*, 734 F.3d 1115, 1124 (D.C. Cir. 2013); Order, *Coal. for Responsible Regulation, Inc. v. EPA*, No. 09-1322 (D.C. Cir. Nov. 15, 2010), ECF#1277479; *Kennecott Corp. v. EPA*, 684 F.2d 1007, 1009 (D.C. Cir. 1982).

[3] *See, e.g.*, *Portland Cement Ass'n v. EPA*, 665 F.3d 177, 184 (D.C. Cir. 2011); Order, *Portland Cement Ass'n v. EPA*, No. 10-1359 (D.C. Cir. July 25, 2011), ECF#1320507 (ordering consolidation and supplemental briefing in response to challenges to denial of reconsideration); Order, *Am. Coke & Coal Chem. Inst. v. EPA*, No. 03-1039 (D.C. Cir. Nov. 4, 2005), ECF#930089 (consolidating challenge to Clean Water Act rule with challenge to EPA's denial of reconsideration, after Court had calendared oral argument in original case).

pollution from upwind sources. *See* 80 Fed. Reg. 65,292, 65,294 (Oct. 26, 2015); EPA, *Regulatory Impact Analysis for Final Federal Good Neighbor Plan* 214-16 (2023), EPA-HQ-OAR-2021-0668-1115. Without the critical and time-sensitive protections that Congress enacted through the Good Neighbor Provision, 42 U.S.C. § 7410(a)(2)(D)(i)(I), downwind States afflicted by pollution from other States face an untenable choice: attempt to meet national air quality standards by imposing extra limitations on their own industries, or risk penalties and suffer harm to their residents resulting from Clean Air Act noncompliance. *See Wisconsin v. EPA*, 938 F.3d 303, 316 (D.C. Cir. 2019); Bielawa Decl. accompanying New York et al. Mot. to Intervene, No. 24-1172 (July 3, 2024), ECF#2062984. Expeditious resolution of the petitions for review will minimize these harms. Therefore, the undersigned parties support Respondents' request for consolidation of Nos. 24-1172 and -1176 with lead case No. 23-1157 and for expedited supplemental briefing to address matters raised by the petitions in Nos. 24-1172 and -1176. The undersigned parties also support Respondents' request (at 8) that this Court hold oral argument swiftly and by the end of the calendar year.

In contrast, holding the cases consolidated under No. 24-1172 in abeyance, as Petitioners United States Steel Corporation and Hybar LLC seek (ECF#2063241), would serve neither the public interest nor judicial efficiency. Those movants argue (at 4) that their petitions for review of EPA's reconsideration

4

denial could be "be mooted by *Utah*," No. 23-1157. But the impact of a decision in *Utah* on the reconsideration denial petitions is uncertain, and it would be more efficient for the same panel to consider the overlapping issues in No. 24-1172. Consolidation will enable the Court to efficiently manage these related cases together with full information, rather than expending extra resources to do so separately. It also will facilitate prompt resolution of all petitions for review—serving the public interest by more quickly resolving uncertainty for regulated parties, the downwind States, and residents that rely on critical cross-state air pollution controls.

Movants also argue against consolidation (at 3) because most "briefs have been filed" in No. 23-1157. As noted above, ongoing briefing does not bar consolidation. And here, EPA's March 27, 2024 letters informing movants of the basis for the agency's reconsideration denial predated the filing of *any* briefs in No. 23-1157. *See* Industry Pet'rs' Opening Br. 24, No. 23-1157 (Apr. 1, 2024), ECF#2047829 (discussing EPA's reconsideration denial). If movants were concerned about judicial economy, they could have filed their petitions for review earlier. Instead, they waited to file until the last day of the 60-day statutory review period, June 3, 2024. *See* 42 U.S.C. § 7607(b)(1).

For the above reasons, the undersigned State and Local Government and Public Interest parties request that Respondents' motion to consolidate and

5

expedite the above-captioned cases be granted, and Petitioners' motion to hold the cases consolidated under No. 24-1172 in abeyance be denied.

Dated: July 15, 2024

Respectfully submitted,

*/s/ Neil Gormley*
NEIL GORMLEY
KATHLEEN L. RILEY
SETH L. JOHNSON
Earthjustice
1001 G St. NW, Ste. 1000
Washington, DC 20001
(202) 797-5239
(202) 745-5227
(202) 797-5245
ngormley@earthjustice.org
kriley@earthjustice.org
sjohnson@earthjustice.org

*Counsel for Air Alliance Houston, Appalachian Mountain Club, Center for Biological Diversity, Chesapeake Bay Foundation, Downwinders at Risk, Louisiana Environmental Action Network, Sierra Club, Southern Utah Wilderness Alliance, and Utah Physicians for a Healthy Environment*

*/s/ Megan M. Herzog*
MEGAN M. HERZOG
SEAN H. DONAHUE
Donahue, Goldberg & Herzog
1008 Pennsylvania Avenue SE
Washington, DC 20003
(650) 353-8719
megan@donahuegoldberg.com
sean@donahuegoldberg.com

NOHA HAGGAG
VICKIE L. PATTON
Environmental Defense Fund
2060 Broadway, Ste. 300
Boulder, CO 80302
(202) 572-3286
nhaggag@edf.org
vpatton@edf.org

*Counsel for Environmental Defense Fund*

*/s/ Joshua D. Smith*
JOSHUA D. SMITH
Sierra Club
2101 Webster Street, Suite 1300
Oakland, California 94612
(415) 977-5560
(415) 977-5704
joshua.smith@sierraclub.org

ZACHARY M. FABISH
Sierra Club
50 F St. NW, 8th Floor
Washington, DC 20001
(650) 388-8446
zachary.fabish@sierraclub.org

DAVID R. BAAKE
Baake Law, LLC
2131 N. Main St.
Las Cruces, NM 88001
(575) 343-2782
david@baakelaw.com

*Counsel for Sierra Club*

*/s/ Shaun A. Goho*
SHAUN A. GOHO
HAYDEN HASHIMOTO
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
(617) 624-0234
sgoho@catf.us
hhashimoto@catf.us

*Counsel for Citizens for Pennsylvania's Future, Clean Air Council, and Clean Wisconsin*

FOR THE STATE OF CONNECTICUT

WILLIAM TONG
Attorney General of Connecticut

*/s/ Jill Lacedonia*
JILL LACEDONIA
Assistant Attorney General
165 Capitol Avenue
Hartford, CT 06106
(860) 808-5250
Jill.Lacedonia@ct.gov

FOR THE STATE OF DELAWARE

KATHLEEN JENNINGS
Attorney General of Delaware

*/s/ Christian Douglas Wright*
CHRISTIAN DOUGLAS WRIGHT
Director of Impact Litigation
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
Christian.wright@delaware.gov

| | |
|---|---|
| FOR THE DISTRICT OF COLUMBIA | FOR THE STATE OF ILLINOIS |
| BRIAN L. SCHWALB<br>Attorney General of the District of Columbia | KWAME RAOUL<br>Attorney General |
| /s/ Caroline S. Van Zile<br>CAROLINE S. VAN ZILE<br>Solicitor General<br>Office of the Attorney General for the District of Columbia<br>400 6th Street N.W., Ste 8100<br>Washington, D.C. 20001<br>(202) 724-6609<br>caroline.vanzile@dc.gov | /s/ Elizabeth Dubats<br>ELIZABETH DUBATS<br>Supervising Attorney<br>JASON E. JAMES<br>Assistant Attorney General<br>MATTHEW DUNN<br>Chief, Environmental Enforcement/ Asbestos Litigation Division<br>Illinois Office of the Attorney General<br>115 S. LaSalle St.<br>Chicago, IL 60603<br>(312) 814-2069<br>elizabeth.dubats@ilag.gov |
| FOR THE STATE OF MARYLAND | FOR THE COMMONWEALTH OF MASSACHUSETTS |
| ANTHONY G. BROWN<br>Attorney General of Maryland | ANDREA JOY CAMPBELL<br>Attorney General of Massachusetts |
| /s/ Joshua M. Segal<br>JOSHUA M. SEGAL<br>Assistant Attorney General<br>Office of the Attorney General<br>200 St. Paul Place<br>Baltimore, MD 21202<br>(410) 576-6446<br>jsegal@oag.state.md.us | /s/ Jillian M. Riley<br>JILLIAN M. RILEY<br>JOHN S. CRAIG<br>JULIA JONAS-DAY<br>Assistant Attorneys General<br>Office of the Attorney General<br>One Ashburton Place<br>Boston, MA 02108<br>(617) 963-2424<br>jriley@mass.gov |

| FOR THE STATE OF NEW JERSEY | FOR THE STATE OF NEW YORK |
|---|---|
| MATTHEW J. PLATKIN<br>Attorney General of New Jersey<br><br>*/s/Lisa Morelli*<br>LISA MORELLI<br>Deputy Attorney General<br>Division of Law<br>25 Market St., P.O. Box 093<br>Trenton, NJ 08625<br>(609) 376-2735<br>lisa.morelli@law.njoag.gov | LETITIA JAMES<br>  Attorney General<br>BARBARA D. UNDERWOOD<br>  Solicitor General<br><br>*/s/ Claiborne E. Walthall*<br>JUDITH N. VALE<br>Deputy Solicitor General<br>ELIZABETH A. BRODY<br>Assistant Solicitor General<br>MORGAN A. COSTELLO<br>Assistant Attorney General<br>CLAIBORNE E. WALTHALL<br>Assistant Attorney General<br>The Capitol<br>Albany, NY 12224<br>(518) 776-2380<br>claiborne.walthall@ag.ny.gov |
| FOR THE COMMONWEALTH OF PENNSYLVANIA | FOR THE STATE OF WISCONSIN |
| MICHELLE A. HENRY<br>Attorney General<br><br>*/s/ Ann R. Johnston*<br>ANN R. JOHNSTON<br>Assistant Chief Deputy Attorney General<br>Office of the Attorney General<br>Civil Environmental Enforcement Unit<br>Strawberry Square, 14th Floor<br>Harrisburg, PA 17120<br>(717) 497-3678<br>ajohnston@attorneygeneral.gov | JOSHUA L. KAUL<br>Attorney General of Wisconsin<br><br>*/s/ Gabe Johnson-Karp*<br>GABE JOHNSON-KARP<br>Assistant Attorney General<br>Wisconsin Department of Justice<br>Post Office Box 7857<br>Madison, WI 53702-7857<br>Telephone: (608) 267-8904<br>Fax: (608) 267-2223<br>johnsonkarpg@doj.state.wi.us |

| FOR THE CITY OF NEW YORK | FOR HARRIS COUNTY, TEXAS |
|---|---|
| MURIEL GOODE-TRUFANT<br>Acting Corporation Counsel of the City of New York | CHRISTIAN MENEFEE<br>Harris County Attorney<br>JONATHAN FOMBONNE<br>First Assistant County Attorney<br>TIFFANY BINGHAM<br>Managing Counsel |
| /s/ Christopher Gene King<br>CHRISTOPHER GENE KING<br>Senior Counsel, Environmental Law Division<br>New York City Law Department<br>100 Church Street<br>New York, NY 10007<br>(212) 356-2074<br>cking@law.nyc.gov | /s/ Sarah Jane Utley<br>SARAH JANE UTLEY<br>Environmental Division Director<br>State Bar No. 24042075<br>1019 Congress, 15th Floor.<br>Houston, Texas 77002<br>Telephone: (713) 274-5124<br>Fax: (713) 437-4211<br>sarah.utley@harriscountytx.gov |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Joint Response contains 1054 words, excluding exempted portions, and was composed in Times New Roman font, 14-point. I certify that the foregoing complies with applicable type-volume and typeface requirements.

Dated: July 15, 2024

*/s/ Megan M. Herzog*
Megan M. Herzog

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2024, I have served the foregoing Joint Response on all registered parties through the Court's electronic case filing (CM/ECF) system.

*/s/ Megan M. Herzog*