ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| STATE OF UTAH, *et al.*, | ) |
| | ) |
| *Petitioners*, | ) |
| | ) |
| v. | ) No. 23-1157, and |
| | ) consolidated cases |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | ) |
| | ) |
| *Respondents*. | ) |
| _____ | ) |
| U.S. STEEL *et al.*, | ) |
| | ) |
| *Petitioners*, | ) |
| v. | ) No. 24-1172, and |
| | ) consolidated cases |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | ) |
| *Respondents*. | ) |

**JOINT RESPONSE OF PETITIONER STATES OHIO, INDIANA, WEST VIRGINIA, AND KENTUCKY AND INDUSTRY PETITIONERS TO RESPONDENTS' MOTION TO CONSOLIDATE CASES, FOR EXPEDITED CONSIDERATION, AND TO ESTABLISH A BRIEFING SCHEDULE**

Petitioner States Ohio, Indiana, West Virginia, and Kentucky and Industry Petitioners (collectively, "Opposing Petitioners") jointly file this response in opposition to the motion of Respondents the United States Environmental Protection Agency and Administrator Michael S. Regan (collectively, "EPA") to consolidate *U.S. Steel Corp. v. EPA*, Nos. 24-1172 and 24-1176 (consolidated), with *State of*

*Utah v. EPA*, Nos. 23-1157 *et al.* (consolidated). EPA's motion should be denied and the *U.S. Steel* cases instead held in abeyance, consistent with the motion (ECF 2063241) filed by the Petitioners in the *U.S. Steel* cases on July 5, 2024. Consolidating *Utah* with *U.S. Steel* would waste resources of the court and the parties, unnecessarily delay reaching a final resolution in *Utah*, and muddle together two different agency actions with two separate records.

## BACKGROUND

**The Final Rule.** In June 2023, EPA issued the final rule at issue in *Utah*. *See* 88 Fed. Reg. 36,654 (June 5, 2023) ("Rule"). The Rule, entitled the "Good Neighbor Plan," is a federal implementation plan, or FIP, under the Clean Air Act through which EPA intended to regulate air emissions from certain sources in 23 States. But both before and after EPA promulgated its Rule, a number of federal appellate courts stayed EPA's state plan disapprovals—the underlying legal predicates for EPA to issue a federal plan—in 12 of the 23 States. *See Ohio v. EPA*, S. Ct. No. 23A349, slip op. at 7-8 & n.6 (June 27, 2024) (ECF 2062415) (hereinafter "Supreme Court Stay"); 42 U.S.C. § 7410(c)(1).

Opposing Petitioners timely sought judicial review in this Court challenging the Rule; those petitions for review were consolidated under *Utah*. Briefing in *Utah* is nearly complete: Petitioners filed their opening briefs on April 1, 2024; EPA filed its Respondent brief on June 17, 2024; Respondent-Intervenors filed their briefs on

July 8, 2024; Petitioners' reply briefs are due on July 29, 2024; and final-form briefs are due on August 22, 2024. One argument raised by Industry and State Petitioners in *Utah* is that EPA failed to consider the impact that eliminating multiple states from its uniform 23-State Rule would have on the reasonableness of continuing to regulate sources in other states still subject to the Rule, and failed to explain how the Rule still could hold together in that event.

Concurrent with D.C. Circuit briefing, certain State and Industry Petitioners sought a stay of the Rule in the United States Supreme Court. *State of Ohio v. EPA*, Nos. 23A349, 23A350, 23A351, 23A384 (S. Ct.). On June 27, 2024, the Supreme Court ruled in favor of the applicants and issued a stay, concluding that the stay applicants were "likely to be entitled to 'revers[al]' of the FIP's mandates on them." Supreme Court Stay at 13 (alteration in original).

**The Interim Final Rules.** In response to the judicial stays of 12 state-plan disapprovals, EPA issued two Interim Final Rules purporting to stay the application of the Rule in the 12 affected states. *See* 88 Fed. Reg. 49,295 (July 31, 2023) (staying the Rule in Arkansas, Kentucky, Louisiana, Mississippi, Missouri, and Texas); 88 Fed. Reg. 67,102 (Sept. 29, 2023) (staying the Rule in Alabama, Minnesota, Nevada, Oklahoma, Utah, and West Virginia). Some of the *Utah* Industry Petitioners filed petitions for review challenging the two Interim Final Rules, *see Nat'l Mining Ass'n v. EPA*, No. 23-1275 *et al.*, raising (among other things) the issue whether the Interim

3

Final Rules should have stayed the *entire* Rule given that 12 states had dropped out. *See, e.g.*, Nonbinding Statement of Issues of Petitioner Midwest Ozone Group, ¶ 1, No. 23-1277 (Nov. 2, 2023) (ECF 2025118).

This Court ordered that the parties in *Utah* and those in No. 23-1275, *et al.* "address whether these two sets of consolidated cases should be consolidated with each other or otherwise coordinated."[1] Order, Nos. 23-1157, *et al.* & 23-1275, *et al.* (Oct. 11, 2023) (ECF 2021268). EPA *opposed* consolidation of the challenges to the Rule with those to the Interim Final Rules, arguing that consolidation "would unreasonably delay litigation of [*Utah*]." Respondent EPA's Statement at 6, No. 23-1275 (Nov. 13, 2023) (ECF 2026750). EPA also argued that the challenges to the Interim Final Rules could be "mooted," depending on what happened in *Utah*, *id.* at 8, and that consolidation would "thus frustrate rather than serve judicial efficiency," *id.* at 5. This Court did not consolidate the two sets of cases. Order, Nos. 23-1157, *et al.* & 23-1275, *et al.* (Dec. 4, 2023) (ECF 2029865).

In December 2023, EPA moved to dismiss the petitions challenging the Interim Final Rules, or in the alternative, to hold them in abeyance. *See* ECF 2030756 (Dec. 8, 2023). In support of its motion to dismiss or hold in abeyance, EPA asserted that "the questions purportedly at issue here will be resolved by the

---

[1] At that time, the petitions for review of EPA's *second* Interim Final Rule had not yet been filed; the deadline for doing so was November 28, 2023.

4

conclusion of [the *Utah*] litigation … and the reinstatement (or not) of those two rules in all applicable states." *Id.* at 2. Industry petitioners supported abeyance in the alternative to dismissal. Joint Petitioner Response to Motion to Dismiss, at 20, No. 23-1275, *et al.* (Dec. 18, 2023) (ECF 2032093). This Court held Nos. 23-1275, *et al.* and 23-1321, *et al.* in abeyance. Order, No. 23-1275, *et al.* (Feb 1, 2024) (ECF 2038443).[2]

**Petitions for Reconsideration of the Rule.** In addition to seeking judicial review of the Rule, some Industry Petitioners also filed administrative petitions requesting that the agency reconsider the Rule. The administrative petitions raised industry-specific arguments as well as arguments about the implications for the Rule in light of the stays of the state plan disapprovals. *See* 89 Fed. Reg. 23,2526, 23,526 (Apr. 4, 2024) (some of the "petitions expressly sought reconsideration by the Agency specifically on grounds related to the issuance of partial judicial stay orders of the separate State implementation plan (SIP) disapproval action … that had been entered as to several of the States covered by the Good Neighbor Plan."). EPA partially denied those petitions for reconsideration on April 4, 2024, "as to this basis." *See id.* Hybar LLC and U. S. Steel timely petitioned for judicial review of

---

[2] Those cases were consolidated under No. 23-1275, *et al.* ECF 2034071 (Jan. 2, 2024).

5

EPA's reconsideration denial with this Court, and those challenges have been consolidated under *U.S. Steel*.

On July 5, 2024—seven days after issuance of the Supreme Court Stay of the Rule—EPA filed its motion requesting that the *Utah* and *U.S. Steel* cases be consolidated. Industry Petitioners as well as the States of Ohio, Indiana, West Virginia, and Kentucky expressed opposition when EPA conferred with them on the motion, and all those in opposition have joined this consolidated response. For the reasons that follow, EPA's motion should be denied, and the *U.S. Steel* consolidated cases should be held in abeyance pending resolution of *Utah*—as requested by the Petitioners in *U.S. Steel* and just like the ten other petitions concerning the Interim Final Rules that are currently being held in abeyance for the same reason.

## ARGUMENT

**A. EPA's Sole Stated Rationale for Consolidation Is Meritless.**

EPA's purported basis for consolidation occupies a single paragraph in its Motion. *See* Motion ¶ 6. EPA argues that the Rule and EPA's reconsideration denial rely on the same factual and policy determinations, such that consideration "in a single consolidated case would … be in the interest of judicial efficiency." *Id.*[3] The opposite is true.

---

[3] The State and Local Government and Public Interest intervenors' response in support attempts to bolster EPA's single rationale by citing a series of cases on

6

***Consolidation would cause undue delay.*** *Utah* is almost fully briefed, with Petitioners' reply briefs due in just two weeks. Under the briefing proposal set forth in EPA's motion, briefing would not be completed until November. EPA Motion ¶ 13. This delay is not merited because there is no issue from the reconsideration denial cases that is necessary for the resolution by this Court of the issues raised in *Utah*. Nor does it seem in keeping with EPA's position that the Supreme Court Stay has created "substantial" burdens on downwind States to delay briefing. *Id.* ¶ 10.[4]

Attempting to mitigate the delay that consolidation would impose, EPA also requests "expedited" briefing, argument, and decision in *U.S. Steel*. In other words, EPA takes an approach that shifts the burden of expedition onto the *U.S. Steel*

---

consolidation. ECF 2064716 at 3 nn.2-3. Those examples stand for the unremarkable proposition that this Court *may* consolidate reconsideration cases, not whether it is advisable or efficient in these circumstances. *See, e.g.*, No. 19-1260 (consolidation in response to *joint and unopposed* motion (ECF 1872474)); No. 15-1381 (consolidation in response to *unopposed* motion (ECF 1624282)); *National Ass'n of Clean Water Agencies v. EPA*, 734 F.3d 1115, 1124 (D.C. Cir. 2013) (consolidation in response to *unopposed* motion (ECF 1376731)); *Portland Cement Ass'n v. EPA*, 665 F.3d 177, 184 (D.C. Cir. 2011) (movant for consolidation did not request additional briefing (ECF 1316341 ¶ 9)). Regardless, EPA's (prior) position and this Court's order in the Interim Final Rule cases, *see infra* at 11, is most relevant. Those cases are held in abeyance.

[4] The Motion does not mention or consider the countervailing irreparable harms and equities on the other side of the ledger that the Supreme Court recognized. *See* Supreme Court Stay at 10-11 (noting irreparable harms imposed on State and Industry Petitioners by the Rule).

7

petitioners and this Court.[5] Hybar and U. S. Steel would be required to file their opening briefs three weeks after filing their reply in *Utah*. Then, to reach "a decision before the start of the 2025 ozone season," *id.* ¶ 8, EPA's proposed schedule would shift the burden of expedited consideration to *this* Court.

The more efficient and sensible path forward is to follow the path taken by the Court with regard to the Interim Final Rules and keep the reconsideration denial cases separate from *Utah*, and to hold the reconsideration denial cases in abeyance pending resolution of *Utah*, as requested by the Petitioners in *U.S. Steel*. *See* No. 24-1172, *et al.*, ECF 2063241.

***Consolidation would waste judicial and party resources.*** If Petitioners prevail in this case, as the Supreme Court held they are likely to do, EPA's denial of reconsideration of a subset of issues becomes irrelevant (just as such a resolution will moot the issues presented in the Interim Final Rule cases that the Court is

---

[5] The briefing proposal set forth by EPA in paragraph 13 of its motion is not actually "expedited," despite EPA's statements to the contrary. *See, e.g.*, EPA Motion ¶¶ 7, 10, 12, 14, 17, 19. Rule 31(a) of the Federal Rules of Appellate Procedure, which sets forth the standard times for briefing, provides petitioners with 40 days to file an opening brief following the filing of the record, respondents then have 30 days following the filing of the opening brief, with petitioners having 21 days to file a reply following the filing of the respondent's brief. The filing of the record by EPA is due on July 19, 2024. ECF 2057769. From that date, EPA would give: (1) 32 days for petitioners to file their opening brief (8 days less than the standard amount); (2) itself 45 days to file its brief (15 days more than standard); and (3) 31 days after EPA files for petitioners to file reply briefs (10 days more than standard). Motion ¶ 13. It is difficult to see how adding 17 days to the standard schedule is "expedited."

8

holding in abeyance at EPA's request). That is, the resolution of *Utah* may moot altogether the issues in *U.S. Steel*—or at the least, greatly narrow them.

Requiring the parties to brief, and this Court to consider, issues that may be mooted by this Court's decision in *Utah* is a waste of party and Court resources.

***The "interest of the parties" is served by abeyance.*** EPA states that consolidation would "serve … the interest of the parties." *See* Motion ¶ 6. Not so. The most interested parties in the *U.S. Steel* cases—the petitioners bringing those cases—oppose EPA's motion and have also requested that *U.S. Steel* be held in abeyance pending the outcome of the *Utah* litigation in this Court and any subsequent Supreme Court review. For the reasons stated in Hybar's and U. S. Steel's joint abeyance motion, the Opposing Petitioners agree.

**B. The Rule and Reconsideration Challenges Have Two Separate Records and Should Not Be Considered Together.**

Not only is EPA's stated reason for consolidation unpersuasive, EPA's *unstated* motivation similarly counsels against consolidation.

The Supreme Court concluded that EPA's rationale for its denial of reconsideration cannot be considered in *Utah*, because the Rule was promulgated long before EPA developed its reconsideration denial rationale. *See* Supreme Court Stay at 14-15 n.11 (looking to "only 'the grounds that the agency invoked when it' promulgated the [federal implementation plan]" (quoting *Michigan v. EPA*, 576 U.S.

9

743, 758 (2015))). In no uncertain terms, the Supreme Court held that "the Clean Air Act prevents us (and courts that may in the future address the FIP's merits) from consulting explanations and information after the rule's promulgation," specifically referencing the reconsideration denial. *Id.* at 14 n.11 (refusing to consider the *post-hoc* analysis and explanation provided in the denial of the petitions for reconsideration at issue in *U.S. Steel*).

Changing course from holding related cases in abeyance (as it did with the Interim Final Rules) and suddenly seeking to consolidate the reconsideration denial cases with *Utah* appears to be EPA's attempt to work an end-run around that fundamental procedural rule. EPA's basis for its denial of reconsideration *is* properly part of the record in *U.S. Steel*; its denial of reconsideration was a separate agency action issued nearly a year after the Rule's promulgation. And if "the [Rule] was arbitrary or capricious on the existing record" when the Good Neighbor Plan was promulgated, then "the Clean Air Act entitled [Petitioners] to 'reversal' of that rule's mandates on them." *Id.* at 15 n.11 (quoting 28 U.S.C. § 7607(d)(9)(A)).

Merging review of the two separate EPA actions muddies the record for review (at the very least) and will certainly lead to undue complication, all while leading to delay of the resolution of *Utah*. Prudence counsels against inviting such complication.

10

### C. EPA's Position on Consolidation Is Irreconcilable With Its Position in the Related Interim Final Rule Litigation.

EPA's position on consolidation marks a distinct contrast with its position on the related Interim Final Rules cases in this Court, where this Court granted *EPA's request* to hold in abeyance. The best explanation for this change of heart would be an effort by EPA to re-brief issues in *Utah* that have already been briefed, likely in response to *Ohio*.

In support of its motion to dismiss or hold in abeyance the challenges to its Interim Final Rules, EPA argued that the two interim rules "did not promulgate Good Neighbor obligations for the 2015 ozone standard for *any* state." Nos 23-1275, *et al.* & 23-1321, *et al.*, ECF 2034692 (emphasis in original). The same is true for the reconsideration denial; it did not promulgate obligations for any state either. Also in support of its request to hold the Interim Final Rule challenges in abeyance pending resolution of *Utah*, EPA asserted that "the questions purportedly at issue here will be resolved by the conclusion of [the *Utah*] litigation … and the reinstatement (or not) of those two rules in all applicable states." *Id.* at 2. The same rationale applies here. *Utah* and *U.S. Steel* are interrelated only insofar as the outcome of *Utah* will likely moot *U.S. Steel*.

This Court should accordingly hold the *U.S. Steel* reconsideration challenges in abeyance, just as EPA requested as to the Interim Final Rule challenges.

11

## CONCLUSION

For the foregoing reasons, EPA's Motion should be denied, and the *U.S. Steel* cases instead held in abeyance.

Dated: July 15, 2024

Respectfully submitted,

Catherine E. Stetson
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600
Cate.Stetson@hoganlovells.com

*/s/ Ana Maria Gutiérrez*
Ana Maria Gutiérrez
Michael Dean Miller
Womble Bond Dickinson (US) LLP
1899 Wynkoop Street, Suite 750
Denver, CO 80202
(720) 983-1350
ana.gutierrez@wbd-us.com
michael.miller@wbd-us.com

*Counsel for Kinder Morgan, Inc.*

*/s/ Michael B. Schon*
Michael B. Schon
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave. N.W.
Washington, DC 20001
(512) 693-8350

Mithun Mansinghani
LEHOTSKY KELLER COHN LLP
629 W. Main St.
Oklahoma City, OK 73102
(512) 693-8350

*Counsel for National Mining Association*

*/s/ Eric D. McArthur*
Samuel B. Boxerman
Eric D. McArthur
Kathleen Mueller
Jeremy Rozansky
SIDLEY AUSTIN LLP
1501 K Street N.W.
Washington, DC 20005

*Counsel for Interstate Natural Gas Association of America and American Petroleum Institute*

DAVE YOST
Ohio Attorney General

*/s/ T. Elliot Gaiser*
T. ELLIOT GAISER
Ohio Solicitor General
MATHURA J. SRIDHARAN*
 *Counsel of record*
ZACHERY P. KELLER
Deputy Solicitors General
GREGG BACHMANN
Section Counsel – Environmental
30 East Broad Street, 17th Floor
Phone: 6l4-466-8980
Fax: 614-466-5087
mathura.sridharan@ohioago.gov

*Counsel for the State of Ohio*

PATRICK MORRISEY
Attorney General of West Virginia

*/s/ Michael Williams*
MICHAEL WILLIAMS
West Virginia Solicitor General
Office of the West Virginia Attorney General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
Phone: 682-313-4550
Michael.R.Williams@wvago.gov

*Counsel for State of West Virginia*

THEODORE E. ROKITA
Attorney General of Indiana

*/s/ James A. Barta*
JAMES A. BARTA
Indiana Solicitor General
Office of the Indiana Attorney General
IGC-South, Fifth Floor
302 West Washington Street
Indianapolis, IN 46204
Phone: 317-232-0709
James.Barta@atg.in.gov

*Counsel for State of Indiana*

RUSSELL COLEMAN
Attorney General of Kentucky

*/s/ Matthew F. Kuhn*
MATTHEW F. KUHN
Kentucky Solicitor General
Office of Kentucky Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: 502-696-5300
Matt.Kuhn@ky.gov

*Counsel for the Commonwealth of Kentucky*

*/s/ Jarrod L. Bentley*
JARROD L. BENTLEY
Kentucky Energy and Environment Cabinet
Office of Legal Services
300 Sower Boulevard, Third Floor
Frankfort, Kentucky 40601
(502) 782-0568
jarrod.bentley@ky.gov

*Counsel for Kentucky Energy and Environment Cabinet*

*/s/ Allison D. Wood*
Allison D. Wood
Makram B. Jaber
Aaron M. Flynn
MCGUIRE WOODS LLP
888 16th Street N.W., Suite 500
Black Lives Matter Plaza
Washington, DC 20006

*Counsel for Associated Electric Cooperative, Inc., Deseret Generation & Transmission Co-Operative d/b/a Deseret Power Electric Cooperative, Ohio Valley Electric corporation, Wabash Valley Power Association, Inc. d/b/a Wabash Valley Power Alliance, America's Power, National Rural Electric Cooperative Association and Portland Cement Association, and Movants for Intervention Arizona Public Service Company and Salt River Project Agricultural Improvement and Power District*

*/s/ David M. Flannery*
David M. Flannery
Kathy G. Beckett
Keeleigh S. Huffman
STEPTOE & JOHNSON, PLLC
707 Virginia St. East
Post Office Box 1588
Charleston, WV 25326
(304) 353-8000

Edward L. Kropp
STEPTOE & JOHNSON, PLLC
Post Office Box 36425
Indianapolis, Indiana 46236
(317) 946-9882

*Counsel for Petitioners American Forest & Paper Association, American Iron and Steel Institute, and Midwest Ozone Group*

/s/ *Aaron M. Streett*
Aaron M. Streett
Matthew L. Kuryla
Beau Carter
BAKER BOTTS L.L.P.
910 Louisiana St.
Houston, Texas 77002
(713) 229-1855

*Counsel for Energy Transfer LP*

/s/ *Brittany M. Pemberton*
Brittany M. Pemberton
BRACEWELL LLP
2001 M Street N.W., Suite 900
Washington, D.C. 20036
(202) 828-1708

*Counsel for TransCanada PipeLine USA Ltd.*

/s/ *John D. Lazzaretti*
John D. Lazzaretti
SQUIRE PATTON BOGGS (US) LLP
1000 Key Tower
127 Public Square
Cleveland, OH 44114
(216) 479-8500

*Counsel for Petitioner United States Steel Corporation*

/s/ *Elliot Zenick*
Elliott Zenick
AMERICAN CHEMISTRY COUNCIL
700 2nd St. N.E.
Washington, DC 20002
(202) 249-6744

*Counsel for Petitioner American Chemistry Council*

/s/ *Kelly M. McQueen*
Kelly M. McQueen
THE MCQUEEN FIRM, PLLC
12 Woodsong Drive
Roland, AR 72135
(501) 580-3291

*Counsel for Petitioner Arkansas League of Good Neighbors*

/s/ *Michael E. Born*
Michael E. Born (49961)
Cheri A. Budzynski (51761)
SHUMAKER, LOOP & KENDRICK, LLP
Huntington Center
41 South High Street, Suite 2400
Columbus, OH 43215
(614) 463-9441

*Counsel for Petitioners Buckeye Power, Inc. and the Ohio Valley Electric Corporation*

15

*/s/ Richard S. Moskowitz*
Richard S. Moskowitz
Tyler Kubik
American Fuel & Petrochemical
Manufacturers
1800 M Street, NW
Suite 900 North
Washington, DC 20036
(202) 844-5474

*Counsel for Petitioner American Fuel & Petrochemical Manufacturers*

*/s/ Elbert Lin*
Elbert Lin
Kevin S. Elliker
David N. Goldman
HUNTON ANDREWS KURTH LLP
951 East Byrd Street, East Tower
Richmond, VA 23219
(804) 788-8200

F. William Brownell
E. Carter Chandler Clements
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue N.W.
Washington, DC 20037
(202) 955-1500

*Counsel for Petitioners
Union Electric Company, d/b/a Ameren Missouri, and Arkansas League of Good Neighbors*

*/s/ Laura K. McAfee*
Laura K. McAfee
(D.C. Cir. Bar No. 62386)
BEVERIDGE & DIAMOND, PC
201 North Charles Street, Suite 2200
Baltimore, MD 21201

*Counsel for Enbridge (U.S.) Inc.*

*/s/ Mark W. DeLaquil*
Mark W. DeLaquil
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue N.W.
Washington, D.C. 20036
(202) 861-1500

Martin T. Booher
Joshua T. Wilson
BAKER & HOSTETLER LLP
2000 Key Tower
127 Public Square
Cleveland, Ohio 44114

*Counsel for Hybar LLC*

16

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Joint Response complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in a 14-point, proportionally spaced font, Times New Roman.

I further certify that the foregoing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 2,683 words, excluding exempted portions, according to the count of Microsoft Word.

/s/ *Ana M. Gutiérrez*
Ana M. Gutiérrez

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2024, I electronically filed the foregoing using the Court's CM/ECF system, which will send notification of such filing to the parties.

*/s/ Ana M. Gutiérrez*
Ana M. Gutiérrez