**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| STATE OF UTAH, et al.,<br><br>    Petitioners,<br><br>    v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>    Respondents<br>_____ | No. 23-1157, and consolidated cases |
| U.S. STEEL, et al.,<br><br>    Petitioners,<br><br>    v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>    Respondents<br>_____ | No. 24-1172, and consolidated case |

**REPLY IN SUPPORT OF MOTION TO CONSOLIDATE CASES, FOR EXPEDITED CONSIDERATION, AND TO ESTABLISH A BRIEFING SCHEDULE**

On July 5, 2024, Respondents (collectively "EPA") moved to consolidate the above captioned cases, expedite this Court's consideration of these cases, and establish a briefing schedule for the issues raised by Case Nos. 24-1172 et al.

("*U.S. Steel*"). *See U.S. Steel*, Consolidation Motion, ECF No. 2063227. Multiple State, Local Government, and Public Interest intervenors filed a Joint Combined Response in support of EPA's request, *see* ECF 2064716.[1] A group of Petitioners opposed ("Opposing Petitioners"), *see* ECF 2064792 ("Consolidation Opp'n"), and Petitioners U.S. Steel and Hybar LLC instead moved to hold *U.S. Steel* in abeyance. *U.S. Steel*, ECF 2063241. EPA's response opposing abeyance was filed on July 17, 2024, *U.S. Steel*, ECF 2065184 ("Abeyance Opp'n"). EPA submits this reply in support of its Consolidation Motion.

Consolidation and expedition are appropriate here because the challenged rules—the Good Neighbor Plan and EPA's partial denial of administrative reconsideration of that Plan ("Reconsideration Denial")—are closely related. As explained in EPA's Consolidation Motion, the Reconsideration Denial addressed administrative petitions alleging, in part, that the Good Neighbor Plan was not severable and therefore could not be applied to fewer than 23 States. Consolidation Mot. ¶ 4. Petitioners in *Utah v. EPA*, Nos. 23-1157 et al., challenging the Good Neighbor Plan raised that same argument. *See, e.g.*, Industry Pet'rs Br., ECF 2047829 at 15-16. When confronted with petitions challenging both an agency rule and the resolution of administrative petitions for

---

[1] All ECF numbers refer to the docket of *Utah v. EPA*, No. 23-1157, unless otherwise noted.

2

reconsideration of that same rule, this Court often grants consolidation. *See* Abeyance Opp'n at 4 (listing cases); Joint Combined Resp. Supp., ECF 2064716 at 3 n.2, n.3 (same). Expedition and consolidation here would ensure the orderly and efficient resolution of these related challenges, while achieving certainty for downwind states affected by pollution from the sources regulated in the Rule. It would not unduly delay resolution of *Utah v. EPA*. Opposing Petitioners fail to rebut EPA's arguments in favor of consolidation or expedition or demonstrate that they will be prejudiced by the requested relief.

**I.   EPA's Proposed Schedule Provides for the Efficient Resolution of these Challenges.**

As explained in EPA's Motion, consolidation of these matters serves judicial economy and the public interest. Consolidation Mot. ¶¶ 6, 11-12. Because the Good Neighbor Plan and EPA's partial denial of the petitions for reconsideration of that Plan involve the "same underlying data, methodologies, and factual and policy determinations," *id.* ¶ 6, a single panel of this Court should consider and resolve these interrelated merits issues. Regardless of whether the Rule is ultimately upheld, all Parties would benefit from a single, consolidated decision from this Court. An orderly and efficient resolution is key to alleviating the burden on states currently shouldering the costs of upwind air pollution in violation of the Good Neighbor Provision of the Clean Air Act. *Id.* ¶¶ 11-12; Joint Combined Resp. Supp. at 3-4.

3

Opposing Petitioners argue that consolidation would lead to undue delay. But after seeking a stay of the Good Neighbor Plan (twice) and requesting that this Court delay merits briefing pending the Supreme Court's decision, *see* ECF 2034432, Opposing Petitioners cannot credibly claim to be concerned with speed. Nor can Opposing Petitioners claim injury from any delay in briefing given that they successfully obtained a stay of the Good Neighbor Plan.[2]  Consolidation Opp'n at 7 n.4.

In any event, EPA's proposed schedule for resolution of the consolidated challenges is reasonable and would not lead to undue delay.  It provides for the conclusion of briefing by November 12, 2024, less than three months after final form briefs are due in *Utah*, and requests oral argument before the end of the year. Consolidation Mot. at ¶¶ 13-22.

Opposing Petitioners broadly assert that such expedition would "shift[] the burden of expedition onto the *U.S. Steel* petitioners and this Court."  Consolidation Opp'n at 7-8.  But any burden from the proposed briefing schedule is small given the significant overlap with the issues already briefed in *Utah*.  *See* Consolidation Mot. ¶¶ 6, 18.  More importantly, orderly and efficient resolution of these related

---

[2] Opposing Petitioners fault EPA for not "mention[ing] or consider[ing]" the countervailing harms "on the other side of the ledger."  Consolidation Opp'n at 7 n.4.  But now that Opposing Petitioners have obtained a stay, such alleged harms are no longer at play.  Only the burdens on downwind states and their residents remain.

Good Neighbor Plan challenges at the same time would reduce the Court's burden over the longer term.

Opposing Petitioners' complaints about timing are insufficient to outweigh these benefits. EPA's proposal provides Petitioners in *U.S. Steel* with 45 days for preparation of their opening brief(s), which is the same interval afforded EPA. Opposing Petitioners note that Hybar and U.S. Steel's briefing deadline would fall three weeks after the Petitioners' reply brief is due in *Utah*. Consolidation Opp'n at 8. But they do not explain how that poses a hardship where the reply is to be filed on behalf of 15 different groups of industry petitioners represented by numerous counsel, whereas only Hybar and U.S. Steel are parties in *U.S. Steel*. And if timing is Opposing Petitioners' chief concern, they offer no proposed alternative except complete abeyance.

Consolidation and expedition are appropriate given the interrelated nature of the Good Neighbor Plan and the Reconsideration Denial and the Supreme Court's decision in *Ohio v. EPA*, No. 23A349, slip op. (June 27, 2024), ECF 2062415.

## II. Consideration of these Challenges Together is Appropriate.

Opposing Petitioners argue that consolidation is unwarranted because resolution of challenges to the Reconsideration Denial will not bear on resolution of challenges to the Good Neighbor Plan—which may, according to Opposing Petitioners, moot the Reconsideration Denial—and accuse EPA of attempting to

5

skirt procedural rules. Consolidation Opp'n at 8-10. Opposing Petitioners are incorrect. As explained in detail in EPA's Abeyance Opposition, if this Court agrees that the Rule's severability discussion was inadequate—a primary issue in the *Utah* litigation and the sole issue in the *U.S. Steel* litigation—simultaneous consideration of the Agency's further explanation, in denying reconsideration, as to why the Rule does not pose such severability concerns, could only aid this Court in reaching final judgment on the Good Neighbor Plan. *See* Abeyance Opp'n 7-12.

Moreover, the two Administrative Records here are nearly identical and will not, as Opposing Petitioners allege, "lead to undue complication." Consolidation Opp'n at 10. EPA filed the Administrative Record Index for the Reconsideration Denial on July 19, 2024, *U.S. Steel*, ECF 2065550. That record contains the entire record supporting the Good Neighbor Plan (more than 1,000 documents) and adds just fourteen additional documents. Of those, one document is a memorandum related to the interim stays of the Good Neighbor Plan (pre-dating the *Ohio* decision), five documents are the petitions for reconsideration themselves, and six are cover letters accompanying EPA's decision. *Id*. at 79-80. In effect, the record for the Reconsideration Denial contains just two new substantive documents when compared to the Record Index filed in *Utah*. Corrected Certified Index, ECF 2056522 (May 28, 2024). And both of these new documents reflect data drawn directly from the record supporting the Rule itself.

6

For the reasons above, and those set forth more fully in EPA's Abeyance Opposition, consideration of *Utah* and *U.S. Steel* together is appropriate and will aid the Court in resolving both sets of challenges.

### III. Consolidation is Not Inconsistent with Abeyance of the Interim Final Rule Cases.

Lacking a strong basis to oppose consolidation, Petitioners instead argue that EPA's position in requesting consolidation here is inconsistent with its position in the Interim Final Rule cases. As an initial matter, it is not correct that EPA sought abeyance in the first instance: rather, EPA moved to dismiss the Interim Final Rule cases, asking for abeyance in the alternative. *See* No. 23-1275, *National Mining Association v. EPA, et al.* (and consolidated cases), ECF 2030756 ("Motion to Dismiss"). EPA's Motion to Dismiss explained why those cases presented no justiciable controversy so there is no inconsistency in opposing consolidation of those cases with *Utah*.

Positions on consolidation and abeyance in the Interim Final Rule cases simply are not relevant to whether it is appropriate to consolidate challenges to EPA's Reconsideration Denial with the challenge to the Good Neighbor Plan in *Utah* because the circumstances are not comparable to those here. The Interim Final Rule challenges concerned EPA's response to after-arising judicial stays in the underlying State Implementation Plan litigation. Those ministerial actions had no bearing at all on the merits of the Good Neighbor Plan. *See generally* No. 23-

7

1275, Motion to Dismiss. In contrast, the challenged action in this case addresses an administrative petition seeking EPA's reconsideration of the Plan itself in light of alleged flaws. As such, EPA's Reconsideration Denial bears on the fundamental lawfulness of the Rule, while the Interim Final Rule challenges do not. Consolidation of the challenges to the Reconsideration Denial with challenges to the Plan is appropriate, in contrast to the Interim Final Rule cases.

Mootness considerations in the two cases are also different. Because the Interim Final Rules were issued in response to stay orders in the underlying State Implementation Plan litigation, those stay orders will necessarily lift at the end of judicial review in those cases. Final decisions in the underlying litigation could not just moot the challenges to the Interim Final Rules but could prompt (or require) the Agency to take new actions revoking or modifying the Interim Final Rules themselves. These fluid circumstances warranted EPA's alternative request for abeyance in those cases – not merely the possibility that matters could be mooted by a decision in *Utah*. Abeyance in the Interim Final Rule challenges also obviated the need for the Court to consider the jurisdictional, standing, and ripeness objections the United States raised there and so served to defer the Court's decision on those matters until one proved necessary. The considerations of mootness and judicial efficiency that counseled in favor of abeyance in the Interim Final Rule cases are thus distinguishable from the circumstances presented here.

Consolidation and expedited briefing is the most direct and efficient means by which to reach a conclusive view of the merits of the Good Neighbor Plan challenged in *Utah* and the merits of the Reconsideration Denial that is challenged in *U.S. Steel*. The United States' request for consolidation and expedited briefing should be granted.

DATE:  July 22, 2024

OF COUNSEL:

DANIEL P. SCHRAMM
KYLE DURCH
ROSEMARY H. KABAN
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

Respectfully submitted,

TODD KIM
Assistant Attorney General

*/s/ Elisabeth H. Carter*
CHLOE H. KOLMAN
ELISABETH H. CARTER
ZOE PALENIK
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 598-3141
elisabeth.carter@usdoj.gov

*Counsel for Respondents*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Reply complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Times New Roman, a proportionally spaced font.

I further certify pursuant to Fed. R. App. P. 32(f) and (g) that this Reply contains 1,721 words, excluding exempted portions, according to the count of Microsoft Word, and that this motion complies with the type-volume limitation set forth in Circuit Rule 27(c).

*/s/ Elisabeth H. Carter*
ELISABETH H. CARTER

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July, 2024, the foregoing Reply was electronically filed with the Clerk of the Court using the CM/ECF system, which will cause of copy of this Notice to be served upon all attorneys of record in this matter.

*/s/ Elisabeth H. Carter*
ELISABETH H. CARTER