# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| STATE OF UTAH, et al., )<br>)<br>Petitioners, )<br>)<br>v. )<br>)<br>UNITED STATES ENVIRONMENTAL )<br>PROTECTION AGENCY, et al., )<br>)<br>Respondents )<br>_____) | No. 23-1157, and<br>consolidated cases |

## MOTION FOR PARTIAL VOLUNTARY REMAND

Respondents, the United States Environmental Protection Agency and its Administrator, Michael S. Regan (collectively "EPA"), hereby respectfully request that the Court partially remand the "Federal 'Good Neighbor Plan' for the 2015 Ozone National Ambient Air Quality Standards," 88 Fed. Reg. 36654 (June 5, 2023) ("Good Neighbor Plan"), to enable the Agency to take a supplemental final action addressing the record deficiency preliminarily identified by the Supreme Court in *Ohio v. Environmental Protection Agency*, No. 23A349, slip op. (June 27, 2024).

The parties to this case state: State and Local Government Respondent-Intervenors, Public Interest Respondent-Intervenors, and Sierra Club (as Petitioner-

Intervenor) consent to the requested partial voluntary remand. State Petitioners Nevada, Utah, Ohio, Indiana, West Virginia, and Kentucky; Industry Petitioners; the Kentucky Energy and Environment Cabinet; and the State of Wisconsin, solely as Petitioner in 23-1201, oppose the requested partial voluntary remand.

## INTRODUCTION AND BACKGROUND

On March 15, 2023, EPA signed a final rule under the Clean Air Act entitled, "Federal 'Good Neighbor Plan' for the 2015 Ozone National Ambient Air Quality Standards," 88 Fed. Reg. 36654 (June 5, 2023). The final rule implements the Clean Air Act's Good Neighbor provision, 42 U.S.C. § 7410(a)(2)(D)(i)(I), which ensures that sources in upwind States whose pollution is affecting air quality in downwind States do their fair share to reduce that pollution. In accordance with that provision, the Good Neighbor Plan envisions an emissions control program for large industrial polluters in 28 States (though covering only 23 States at the time), based on a methodology that EPA has used for decades and that has been repeatedly upheld by this Court and the Supreme Court. *See EPA v. EME Homer City Generation, L.P.*, 572 U.S. 489, 524 (2014); *EME Homer City Generation, L.P. v. EPA*, 795 F.3d 118 (D.C. Cir. 2015); *Wisconsin v. EPA*, 938 F.3d 303 (D.C. Cir. 2019); *Michigan v. EPA*, 213 F.3d 663 (D.C. Cir. 2000).

The Good Neighbor Plan was challenged in this Court in several petitions for review consolidated under Case No. 23-1157. Briefing in those consolidated cases is completed.

After the rule's promulgation, EPA received several administrative petitions to reconsider the Good Neighbor Plan. Portions of these petitions alleged that the Good Neighbor Plan was not severable as to individual states or groups of states, and so could not reasonably be applied in fewer than 23 States, i.e., the number of states for which its regulatory requirements were originally promulgated. At the time these administrative petitions were filed, the Good Neighbor Plan was active in some, but not all, of the 23 States originally covered by the rule because of judicial orders staying, pending judicial review, a separate EPA action that is a necessary predicate to the Good Neighbor Plan's application in particular States. According to the administrative petitions, this post-decisional change in coverage served to invalidate the Good Neighbor Plan as to all covered States.

EPA partially denied these administrative petitions, rejecting the petitioners' assertions that the Good Neighbor Plan is invalid because it is not severable as to particular States. *See* 89 Fed. Reg. 23526 (April 4, 2024) (announcing denial of reconsideration).[1] EPA's action denying reconsideration was challenged by two

---

[1] Denial of reconsideration decision ("Denial") available directly at: https://www.epa.gov/system/files/documents/2024-03/basis-for-partial-denial-of-petitions-for-reconsideration-of-good-neighbo.pdf

3

petitioners, U.S. Steel and Hybar, LLC, in petitions consolidated under Case No. 24-1172. Additional parties have since moved to join as Respondent-Intervenors, and those motions have been granted. *See* ECF 2062984; 2063062; 2066844. Two petitions challenging EPA's action denying reconsideration were also filed in the Eighth Circuit, by the State of Arkansas and Arkansas Department of Energy and Environment, Division of Environmental Quality (Case No. 24-2144) and Hybar, LLC (Case No. 24-2145). Those petitions were consolidated with the petitions in the Eighth Circuit challenging the Good Neighbor Plan, all of which are in abeyance. *See* Case No. 24-2144, ECF 5400548 at 8; Case No. 24-2145, ECF 5400580 at 7.

Although this Court denied motions to stay the Good Neighbor Plan pending judicial review on September 25, 2023, and October 11, 2023, ECF 2018645 & 2021268, the Supreme Court granted several stay applications on June 27, 2024, *see Ohio v. EPA*, No. 23A349, slip op. (June 27, 2024); ECF 2062415. The Court concluded that EPA had likely failed to adequately respond in the Good Neighbor Plan to comments concerning severability. *See* ECF 2062415 at 12-13.

In light of the Supreme Court's decision in *Ohio*, EPA has decided to seek a partial remand of the Good Neighbor Plan to fully consider and respond to the relevant comments. If this Court grants partial voluntary remand, EPA anticipates completing its review by November 30, 2024. EPA would not oppose abeyance of

4

this case while it addresses this narrow issue.[2]  In compliance with this Court's July 30, 2024, Order, ECF 2067416, briefing in *U.S. Steel v. EPA*, 24-1172 et al., would continue concurrently with the partial remand.  Once the partial remand is complete, petitioners could opt to challenge that final action.  *See, e.g.*, *Nat'l Parks Conservation Ass'n v. EPA*, 803 F.3d 151, 157 (3d Cir. 2015) (voluntary remand granted to allow EPA to more adequately consider and respond to comments already in the record, resulting in new action that petitioners challenged).  Those challenges could then be consolidated with the rest of the merits challenges to the Good Neighbor Plan.  Consistent with this Court's order of July 30, 2024, oral argument regarding the challenges to the Good Neighbor Plan and EPA's denial of the petitions for reconsideration, as well as any challenges to EPA's action on remand, could occur on the same day before the same panel.  *See* Order, ECF 2067416.

## ARGUMENT

In its June 27, 2024, opinion granting applications to stay enforcement of the Good Neighbor Plan as to certain petitioners, the Supreme Court concluded that EPA likely did not adequately respond to commenters who pointed out that some

---

[2] In light of the narrow scope of remand and EPA's belief that the rule's remaining substantive requirements are sound, as well as the Supreme Court's decision granting stays of the Good Neighbor Plan pending judicial review, vacatur would be inappropriate and is not needed to address any prejudice given the Supreme Court's stay.

5

States could cease to be covered by the Plan and questioned whether EPA's methodology would reach the same result for a smaller subset of States. *See Ohio*, slip op. at 13. Specifically, the Court stated that EPA likely failed to explain "whether or why the same emissions-control measures it mandated would continue to further the [Good Neighbor Plan's] stated purpose of maximizing cost-effective air-quality improvement if fewer States remained in the plan." *Id.* at 8. The Court further concluded that commenters raised this issue with "reasonable specificity." *Id.* at 15.

In light of the Supreme Court's conclusion that this issue was properly raised in comments but likely not adequately responded to, EPA seeks a partial voluntary remand in order to appropriately consider, and respond to, those comments. EPA would thus be addressing the likely deficiency the Supreme Court identified.[3] It is well established that agency decisions are judged by the adequacy of their explanations, and permitting an agency to proactively provide further explanation is preferable to reviewing a record with a likely deficiency. *Cf. Ethyl Corp. v. Browner*, 989 F.2d 522, 523-24 (D.C. Cir. 1993) ("We commonly grant such motions [for remand], preferring to allow agencies to cure their own mistakes

---

[3] EPA's intended action, while addressing overlapping questions, is distinct from the reconsideration denial challenged in *U.S. Steel v. EPA* (24-1172 et al.), because that action addressed post-promulgation events, while the remand will address comments in the original record.

6

rather than waste the courts' and parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete."). Therefore, this Court and others routinely grant requests for voluntary remand to allow an agency to address potential deficiencies in an administrative record.[4]

EPA believes the rule was reasonable and lawful as promulgated, for the reasons identified in its brief. But the Supreme Court's stay opinion identified the likelihood upon its preliminary review that EPA's rule might be procedurally defective. Accordingly, EPA believes it would be most efficient to address that possible error now, rather than proceeding through litigation on whether EPA's explanation is "insufficient to permit a court to discern its rationale." *Tourus Records, Inc. v. Drug Enf't Admin.*, 259 F.3d 731, 737 (D.C. Cir. 2001); *see also Lilliputian Sys. v. Pipeline & Hazardous Materials Safety Admin.*, 741 F.3d 1309, 1314 (D.C. Cir. 2014). Remand here would allow EPA to address any possible error.

After EPA completes its action on remand, and should the petitioners challenge that new action, the Court can then consider the Agency's more thorough

---

[4] *See, e.g.*, *Sierra Club v. EPA*, No. 20-1121 (D.C. Cir.), remand granted Jan. 11, 2022, ECF 1930070; *Am. Chem. Council v. EPA*, No. 11-1141 (D.C. Cir.), remand granted May 15, 2014, ECF 1493182; *Nebraska v. EPA*, No. 12-3084 (8th Cir.), remand granted March 19, 2015, ECF 4256313; *Ctr. for Biological Diversity v. EPA*, No. 20-9560 (10th Cir.), remand granted January 5, 2021, ECF 010110460392.

explanation and reach the ultimate question whether the Good Neighbor Plan is severable, instead of considering whether EPA provided adequate explanation. This process will allow judicial review of EPA's decision to proceed efficiently. EPA does not intend to make any other changes to the Good Neighbor Plan as a result of the partial voluntary remand; nor does it anticipate introducing new facts or data into the record. Rather, it intends to respond to the pertinent comments, which the Supreme Court found were likely raised with reasonable specificity.

EPA anticipates that it can complete this partial remand expeditiously, and thus this request will not prejudice the interests of any party in timely resolution of these petitions for review. For example, because EPA expects to consider and respond to these comments that are already in the record without introducing new facts or data, a wholly new notice-and-comment rulemaking procedure is not required. *See Chamber of Commerce of the United States v. SEC*, 443 F.3d 890, 900 (D.C. Cir. 2006); *cf. West Virginia v. EPA*, 362 F.3d 861, 869 (D.C. Cir. 2004). Nor will the resources of the parties already invested in briefing the many other issues in this case be lost, since those issues can proceed to be adjudicated, either on a severed basis now or after an abeyance for EPA to complete its action on remand.

Partial remand without vacatur is the most efficient procedural mechanism to allow EPA to address the potential deficiency in its record identified by the Supreme Court and appropriately manage the process of judicial review.

## CONCLUSION

For the reasons noted above, the United States respectfully requests that the Court grant EPA's motion for partial voluntary remand.

DATE: August 5, 2024

Respectfully submitted,

TODD KIM
Assistant Attorney General

*/s/ Elisabeth H. Carter*
CHLOE H. KOLMAN
ELISABETH H. CARTER
ZOE PALENIK
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 598-3141
elisabeth.carter@usdoj.gov

OF COUNSEL:

DANIEL P. SCHRAMM
KYLE DURCH
ROSEMARY H. KABAN
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

*Counsel for Respondents*

# CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Times New Roman, a proportionally spaced font.

I further certify pursuant to Fed. R. App. P. 32(f) and (g) that this motion contains 1,780 words, excluding exempted portions, according to the count of Microsoft Word, and that this motion complies with the type-volume limitation set forth in Circuit Rule 27(c).

*/s/ Elisabeth H. Carter*
ELISABETH H. CARTER

# CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2024, the foregoing motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will cause of copy of this motion to be served upon all attorneys of record in this matter.

*/s/ Elisabeth H. Carter*
ELISABETH H. CARTER