## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| STATE OF UTAH, *et al.*, | ) |
| | ) |
| *Petitioners*, | ) |
| | ) |
| v. | ) No. 23-1157, and |
| | ) consolidated cases |
| U.S. ENVIRONMENTAL PROTECTION | ) |
| AGENCY, *et al.*, | ) |
| | ) |
| *Respondents*. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

## JOINT RESPONSE OF PETITIONER STATES INDIANA, KENTUCKY, NEVADA, OHIO, UTAH, AND WEST VIRGINIA, AND INDUSTRY PETITIONERS TO RESPONDENTS' MOTION FOR PARTIAL VOLUNTARY REMAND

Petitioner States Indiana, Kentucky, Nevada, Ohio, Utah, and West Virginia, and Industry Petitioners (collectively, "Opposing Petitioners") jointly file this response in opposition to the motion of Respondents the United States Environmental Protection Agency and Administrator Michael S. Regan (collectively, "EPA") to partially remand the Final Rule in response to the Supreme

Court's stay in *Ohio v. EPA*, Nos. 23A349, 23A350, 23A351, 23A384 (U.S. June 27, 2024) ("Supreme Court Stay"). The Supreme Court could not have been clearer: "[T]he Clean Air Act prevents us (and courts that may in the future assess the [Federal Implementation Plan]'s merits) from consulting explanations and information offered after the rule's promulgation." Supreme Court Stay at 14 n.11 (citing 42 U.S.C. § 7607(d)(6)(C), (d)(7)(A)). Thus, "reversal," *not* remand, is the only appropriate remedy. *Id.* (alterations omitted). Having failed to subvert that command by trying (but failing) to consolidate this case with certain reconsideration actions, EPA tries again here. The Court should deny this motion too.

## BACKGROUND

I.      In June 2023, EPA issued the final rule at issue here. *See* 88 Fed. Reg. 36,654 (June 5, 2023) ("Rule").[1] The Rule, entitled the "Good Neighbor Plan," is a federal implementation plan (or "FIP") under the Clean Air Act through which EPA intended to regulate air emissions from certain sources in 23 States. But both before and after EPA promulgated its Rule, several federal appellate courts stayed EPA's state plan disapprovals—the necessary legal predicates for EPA to issue a federal

---

[1] EPA has contended that the Rule was promulgated when signed in March 2023, *see, e.g.*, EPA Mot. at 2; EPA Resp. Br. 30-31, ECF 2060371, while Opposing Petitioners have argued it was promulgated when published in the *Federal Register* in June 2023, *see, e.g.*, Industry Br. 7, ECF 2047829. The Supreme Court agrees with Opposing Petitioners. *See* Supreme Court Stay at 8 (noting certain judicial stays of state plan disapprovals occurred before EPA "proceeded to issue its final [Rule]").

plan—in 12 of the 23 States. *See* Supreme Court Stay at 7-8 & n.6; 42 U.S.C. § 7410(c)(1).

Opposing Petitioners timely sought judicial review in this Court challenging the Rule; those petitions for review were consolidated under *Utah v. EPA*, No. 23-1157 (D.C. Cir.). In addition to seeking judicial review of the Rule, two Industry Petitioners also filed administrative petitions requesting that the agency reconsider the Rule, while others asked the agency to administratively stay the Rule pending judicial review. The administrative petitions contended, in part, that the stays of the state plan disapprovals undermined the controls mandated by the Rule and the rationale for requiring them. Opposing Petitioners then moved in this Court for a stay of the Rule. This Court denied those motions and briefing on the merits commenced.

After this Court denied the stay motions, certain State and Industry Petitioners sought a stay of the Rule in the Supreme Court. *Ohio v. EPA*, Nos. 23A349, 23A350, 23A351, 23A384. Those Petitioners argued, among other things, that EPA failed to consider and explain the impact that eliminating one or more states from its uniform 23-State Rule would have on its regulation of sources in other states still subject to the Rule. The Supreme Court set the emergency stay applications for oral argument, and many of the Court's questions focused on the Rule's lack of adequate

explanation regarding this critical issue. *E.g.*, Tr. of Oral Arg. 33-34, No. 23A349 (U.S. Feb. 21, 2024).

Given this focus, EPA tried to short-circuit the Supreme Court's review and salvage the Rule by providing further explanation it developed in the course of its March 2024 denial of petitions for reconsideration of the Rule.[2] EPA then quickly filed a letter with the Supreme Court directing the Court to that additional explanation. *See* Letter from E. Prelogar, Solicitor General, to S. Harris, Clerk of Court 1, No. 23A349 (U.S. Mar. 28, 2024) (referencing denials later published at 89 Fed. Reg. 23,526 (Apr. 4, 2024)).

On June 27, 2024, the Supreme Court stayed the Rule. The Court explained that EPA "failed to supply a satisfactory explanation" for how the Rule would operate once other States were no longer covered by the uniform, 23-State Rule, meaning EPA "ignored an important aspect of the problem before it." Supreme Court Stay at 13 (citations and quotation marks omitted). The Court thus held the FIP was likely "arbitrary or capricious." *Id*. at 19 (citations and quotation marks omitted).

---

[2] Hybar LLC and U. S. Steel timely petitioned for judicial review of EPA's reconsideration denial, and those challenges have been consolidated under *U.S. Steel v. EPA*, No. 24-1172 (D.C. Cir.).

The Supreme Court even acknowledged that, "after [it] heard argument, EPA issued a document in which it sought to provide further explanations for the course it pursued." *Id.* at 14 n.11 (citing 89 Fed. Reg. at 23,526). But, the Supreme Court concluded, "the Clean Air Act prevents us (and courts that may in the future assess the FIP's merits) from consulting explanations and information offered after the rule's promulgation." *Id.* (citing 42 U.S.C. § 7607(d)(6)(C), (d)(7)(A)). Instead, the Supreme Court could "look to only 'the grounds that the agency invoked when it' promulgated the FIP." *Id.* at 14-15 n.11 (quoting *Michigan v. EPA*, 576 U.S. 743, 758 (2015)). As for the appropriate remedy, the Supreme Court concluded that "[s]hould the applicants show the FIP was arbitrary and capricious *on the existing record*, as we have concluded is likely, the Clean Air Act entitles [Petitioners] to 'revers[al]' of that rule's mandates on them." *Id.* (second alteration in original) (emphasis added) (quoting 42 U.S.C. § 7607(d)(9)(A)).

II.     EPA apparently did not get the message. Back in this Court, EPA immediately sought to subvert the Supreme Court's clear pronouncement that the Rule's legality turns on EPA's explanation and information when it originally promulgated the Rule. EPA first moved to consolidate this case with the reconsideration actions in *U.S. Steel*. *See* EPA Mot. to Consolidate Cases (July 5,

2024) (ECF 2063227).[3] Petitioners explained that EPA's consolidation motion improperly sought to end-run the Supreme Court's holding that courts could not consider in *this* case a newly developed rationale that EPA conjured in its denial of the reconsideration petitions. Joint Resp. 9-10 (July 15, 2024) (ECF 2064792). This Court rightly rejected EPA's consolidation gambit by denying that motion on July 30, 2024. ECF 2067416.[4]

EPA has now taken it to a new level. Over a month after the Supreme Court stayed the Rule, weeks after moving to consolidate this case with the reconsideration case, and *a week after* Petitioners filed their reply briefs in this case,[5] EPA now asks this Court to partially remand the Rule so it can "take a supplemental final action addressing the record deficiency preliminarily identified by the Supreme Court." EPA Mot. at 1. But the Supreme Court already closed that door: "[T]he Clean Air

---

[3] Notably, this came after EPA *opposed* consolidation of this case with challenges to the related Interim Final Rules, arguing that consolidation "would unreasonably delay litigation of [*Utah*]." Respondent EPA's Statement at 6, No. 23-1275 (Nov. 13, 2023) (ECF 2026750). EPA also argued that the challenges to the Interim Final Rules could be "mooted," depending on what happened in *Utah*, *id.* at 8, and that consolidation would "thus frustrate rather than serve judicial efficiency," *id.* at 5. This Court did not consolidate the two sets of cases. Order, Nos. 23-1157, *et al.* & 23-1275, *et al.* (Dec. 4, 2023) (ECF 2029865).

[4] This Court also ordered that oral argument for *U.S. Steel* and this case (23-1157, *et al.*) be set for oral argument on the same day by the same panel. *Id.*

[5] EPA conferred with other parties in *Utah* regarding the motion on July 30, 2024, just *one day* after Petitioners filed their reply briefs.

Act prevents us (and courts that may in the future assess the FIP's merits) from consulting explanations and information offered after the rule's promulgation." Supreme Court Stay at 14 n.11 (citing 42 U.S.C. § 7607(d)(6)(C), (d)(7)(A)). Plus, the remedy for EPA's lack of explanation "on the existing record" is "revers[al]," *id.* at 14-15 n.11 (alteration in original)—meaning remand with vacatur—*not* mere remand (without vacatur). Yet EPA's motion contains nary a mention of this dispositive language from the Supreme Court's opinion.

EPA's motion should be denied. If any affirmative action is warranted at this stage, this Court should remand *and vacate* the Rule and require EPA to start from scratch. That is the remedy that the Clean Air Act requires for arbitrary and capricious actions, such as EPA's failure to justify its rulemaking—an error that the Supreme Court identified.

## ARGUMENT

This Court should deny EPA's motion for partial voluntary remand without vacatur. EPA is engaging in "a sort of administrative law shell game" that this Court should not countenance. *See Am. Tel. & Tel. Co. v. FCC*, 978 F.2d 727, 731-32 (D.C. Cir. 1992); *Lutheran Church-Missouri Synod v. FCC*, 141 F.3d 344, 349 (D.C. Cir. 1998) ("[T]he Commission has on occasion employed some rather unusual legal tactics when it wished to avoid judicial review, but this ploy may well take the prize."). The Supreme Court squarely held that this Court cannot consider any

explanation or information beyond what EPA originally said when it promulgated the Rule. And it held that "reversal" was the appropriate remedy for the Rule's errors. EPA's brazen attempt to circumvent the Supreme Court's mandates should be rejected.

This Court has "broad discretion to grant or deny an agency's motion to remand." *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018). "In deciding a motion to remand, [the Court] consider[s] *whether remand would unduly prejudice the non-moving party*. Additionally, if the agency's request appears to be frivolous or made in bad faith, it is appropriate to deny remand." *Id.* (emphasis added) (citations omitted); *see also id.* (denying request to remand aspects of challenge that would "prejudice the vindication of [certain parties'] claim[s]"); *id.* at 438 ("[T]he provisions we now remand stand unchallenged on their merits; accordingly, *no party will suffer prejudice from remand without vacatur*.") (emphasis added)). Moreover, EPA must identify "substantial and legitimate" concerns in support of remand and show that voluntary remand would "conserve judicial resources." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). EPA cannot make the required showings.

For starters, the Supreme Court already closed this door for EPA by confirming that reversal is the Act's sole remedy and that this Court cannot consider EPA's *post hoc* explanations. Beyond that, voluntary remand would prejudice the

Opposing Petitioners; it would be futile (and thus not substantial and legitimate); and it would be a model of judicial inefficiency. This Court should thus deny EPA's motion.

I.      **Voluntary Remand Without Vacatur Is Not Permissible Under The Act And Would Otherwise Be Prejudicial, Futile, And A Waste Of The Court's And The Parties' Time And Resources.**

A.      At the outset, EPA requests relief that is unavailable under the Clean Air Act. The Act prescribes one remedy for EPA's arbitrary and capricious action on the Rule's "existing record": "revers[al]." Supreme Court Stay at 14-15 n.11 (alteration in original) (quoting 42 U.S.C. § 7607(d)(9)(A)). Reversal, at the very least, means remand with vacatur. That is the remedy Opposing Petitioners seek for EPA's errors. State Reply Br. 13-14; Industry Reply Br. 46-47. This is not a simple remand-without-vacatur scenario, where this Court would consider the seriousness of the agency's errors and the disruptiveness of vacatur. *See Allied–Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 1551 (D.C. Cir. 1993). As the Supreme Court definitively declared, the Act's sole remedial avenue is reversal. That is why the Supreme Court issued a *stay* of the Rule, provisionally providing the petitioners the same remedy they would achieve if ultimately successful on the merits. Any remedy short of that would violate the statutory mandate.

EPA's request for voluntary remand (without vacatur) is tantamount to a request for a judgment from this Court. EPA cannot unilaterally determine that the

proper remedy for its defective rulemaking is something different from what the Supreme Court and the statute allow. Accordingly, the Court should deny EPA's request out of hand.

**B.**     EPA otherwise fails to establish the factors necessary for voluntary remand without vacatur.

Start with prejudice. EPA envisions that there is no need for notice or comment because EPA simply intends to take its post-Rule briefing and reasoning on reconsideration, graft it into the Rule and the underlying record after the fact, and then proceed to argue this case as though it was always there. EPA Mot. at 7-8. That approach is futile because it contradicts the Supreme Court's limitation on the permissible record. *See infra* at 11-13.

But even if post-Rule explanations were allowed under the Clean Air Act and the Supreme Court Stay, a new explanation alone would not be enough to fix the problem. The unaddressed comments called on EPA to "'conduct a new assessment and modeling of contribution' to determine what emissions-control measures maximized cost effectiveness in securing downwind ozone air-quality improvements." Supreme Court Stay at 15 (quoting Comments of Air Stewardship Coalition at 13-14); *see also id.* at 6-7 (detailing many other similar comments). Indeed, the Air Stewardship Coalition comments themselves expressly requested that EPA's updated modeling findings would be "subject . . . to public comment."

*Id.* at 7 (quoting Comments of Air Stewardship Coalition at 13-14). These comments reflect that a reduced number of states in the Rule requires consideration of new data and a new analysis, which would require interested parties to be afforded the notice-and-comment process.

EPA's failure is not a mere procedural error to be corrected with explanation. It is substantive, and it goes to the heart of the Rule. EPA failed to do the analysis and explain why the same emissions thresholds would apply "if fewer States remained in the plan." Supreme Court Stay at 8. If EPA is allowed to take back the Rule on this issue, EPA would be setting emissions standards for less than 23 states in a way it did not do before.

Without restarting the process from square one, Opposing Petitioners will not have any opportunity to address EPA's continued misimpression of the Rule's fatal flaws.

**C.** The remand without vacatur envisioned by EPA would also be legally futile. That is because the Act strictly limits the materials EPA can rely on when promulgating a rule: "The promulgated rule may not be based (in part or whole) on any information or data which has not been placed in the docket as of the date of such promulgation." 42 U.S.C. § 7607(d)(6)(C). And it restricts "[t]he record for judicial review" to only that information or data. *Id.* § 7607(d)(7)(A). Attempting to circumvent the law, EPA says it would not introduce "new facts or data" to the

record. EPA Mot. at 8. This is untrue. EPA admits it will offer information not already on the record before this Court. *Id.* Any later explanations or information cannot be considered when reviewing the legality of the Rule in this case. As the Supreme Court's stay order explains: "[T]he Clean Air Act prevents us (and courts that may in the future assess the FIP's merits)"—*i.e.*, this Court—"from consulting explanations and information offered after the rule's promulgation." Supreme Court Stay at 14 n.11 (citation omitted). In other words, the Rule must stand or fall "on the existing record." *Id.* at 14-15 n.11. Remand for further explanation would thus be pointless because this Court cannot consider anything EPA would say. The agency is attempting to unlawfully backfill a deficient record in response to the Supreme Court's holding.

EPA's request flunks other requirements for voluntary remand. EPA has made clear the result of its remand exercise is pre-ordained. It has no intention to reconsider whether the Plan is properly severable, but instead plans to paper the record with further explanation for its predetermined conclusion of severability. EPA Mot. at 7-8. But "[t]he leading voluntary remand cases confirm that agency reconsideration of the action under review is part and parcel of a voluntary remand." *Limnia, Inc. v. DOE*, 857 F.3d 379, 386-87 (D.C. Cir. 2017) (collecting cases). Though the agency need not always "confess error or impropriety," it "at least need[s] to profess intention to reconsider, re-review, or modify the original agency

decision that is the subject of the legal challenge." *Id.* at 387. Here, EPA's mind is already made up—it merely wishes to launder its new, after-the-fact explanations into the record for "a second bite at the apple." *Am. Waterways Operators v. Wheeler*, 427 F. Supp. 3d 95, 98 (D.D.C. 2019). If that were reason enough to voluntarily remand, it would seem EPA has found the enduring solution to the age-old *Chenery* problem. *See SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943) (agency's decision cannot rest on any *post hoc* justifications offered by counsel).[6] Counsel for agencies would need only publish their court briefs in the *Federal Register* before oral argument or final judgment to cure the administrative record. Such a result would upend the rulemaking process.

But even if that were possible under the APA (doubtful at best), it is patently unavailable under the Act—EPA's decision can be based only on what was "placed in the docket as of the date of such promulgation." 42 U.S.C. § 7607(d)(6)(C). On that "existing record," "revers[al]"—not mere remand—is required. Supreme Court Stay at 14-15 & n.11 (alteration in original).

---

[6] The Supreme Court's holding that post ho*c* rationalization is impermissible is not a novel concept; rather, it is longstanding precedent under both the Clean Air Act and the Administrative Procedure Act ("APA"). *See Michigan*, 576 U.S. at 758 (noting "foundational principle of administrative law that a court may uphold agency action only on the grounds that the agency invoked when it took the action" (citing *Chenery*, 318 U.S. at 87)); *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) ("[T]he courts may not accept appellate counsel's *post hoc* rationalizations for agency action.").

**D.** EPA's administrative gamesmanship is also terribly inefficient and borderline frivolous, which alone is enough to deny its motion. *See Util. Solid Waste Activities Grp.*, 901 F.3d at 436.

One need only recount the history of this case to see why. Commenters alerted EPA to several significant problems in the Rule, but EPA merely paid lip service to them. Once it became apparent after argument before the Supreme Court that the Rule lacked the hallmarks of reasoned decisionmaking, EPA tried to supplement its explanation via its reconsideration denials. When that effort fell flat in the Supreme Court, EPA tried again in this Court, seeking consolidation to shoehorn those post-Rule rationalizations into this case (after having opposed similar consolidation with the Interim Final Rules, *supra* note 3). And when that did not work, EPA waited until just after merits briefing was completed and asked this Court to remand so it can supply the same tardy explanations through another agency action (apparently prompting another petition for review, which would presumably be accompanied by a full suite of briefing before this Court on an issue and record that is fully briefed). EPA Mot. at 5; *cf. Friends of Blackwater v. Salazar*, 691 F.3d 428, 434 n.4 (D.C. Cir. 2012) (noting that remand to lower court, "'which inevitably would result in a future appeal to this court, would be a waste of judicial resources,' where, as here, the merits of the question are clear" (citation omitted)). EPA predicts that it can thereby fundamentally alter the Rule without notice or comment, complete its

reverse-engineering in time for oral argument in this case, then merge that case with this one and call it a day.

This approach to rulemaking is not lawful under the Act. The Rule was final upon promulgation (in 2023), and it must rise or fall based on what EPA said in the Rule. 42 U.S.C. § 7607(d)(6)(C). If it is arbitrary or capricious, it must be "reverse[d]." *Id.* § 7607(d)(9)(A); Supreme Court Stay at 14-15 n.11. The Rule cannot be continuously reconsidered and remanded and reviewed until reasonable. It is important to put this in context. The Supreme Court found substantive error as to one particular issue. But the Court acknowledged that petitioners raised "various other reasons" the Rule is arbitrary and capricious. Supreme Court Stay at 13 n.10. The Supreme Court simply had "no occasion to address those other arguments." *Id.* That being the case, under EPA's approach, EPA could (potentially after oral argument before this Court) move for voluntary remand without vacatur on *other* failure-to-consider issues that Petitioners have raised that were not addressed in the Supreme Court Stay, propose to beef-up the record yet again, and proceed with protracted litigation. EPA's ping-pong approach to rulemaking is inconsistent with well-established law and should be rejected by denying its motion for remand without vacatur.

## II. If Remand Is Necessary, Petitioners Do Not Oppose Remand With Vacatur.

If a form of remand is desirable by this Court in light of the Supreme Court's stay opinion, the only appropriate option is remand with vacatur. The case is briefed; the Supreme Court has already said the Rule is likely arbitrary and capricious; and EPA's motion likewise reflects that it cannot prevail "on the existing record" that delimits this case. *Id.* at 14-15 n.11. Thus, if this Court does anything at this stage, it should vacate the Rule and require EPA to start over.[7] The Supreme Court has identified a fundamental flaw in the Rule, and EPA cannot go back in time to fix it in this posture. The appropriate remedy, therefore, is "revers[al]," 42 U.S.C. § 7607(d)(7)(A), so that EPA can initiate a new rulemaking with a new record.

---

[7] *Farmworker Ass'n of Fla. v. EPA*, No. 21-1079, 2021 U.S. App. LEXIS 16882, at *2 (D.C. Cir. June 7, 2021) (ordering summary vacatur of EPA's action "in light of the seriousness of the admitted error and the error's direct impact on the merits of the EPA's" action); *Clean Air Council v. Pruitt*, 862 F.3d 1, 8 (D.C. Cir. 2017) (granting environmental petitioners' motion for "summary disposition and vacatur" of an EPA administrative stay because the stay was unauthorized by relevant code and thus unreasonable); *Clean Air Implementation Project v. EPA*, No. 96-1224, 1996 WL 393118, at *1 (D.C. Cir. June 28, 1996) (granting motion for summary vacatur of the "potential to emit" definition in regulations promulgated by EPA under Title V of the 1990 Clean Air Act Amendments).

## CONCLUSION

For the foregoing reasons, EPA's Motion should be denied. Alternatively, the

Court should remand with vacatur.

Dated: August 15, 2024

Respectfully submitted,

Catherine E. Stetson
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600
Cate.Stetson@hoganlovells.com

*/s/ Ana Maria Gutiérrez*
Ana Maria Gutiérrez
Michael Dean Miller
Womble Bond Dickinson (US) LLP
1899 Wynkoop Street, Suite 750
Denver, CO 80202
(720) 983-1350
ana.gutierrez@wbd-us.com
michael.miller@wbd-us.com

*Counsel for Kinder Morgan, Inc.*

*/s/ Michael B. Schon*
Michael B. Schon
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave. N.W.
Washington, DC 20001
(512) 693-8350

Mithun Mansinghani
LEHOTSKY KELLER COHN LLP
629 W. Main St.
Oklahoma City, OK 73102
(512) 693-8350

*Counsel for National Mining
Association*

*/s/ Eric D. McArthur*
Samuel B. Boxerman
Eric D. McArthur
Kathleen Mueller
Jeremy Rozansky
SIDLEY AUSTIN LLP
1501 K Street N.W.
Washington, DC 20005

*Counsel for Interstate Natural
Gas Association of America and
American Petroleum Institute*

DAVE YOST
Ohio Attorney General

*/s/ Mathura J. Sridharan*
T. ELLIOT GAISER
Ohio Solicitor General
MATHURA J. SRIDHARAN*
 *Counsel of record*
ZACHERY P. KELLER
Deputy Solicitors General
GREGG BACHMANN
Section Counsel – Environmental
30 East Broad Street, 17th Floor
Phone: 6l4-466-8980
Fax: 614-466-5087
mathura.sridharan@ohioago.gov

*Counsel for the State of Ohio*


THEODORE E. ROKITA
Attorney General of Indiana

*/s/ James A. Barta*
JAMES A. BARTA
Indiana Solicitor General
Office of the Indiana Attorney General
IGC-South, Fifth Floor
302 West Washington Street
Indianapolis, IN 46204
Phone: 317-232-0709
James.Barta@atg.in.gov

*Counsel for State of Indiana*


PATRICK MORRISEY
Attorney General of West Virginia

*/s/ Michael Williams*
MICHAEL WILLIAMS
West Virginia Solicitor General
Office of the West Virginia Attorney
General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
Phone: 682-313-4550
Michael.R.Williams@wvago.gov

*Counsel for State of West Virginia*


RUSSELL COLEMAN
Attorney General of Kentucky

*/s/ Matthew F. Kuhn*
MATTHEW F. KUHN
Kentucky Solicitor General
Office of Kentucky Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: 502-696-5300
Matt.Kuhn@ky.gov

*Counsel for the Commonwealth of
Kentucky*

/s/ Jarrod L. Bentley
JARROD L. BENTLEY
Kentucky Energy and Environment
Cabinet
Office of Legal Services
300 Sower Boulevard, Third Floor
Frankfort, Kentucky 40601
(502) 782-0568
jarrod.bentley@ky.gov

*Counsel for Kentucky Energy and Environment Cabinet*


/s/ Allison D. Wood
Allison D. Wood
Makram B. Jaber
Aaron M. Flynn
MCGUIRE WOODS LLP
888 16th Street N.W., Suite 500
Black Lives Matter Plaza
Washington, DC 20006

*Counsel for Associated Electric Cooperative, Inc., Deseret Generation & Transmission Co-Operative d/b/a Deseret Power Electric Cooperative, Ohio Valley Electric corporation, Wabash Valley Power Association, Inc. d/b/a Wabash Valley Power Alliance, America's Power, National Rural Electric Cooperative Association and Portland Cement Association*

AARON D. FORD
Attorney General of Nevada

/s/ Heidi Parry Stern
HEIDI PARRY STERN
Solicitor General
Office of the Nevada Attorney
General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
(702) 486-3594
HStern@ag.nv.gov

*Counsel for State of Nevada*


/s/ David M. Flannery
David M. Flannery
Kathy G. Beckett
Keeleigh S. Huffman
STEPTOE & JOHNSON, PLLC
707 Virginia St. East
Post Office Box 1588
Charleston, WV 25326
(304) 353-8000

Edward L. Kropp
STEPTOE & JOHNSON, PLLC
Post Office Box 36425
Indianapolis, Indiana 46236
(317) 946-9882

*Counsel for Petitioners American Forest & Paper Association, American Iron and Steel Institute, and Midwest Ozone Group*

*/s/ Aaron M. Streett*
Aaron M. Streett
Matthew L. Kuryla
Beau Carter
BAKER BOTTS L.L.P.
910 Louisiana St.
Houston, Texas 77002
(713) 229-1855

*Counsel for Energy Transfer LP*


*/s/ John D. Lazzaretti*
John D. Lazzaretti
SQUIRE PATTON BOGGS (US) LLP
1000 Key Tower
127 Public Square
Cleveland, OH 44114
(216) 479-8500

*Counsel for Petitioner United States Steel Corporation*


*/s/ Kelly M. McQueen*
Kelly M. McQueen
THE MCQUEEN FIRM, PLLC
12 Woodsong Drive
Roland, AR 72135
(501) 580-3291

*Counsel for Petitioner Arkansas League of Good Neighbors*


*/s/ Brittany M. Pemberton*
Brittany M. Pemberton
BRACEWELL LLP
2001 M Street N.W., Suite 900
Washington, D.C. 20036
(202) 828-1708

*Counsel for TransCanada PipeLine USA Ltd.*


*/s/ Elliot Zenick*
Elliott Zenick
AMERICAN CHEMISTRY COUNCIL
700 2nd St. N.E.
Washington, DC 20002
(202) 249-6744

*Counsel for Petitioner American Chemistry Council*


*/s/ Michael E. Born*
Michael E. Born (49961)
Cheri A. Budzynski (51761)
SHUMAKER, LOOP & KENDRICK, LLP
Huntington Center
41 South High Street, Suite 2400
Columbus, OH 43215
(614) 463-9441

*Counsel for Petitioners Buckeye Power, Inc. and the Ohio Valley Electric Corporation*

/s/ Richard S. Moskowitz
Richard S. Moskowitz
Tyler Kubik
American Fuel & Petrochemical
Manufacturers
1800 M Street, NW
Suite 900 North
Washington, DC 20036
(202) 844-5474

*Counsel for Petitioner American Fuel &
Petrochemical Manufacturers*

/s/ Elbert Lin
Elbert Lin
Kevin S. Elliker
David N. Goldman
HUNTON ANDREWS KURTH LLP
951 East Byrd Street, East Tower
Richmond, VA 23219
(804) 788-8200

F. William Brownell
E. Carter Chandler Clements
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue N.W.
Washington, DC 20037
(202) 955-1500

*Counsel for Petitioners
Union Electric Company, d/b/a Ameren
Missouri, and Arkansas League of Good
Neighbors*

/s/ Laura K. McAfee
Laura K. McAfee
(D.C. Cir. Bar No. 62386)
BEVERIDGE & DIAMOND, PC
201 North Charles Street, Suite 2200
Baltimore, MD 21201

*Counsel for Enbridge (U.S.) Inc.*

/s/ Mark W. DeLaquil
Mark W. DeLaquil
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue N.W.
Washington, D.C. 20036
(202) 861-1500

Martin T. Booher
Joshua T. Wilson
BAKER & HOSTETLER LLP
2000 Key Tower
127 Public Square
Cleveland, Ohio 44114

*Counsel for Hybar LLC*

SEAN D. REYES
Attorney General of Utah

*/s/ Stanford E. Purser*
STANFORD E. PURSER
Utah Solicitor General
Counsel of Record
Office of the Attorney General
Utah State Capitol Complex
350 North State Street Suite 230
Salt Lake City, UT 84114-2320
Phone:  801-538-9600
spurser@agutah.gov

WILLIAM L. WEHRUM
Wehrum Environmental Law LLC
1629 K Street, NW, Suite 300
Washington, D.C. 20006
Ph. 302-300-0388
William_Wehrum@comcast.net

EMILY C. SCHILLING
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Phone:  801-799-5753
Fax:  202-747-6574
ecschilling@hollandhart.com

KRISTINA R. VAN BOCKERN
AARON B. TUCKER
Holland & Hart LLP
555 Seventeenth Street
Suite 3200
Denver, CO 80202
Phone:  303-295-8107
Fax:  720-545-9952
trvanbockern@hollandhart.com
abtucker@hollandhart.com

*Counsel for State of Utah*

CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Joint Response complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in a 14-point, proportionally spaced font, Times New Roman.

I further certify that the foregoing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 3,763 words, excluding exempted portions, according to the count of Microsoft Word.

/s/ *Ana M. Gutiérrez*
Ana M. Gutiérrez

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2024, I electronically filed the foregoing using the Court's CM/ECF system, which will send notification of such filing to the parties.

_/s/ Ana M. Gutiérrez_
Ana M. Gutiérrez