ORAL ARGUMENT NOT YET SCHEDULED

No. 23-1157 (and consolidated cases)

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

State of Utah, et al.,
*Petitioners,*

v.

Environmental Protection Agency and Michael S. Regan, in his official capacity, as Administrator of the U.S. Environmental Protection Agency, *Respondents.*

On Petition for Review of Action by the U.S. Environmental Protection Agency

## STATES OF OHIO, INDIANA, WEST VIRGINIA, KENTUCKY, NEVADA, AND UTAH AND KENTUCKY ENERGY AND ENVIRONMENT CABINET'S MOTION TO GOVERN FURTHER PROCEEDINGS AND RESPONSE IN OPPOSITION TO RESPONDENTS' AND INTERVENORS' MOTIONS TO GOVERN

DAVE YOST
Attorney General of Ohio

T. ELLIOT GAISER
Solicitor General
MATHURA J. SRIDHARAN*
  *Counsel of record
ZACHERY P. KELLER
Deputy Solicitors General
GREGG BACHMANN
Section Counsel – Environmental
30 East Broad Street, 17th Floor
Columbus, OH 43215
614-466-8980
614-466-5087 fax
mathura.sridharan@ohioago.gov

*Counsel for State of Ohio*

*(Additional counsel listed after signature block)*

## MOTION TO GOVERN AND RESPONSE IN OPPOSITION TO THE EPA'S AND INTERVENORS' MOTIONS TO GOVERN

Petitioner States Ohio, Indiana, Kentucky, Nevada, Utah, West Virginia, and the Kentucky Energy and Environment Cabinet (collectively, the "State Petitioners") jointly file this motion to govern further proceedings, pursuant to this Court's order dated September 12, 2024, and in opposition to Respondents' and Intervenors' Motions to Govern. In accordance with this Court's Order dated November 1, 2024, Order, ECF No. 2083296 (Nov. 1, 2024), the State Petitioners renew the States of Ohio, Indiana, West Virginia, and Kentucky's prior request to hold this case, and the consolidated cases, in abeyance until resolution of their Petition for Writ of Certiorari by the United States Supreme Court ("Ohio Petition"). *See* Motion to Extend Abeyance, ECF No. 2081800, (Oct. 24, 2024).

Accordingly, the State Petitioners ask this Court to adopt the following briefing schedule that resumes briefing 35 days after the Supreme Court's resolution of the now fully briefed Ohio Petition (including any merits decision if the Petition is granted):

| Date | Brief | Words |
|---|---|---|
| 35 days after the Supreme Court disposes of the Ohio Petition | State Petitioners' Opening Brief | 6,000 |
| | Industry Petitioners' Opening Brief | 6,000 |
| 35 days after Opening Briefs | Respondents' Response Brief | 12,000 |
| | Respondent Intervenor's Response Brief | 3,000 |
| 17 days after Response Briefs | State Petitioners' Reply Brief | 3,000 |
| | Industry Petitioners' Reply Brief | 3,000 |

## BACKGROUND

This and the consolidated cases challenge the EPA's final rule entitled the "Federal 'Good Neighbor Plan' for the 2015 Ozone National Ambient Air Quality Standards," which is a federal implementation plan promulgated under the Clean Air Act intended to regulate air emissions from certain sources in 23 States. *See* 88 Fed. Reg. 36,654 (June 5, 2023). The State Petitioners presume this Court's familiarity with the long history of this case. *See* Petitioners' Joint Response, Doc. 2070323 (Aug. 15, 2024). Relevant here, several States and Industry petitioners sought a stay from the Supreme Court of the United States last year, arguing that the EPA failed to consider "[w]hat happens—as in fact did happen—when many of the upwind States fall out of the planned FIP and it may now cover only a fraction of the States and emissions EPA anticipated[.]" *Ohio v. EPA*, 603 U.S. 279, 293 (2024).

The Supreme Court held oral argument in February of this year on the stay applications.

Meanwhile, merits briefing continued in this Court while the stay applications were pending with the Supreme Court "for months of postargument deliberations." *Id.* at 290. In June and while merits briefing was still underway in this Court, the Supreme Court granted the stay applications, holding that the EPA failed to consider an important aspect of the interdependent plan—whether, and how, the selected control stringencies for the 23-state plan would still apply for any different mix of States. *Id.* at 293–94, 300. And, confronted with a document providing "further explanations" for the EPA's federal plan after promulgation, the Supreme Court declined to consider it, explaining that Clean Air Act's text "prevent[ed]" it "from consulting explanations and information offered after the rule's promulgation," and that any assessment of the plan's merits must be made "on the existing record." *Id.* at 295 n.11. That limit, the Court warned, applied to other "courts that may in the future assess the [federal plan's] merits." *Id.*

The merits were fully briefed with this Court by July 29, 2024. More than a month after the Supreme Court issued the stay and only days after Petitioners filed their reply briefs, the Respondents, the United States Environmental Protection Agency and its Administrator, Michael S. Regan (collectively, the "EPA"), asked

this Court to "partially remand the [plan] to enable the Agency to take a supplemental final action addressing the record deficiency preliminarily identified by the Supreme Court."  EPA Mot. for Partial Voluntary Remand, ECF No. 2068299 at 1 (Aug. 5, 2024).  This Court granted the EPA's request, over Petitioners' objections, and ordered that the consolidated cases be held in abeyance pending further order of the court.  Order, ECF No. 2074472 (Sep. 12, 2024).

While the EPA was developing its supplemental record on remand, the States of Ohio, Indiana, Kentucky, and West Virginia (the "Petitioning States") filed a Petition for Certiorari with the United States Supreme Court seeking review of this Court's Partial Remand Order.  *See* Pet. for Writ of Cert., *Ohio v. EPA*, No. 24-450 (Oct. 18, 2024) ("Ohio Petition").  The Petition asked whether the Clean Air Act permits remand to the EPA to supplement the administrative record with new information and justifications after a rule is promulgated.  The Petitioning States also moved this Court to extend its abeyance through resolution of the Petition explaining that the answer bears directly on the need for further briefing and this Court's resolution of the merits.  Abeyance would avoid wasting judicial and party resources on supplemental briefing over a record that the Supreme Court may later deem unlawful, and also avoid record confusion in any merits decision.  This Court denied that motion on November 1, 2024, but invited the parties to "address any requests

for continued abeyance in the motions to govern future proceedings that are filed pursuant to the court's September 12, 2024 order." Order, ECF No. 2083296.

Almost three months after the remand, the EPA published its supplemental record in the Federal Register on December 10, 2024. 89 Fed. Reg. 99,105 (Dec. 10, 2024). EPA offered no notice and comment period for the supplement. On December 13, 2024, EPA filed an Amended Certified Index to the Record, which now includes the supplemental record. The EPA and Respondent-Intervenors independently filed motions to govern on December 13, 2024 asking this Court to lift abeyance and offering supplemental briefing schedules.

On December 23, 2024, the Petitioning States filed their reply to the EPA's Response to their Petition for Certiorari at the Supreme Court. The Supreme Court could decide on the Ohio Petition as early as the Court's scheduled January 10, 2025 conference, and possibly could issue an order even that same day. *See* Supreme Court Calendar, October Term 2024.

## ARGUMENT

In accordance with this Court's Order inviting the parties to "address any requests for continued abeyance in the motions to govern future proceedings that are filed pursuant to the court's September 12, 2024 order," Order, ECF No. 2083296, and for the reasons set forth in the Petitioning States' motion to extend abeyance, *see*

Mot. to Extend Abeyance, ECF No. 2081800, the State Petitioners ask this Court to extend abeyance through disposition of the Ohio Petition.  Accordingly, the State Petitioners request the following supplemental briefing schedule, set to resume 35 days after the disposition of the Ohio Petition (including through final decision should the Petition be granted):

| Date | Brief | Words |
|---|---|---|
| 35 days after the Supreme Court disposes of the Ohio Petition | State Petitioners' Opening Brief | 6,000 |
| | Industry Petitioners' Opening Brief | 6,000 |
| 35 days after Opening Briefs | Respondents' Response Brief | 12,000 |
| | Respondent Intervenor's Response Brief | 3,000 |
| 17 days after Response Briefs | State Petitioners' Reply Brief | 3,000 |
| | Industry Petitioners' Reply Brief | 3,000 |

This proposal differs from those of the EPA and Intervenors in three respects: timing, number of briefs (the State Petitioners should be allowed to brief separately from Industry Petitioners), and brief length.  For the reasons below, the Court should grant the State Petitioners' requests.

## I.    The Court should hold this case in abeyance until disposition of the Ohio Petition at the Supreme Court.

**A.**  As the Petitioning States explained in their previous motion to this Court, *see* Mot. to Extend Abeyance, ECF No. 2081800, holding any additional briefing on the supplemental record in this case in abeyance pending disposition of the Ohio

6

Petition will preserve this Court's and the parties' resources.  Again, the Ohio Petition raises the question whether the Clean Air Act permits the EPA to supplement the administrative record after rule promulgation.  The answer to that question bears directly on whether this Court can consider the supplemental record.  *See Ohio*, 603 U.S. at 295 n.11.  If the parties proceed to supplemental briefing on the supplemented record, this Court proceeds to review the merits on the appended record, and the Supreme Court later holds the supplementation unlawful, then this Court's (and the parties') time and resources would have been wasted.

An extension of the abeyance period will not prejudice any party and will benefit all parties by saving resources if the Supreme Court accepts and answers the question raised by the State Petitioners.  The Ohio Petition is now fully briefed and pending distribution for conference at the Supreme Court.  It could be decided by the Supreme Court as early as its scheduled January 10, 2025 conference with an order following as early as that same day.  A short extension thus will not prejudice any party and will benefit all parties and this Court by saving resources if the Supreme Court accepts and answers the question raised by State Petitioners.

**B.**  The EPA offers no sound response to why the short extension of abeyance would not benefit all the parties and the Court.  *See* EPA Mot. to Govern, ECF No. 2089570 at 8–12 (Dec. 13, 2024).  Indeed, they agree that any extension in abeyance

may be short, *see id.* at 9, but offer vague policy justifications why haste is essential. However laudable those goals are, they do not answer why a short extension of abeyance would not benefit all parties and the Court or why haste is essential to reinstate a likely unlawful rule on the existing record. *Ohio*, 603 U.S. at 293–94. The EPA also faults the States for pointing out, in a *previous reply* to the EPA's response in opposition to abeyance, only one example of this Court granting abeyance to await an answer from the Supreme Court on a pertinent question. *See* EPA Mot. to Govern, ECF No. 2089570, at 9 (discussing Order, *Utah v. EPA*, Nos. 23-1102 *et al.*, ECF No. 2051205 (D.C. Cir. April 24, 2024). The States emphasized that example because it is a recent one this Court has granted in response to a petition for certiorari raising questions bearing directly on the proceedings below. It is thus illustrative of this Court's normal practice. In addition to that one, this Court has granted other such abeyances in the past, all of which confirm the utility of this practice. *See, e.g.*, Order, *Townsend v. United States*, No. 19-5259, ECF No. 1812663 (D.C. Cir. Oct. 25, 2019); Order, *Chaman v. Obama*, No. 10-5203, ECF No. 1345329 (D.C. Cir. Dec. 2, 2011).

Worse, the timing for supplemental briefing proposed by the EPA (35 days after scheduling order this court's order) and Intervenors (opening briefs due on or before January 17, 2025), is incongruous to the three months' time EPA took to

address the record deficiencies. *See* Mots. to Govern, ECF Nos. 2089561, 2089570 (Dec. 13, 2024). The supplement is over 28,000 words (more than twice the length of a standard brief) and covers dense, technical material. The State Petitioners need more than the time the EPA and Intervenors propose to review and respond fully to the dense supplemental record. *See generally* 89 Fed. Reg. 99,105. And this Court would also benefit from the slightly extended schedule that the State Petitioners propose because the quality of the discussion of the technical issues will improve with a more reasonable length of time to review and adequately brief the issues.

What is more, the EPA originally represented to this Court that a partial remand would generate a *new final action* subject to challenge in the 60-day window permitted under the Clean Air Act, 42 U.S.C. §7607(b)(1). *See* EPA Mot. for Partial Voluntary Remand, ECF No. 2068299, at 5, 7; EPA Reply in Support of Mot. for Partial Voluntary Remand, ECF No. 2072315, at 2–3 (Aug. 29, 2024). That means any challenge would have been due on February 8, 2025—a time much farther out than the EPA proposes now for opening briefs. Though the EPA walks away from the final-action characterization now, the substantive depth and length of the supplement, the three months' time the EPA took to formulate it, and its own representations to this Court all give away that the supplement is the length and depth of a new final agency action that the petitioners would have had at least 60 days to review

9

before raising any challenges, and even more time to raise substantive arguments thereafter.

One last point on timing. The Intervenors' proposal eschews traditional staggered briefing in favor of rushed, simultaneous briefing. That makes no sense. *See* Intervenors' Mot. to Govern, ECF 2089561, at 11–12. The EPA just completed its record supplementation, so the Petitioners should now have the opportunity to explain the supplement's legal flaws. There is no reason for the EPA to take first stab at responding to its own supplement. The Intervenors' examples of instances in which this Court ordered simultaneous briefing are also inapposite. *See Id.* at 12–13. In those cases, this Court ordered simultaneous briefing in response to then-recent Supreme Court decisions that no party had addressed to this Court. Here, however, the briefing is necessitated by one party's, the EPA's, representations to the Court. Thus, this is a different circumstance than one in which all parties are responding, for the first time, to a change in Supreme Court precedent. It is appropriate that the petitioners get to respond first to an issue the EPA has already spoken on, through its supplement, to this Court.

Thus, the State Petitioners *agree* with the EPA that staggered briefing is appropriate. The Petitioners should be given an opportunity file opening briefs and reply briefs with staggered briefing.

\*

In sum, this Court should grant the State Petitioners' request to hold this case in abeyance for a short while longer.  The Supreme Court may answer a question directly bearing on the need for supplemental briefing here.  A short extension of the abeyance period through the Supreme Court's decision will allow time for the State Petitioners to review and respond adequately to a supplement that the EPA took almost three months to complete and which even the EPA viewed as a new final agency action subject to challenge 60-days after publication in the Federal Register.  This Court has not hesitated to grant such continuances pending answers from the Supreme Court.  It should not hesitate to do so here as well.

## II. This Court should allow State Petitioners and Industry Petitioners separate briefs.

**A.** The State Petitioners should be allowed a brief separate from the Industry Petitioners for many reasons.  Foremost among them, and as the Supreme Court already recognized, the States are independent sovereigns and have raised injuries directly affecting their sovereign interests that the Industry Petitioners do not share. *Ohio*, 603 U.S. at 291–92.  Recognizing this, this Court's intervention rules afford special solicitude to the States to brief separate from other parties and thus pursue their unique *sovereign* interests.  *See* D.C. Circuit Rule 28(d)(4); *see also Nuesse v. Camp,* 385 F.2d 694, 705–06 (D.C. Cir. 1967) (noting that permissive intervention

11

under Federal Rule of Civil Procedure 24(b) by government officials should be treated with a "hospitable approach"). Here, the States are not intervenors; they are *petitioners* defending their sovereign interests that should have an opportunity to present their unique arguments in a complex litigation with wide-ranging state- and industry-specific issues.

The litigation history in this case also shows why separate briefing is appropriate. In this litigation, the challengers have identified wide-ranging problems with the federal plan that span from State-specific issues to industry-specific issues. As such, the States and Industries have proceeded separately in pursuing their challenges in this Court and at the Supreme Court at every stage of substantive briefing. *Compare, e.g.*, Ohio Stay Mot., ECF No. 2008555 (July 9, 2023) *with e.g.* Industry Petrs.' Stay Mots., ECF Nos. 2009836, 2009932, 2010655, 2011121, 2011451, 2013657 (July 27, 2023, Aug. 2, 2023, Aug. 4, 2023, Aug. 8, 2023, Aug. 22, 2023); *Compare* States' Stay Application, *Ohio v. EPA*, No. 23A349 (U.S. Oct. 13, 2023) *with* Industry Petrs.' Stay Applications, Nos. 23A350, 23A351, 23A384 (U.S. Oct. 13, 2023, Oct. 26, 2023); *Compare* States' Opening Br., ECF No. 2047800 (Apr. 1, 2024) *with* Industry Petrs.' Opening Br., ECF No. 2047829 (Apr. 1, 2024). Indeed, this Court has already recognized this distinction and ordered that the States and Industry Petitioners brief the merits separately. Order, ECF No. 2029865, at 3–

4 (Dec. 4, 2023). And, consistent with the distinct interests and arguments each group has and brings, an advocate for the State Applicants and one for the Industry Applicants *each* argued before the Supreme Court during the stay proceedings. *See* Order Granting Mot. for Divided Argument by Applicants, *Ohio v. EPA*, No. 23A349 (U.S. Jan. 22, 2024).

What is more, in their merits briefs before this Court, the States and the Industry Petitioners raised distinct *substantive* arguments. For example, the States raised arguments against the inclusion of Western States that the Industry Petitioners did not brief. States' Opening Br., ECF No. 2047800, at 39–47. And the Industry Petitioners predominantly raised multiple arguments specific to industry concerns that the States did not brief. Industry Petrs.' Opening Br., ECF No. 2047829, at 27–93. The supplemental record from the recent remand touches on many such distinct issues that the States and Industry Petitioners do not share. *E.g.*, 89 Fed. Reg. at 99123 (discussing for certain non-EGUs, the recalculations of representative costs of control technologies). Given the extensive litigation history in this case, and the different substantive arguments each group brings, there is no reason for the Court to depart from its practice of allowing the States to raise their distinct arguments and defend their unique interests.

**B.**  Neither the EPA nor the Intervenors explain why joint briefing between two distinct groups of petitioners is appropriate when the litigation history points the other way.  As it stands, their request to conflate the sovereign States with Industry Petitioners while allowing separate briefs for the EPA and Intervenors unduly prejudices the States.  Allowing those parties to file separate briefs but not allowing the States and Industry Petitioners the same flexibility would unduly prejudice the State Petitioners' ability to fully develop the issues.

## III.    The brief lengths proposed by the State Petitioners are necessary to fully inform this Court of the arguments arising from the supplemental record.

**A.**  The State Petitioners should be allowed 6,000 words to fully address the supplemental record for several reasons.  For one thing, the EPA took three months and over 28,000 words to supplement the record.   And the record is substantively dense.  *See generally* 89 Fed. Reg. 99105.  The responding State Petitioners should arguably be allowed at least a normal-length brief (13,000 words per appellant under Fed. R. App. P. 32(A)(7)(B) to respond to the EPA's technical supplement.  Nevertheless, the States ask for less than half that, at 6,000 words.

What is more, 6,000 words are necessary to address the myriad issues that the State Petitioners intend to raise, including threshold issues of whether such remands for record supplementation violate the Clean Air Act  (should the Supreme Court decline to answer the question presented in the Ohio Petition), and even if so,

whether the supplemental record goes beyond its scope by providing new justifications in violation of *SEC v. Chenery Corp.*, 318 U.S. 80 (1943).

And the State Petitioners will have to address the merits of the remand action, which in turn, requires a full discussion of the four-step framework (on which the EPA spends almost 15,000 words in the supplemental record), and related technical issues such as overcontrol and air-quality-benefits assessments. These issues are highly technical, as the dense supplemental record proves, and require latitude to present fully and effectively to this Court. The State Petitioners' 6,000-word request is modest in comparison to the breadth of topics that the EPA addressed on remand and the number of words the EPA already spent in justifying its new conclusions.

**2.**  The EPA justifies its prejudicially short word lengths (exacerbated by its proposal for joint State-Industry briefing) by comparing the words spent in the Petitioners' opening briefs on the issues it considers relevant to its argument. That comparison fails in multiple respects. For one, it ignores that the State Petitioners' opening brief addressed a problem that the EPA had not considered at all in its final rule, but now the States must respond to the EPA's over-28,000-word answer to a problem the EPA had never before considered. Second, it ignores the amount of words the State Petitioners spent to lay out the EPA's four-step framework in the

*background* section, *see* States' Opening Br., ECF No.2047800 at 16–20, which the EPA now "amplifie[s]," 89 Fed. Reg. at 99,106, and for which the State Petitioners will need additional words to respond adequately. And it ignores the threshold questions, including the propriety of the record supplementation should the Supreme Court stay silent on the issue, that the State Petitioners must address in supplemental briefing. *Above* at 14. The EPA's stunted word count thus fails to provide the appropriate length in comparison here.

One last point on brief lengths. The Intervenors' limited justification for their prejudicially short brief lengths presupposes the threshold question that the State Petitioners will have to answer: whether the supplemental justification is in fact "narrowly confined" to "the information and data available in the record" as the EPA claims it is. Intervenors' Mot. to Govern, ECF No. 2089561, at 13 (quoting 89 Fed. Reg. at 99,106). The answer to that will require more words, and time, than either the EPA or Intervenors would like this Court to afford the State Petitioners.

## CONCLUSION

This Court should grant the State Petitioners' request to hold this case in abeyance until the Supreme Court's disposition of the Ohio Petition (and through any decision should the Petition be granted). Accordingly, it should adopt the State Petitioners' briefing schedule, starting 35 days from the disposition of the Ohio

Petition and affording individual briefs to the States and Industry Petitioners, each,

at 6,000 words apiece.

Dated: December 23, 2024

SEAN D. REYES
Attorney General of Utah

*/s/ Stanford E. Purser*
STANFORD E. PURSER
Utah Solicitor General
  *Counsel of record*
Office of the Attorney General
Utah State Capitol Complex
350 North State Street Suite 230
Salt Lake City, UT 84114-2320
Phone:  801-538-9600
spurser@agutah.gov

WILLIAM L. WEHRUM
Wehrum Environmental Law LLC
1629 K Street, NW, Suite 300
Washington, D.C. 20006
Ph. 302-300-0388
William_Wehrum@comcast.net

EMILY C. SCHILLING
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Phone:  801-799-5753
Fax:  202-747-6574
ecschilling@hollandhart.com

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Mathura J. Sridharan*
T. ELLIOT GAISER
Ohio Solicitor General
MATHURA J. SRIDHARAN*
  *Counsel of record*
ZACHERY P. KELLER
Deputy Solicitors General
GREGG BACHMANN
Section Counsel – Environmental
30 East Broad Street, 17th Floor
Phone:  614-466-8980
Fax:  614-466-5087
mathura.sridharan@ohioago.gov

*Counsel for the State of Ohio*

THEODORE E. ROKITA
Attorney General of Indiana

*/s/ James A. Barta*
JAMES A. BARTA
Indiana Solicitor General
Office of the Indiana Attorney General
IGC-South, Fifth Floor
302 West Washington Street
Indianapolis, IN 46204
Phone:  317-232-0709
James.Barta@atg.in.gov

*Counsel for State of Indiana*

18

KRISTINA R. VAN BOCKERN
AARON B. TUCKER
Holland & Hart LLP
555 Seventeenth Street
Suite 3200
Denver, CO 80202
Phone: 303-295-8107
Fax: 720-545-9952
trvanbockern@hollandhart.com
abtucker@hollandhart.com

*Counsel for State of Utah*


AARON D. FORD
Attorney General of Nevada

*/s/ Heidi Parry Stern*
HEIDI PARRY STERN
Nevada Solicitor General
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.gov

*Counsel for State of Nevada*

PATRICK MORRISEY
Attorney General of West Virginia

*/s/ Michael R. Williams*
MICHAEL WILLIAMS
West Virginia Solicitor General
Office of the West Virginia Attorney General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
Phone: 682-313-4550
Michael.R.Williams@wvago.gov

*Counsel for State of West Virginia*


RUSSELL COLEMAN
Attorney General of Kentucky

*/s/ Matthew F. Kuhn*
MATTHEW F. KUHN
Kentucky Solicitor General
Office of Kentucky Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: 502-696-5300
Matt.Kuhn@ky.gov

*Counsel for the Commonwealth of Kentucky*

_/s/ Daniel Cleveland_

SARAH E. NOBLE
General Counsel, Energy and
Environment Cabinet
DANIEL C. CLEVELAND
General Counsel, Department for
Environmental Protection
JARROD L. BENTLEY
Staff Attorney III
Kentucky Energy and
Environment Cabinet
Office of Legal Services
300 Sower Boulevard, 3rd Floor
Frankfort, KY 40601
Sarah.Noble@ky.gov
Daniel.Cleveland@ky.gov
jarrod.bentley@ky.gov

_Counsel for Kentucky Energy and Environment Cabinet_

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed R. App. P. 32(f) and (g), I hereby certify that the foregoing complies with Fed. R. App. P. 27(d)(2)(A) because it contains 3,662 words, excluding exempted portions, according to the count of Microsoft Word.

I further certify that the foregoing complies with Fed. R. App. P. 27(d)(1)(E), 32(a)(5) and (6) because it has been prepared in 14-point Equity Font.

/s/ *Mathura J. Sridharan*
MATHURA J. SRIDHARAN
*Counsel for State of Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2024, I caused the foregoing to be electrically filed with the Clerk of the Court by using the Court's CM/ECF system. All registered counsel will be served by the Court's CM/ECF system.

/s/ *Mathura J. Sridharan*
MATHURA J. SRIDHARAN
*Counsel for State of Ohio*