ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

STATE OF UTAH, ET AL.,

    *Petitioners*,

  v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL.,

    *Respondents*.

Case No. 23-1157 and consolidated cases

## RESPONDENTS' MOTION TO HOLD CONSOLIDATED CASES IN ABEYANCE

Respondents United States Environmental Protection Agency and Administrator Lee Zeldin (collectively "EPA") respectfully move the Court to hold this matter in abeyance for 60 days to allow new Agency leadership to review the underlying Rule. Counsel for EPA consulted with counsel for Petitioners, Petitioner-Intervenors, and Respondent-Intervenors and was informed that:

- Industry Petitioners (including Midwest Ozone Group as Respondent-Intervenor), State Petitioners (excluding Wisconsin as Petitioner in 23-1201), and Petitioner-Intervenor City Utilities of Springfield, Mo. consent to this motion;

1

- State and Local Government Respondent-Intervenors (including Wisconsin as Respondent-Intervenor) oppose this motion and will file a response;

- Public Interest Respondent-Intervenors and Petitioner-Intervenor Sierra Club oppose this motion and reserve the right to file a response;

- Wisconsin, as Petitioner in Case No. 23-1201, opposes this motion.

In support of its request, EPA states the following:

1. Petitioners in the above-captioned consolidated cases challenge a rule promulgated by EPA under the Clean Air Act entitled, "Federal 'Good Neighbor Plan' for the 2015 Ozone National Ambient Air Quality Standards," 88 Fed. Reg. 36654 (June 5, 2023) ("Good Neighbor Plan" or "Rule").

2. The Good Neighbor Plan implements the Clean Air Act's Good Neighbor provision, 42 U.S.C. § 7410(a)(2)(D)(i)(I), which ensures that sources in upwind States whose pollution is affecting air quality in downwind States do their fair share to reduce that pollution. As promulgated, the Good Neighbor Plan covered emissions sources in 23 States. However, following litigation in regional Circuits over EPA's predicate Disapproval Action,[1] implementation of the Good Neighbor Plan was initially stayed as to 12 States and was subsequently stayed as to all remaining States following the Supreme Court's decision in *Ohio v. EPA*,

---

[1] Air Plan Disapprovals; Interstate Transport of Air Pollution for the 2015 8-Hour Ozone National Ambient Air Quality Standards, 88 Fed. Reg. 9336 (Feb. 13, 2023) ("Disapproval Action").

2

603 U.S. 279 (2024). *See* 88 Fed. Reg. 49295 (July 31, 2023); 88 Fed. Reg. 67102 (Sep. 29, 2023); 89 Fed. Reg. 87960 (Nov. 6, 2024).

3. In *Ohio*, the Supreme Court adjudicated several stay applications and found on preliminary review that EPA had likely failed to adequately respond in the Good Neighbor Plan to certain comments. *Ohio*, 603 U.S. at 293-94. In response, EPA moved for a partial voluntary remand of the Good Neighbor Plan to allow the Agency to address the likely record deficiency identified by the Supreme Court. *See* ECF 2068299. This Court remanded the record to EPA, placed the consolidated cases into abeyance, and directed the parties to file motions to govern future proceedings within 30 days of the completion of proceedings on remand or by December 30, 2024. ECF 2074472.

4. EPA notified this Court in early December that it had completed its action on remand, ECF 2088052, and subsequently filed an Amended Certified Index to the Record, ECF 2089507. The parties then filed motions to govern future proceedings, and the Court set a briefing schedule to complete supplemental briefing by early March, 2025, ECF 2093845.

5. As the Court is aware, a new administration took office on January 20, 2025. New administration officials at EPA need time to familiarize themselves with the Good Neighbor Plan as well as numerous other EPA rulemakings during this same period. In particular, EPA needs time to brief new administration

3

officials about these consolidated petitions and the underlying Rule to allow them to decide what action, if any, is necessary.

6. To undertake its review of the Good Neighbor Plan in an orderly and deliberate fashion, EPA requests that the Court abate proceedings in this matter for 60 days.

7. This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936); *Bledsoe v. Crowley*, 849 F.2d 639, 645 (D.C. Cir. 1988). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

8. Abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) (recognizing that "regulatory agencies do not establish rules of conduct to last forever" and "an agency must be given able latitude to adapt their rules and policies to the demands of changing circumstances." (internal quotation marks omitted)); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that "[a] change in administration . . . is a perfectly reasonable basis for an executive agency's

reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

9. Courts routinely grant stays or abeyance in circumstances like those presented here where a new administration seeks to review prior actions. *See, e.g.*, Order, (ECF 1883880, 1882301),[2] *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration); Order (ECF 1675813, 1670157), *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017) (abating challenge to EPA's authority to regulate methane from oil and gas operations following change of administration); Order (ECF 1673071, 1668274), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abating challenges to Clean Power Plan rule following change of administration).

10. Abeyance would also preserve resources of the parties and the Court. It is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in

---

[2] In this and the following citations, the first ECF No. refers to the Court's Order and the second ECF No. refers to EPA's motion for a stay or abeyance. The date refers to the Order entered by the Court.

5

abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

11. For these reasons, the Court should place this matter in abeyance for 60 days, with motions to govern due at the conclusion of that period.

Respectfully submitted,

LISA LYNNE RUSSELL
*Deputy Assistant Attorney General*

*Of Counsel:*
DANIEL SCHRAMM
KYLE DURCH
  Office of the General Counsel
  U.S. Environmental Protection Agency
  Washington, D.C.

/s/ Zoe B. Palenik
ZOE B. PALENIK
  Environmental Defense Section
  Environment and Natural Resources Division
  U.S. Department of Justice
  P.O. Box 7611
  Washington, D.C. 20044
  (202) 353-5625
  Zoe.Palenik@usdoj.gov

February 6, 2025

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1106 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: February 6, 2025

                                                                                    s/ *Zoe B. Palenik*
                                                                                     ZOE B. PALENIK

# CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2025, I filed the foregoing Respondents' Motion to Hold Consolidated Cases in Abeyance with the Court's CM/ECF system, which will electronically serve counsel for the parties to these consolidated cases.

Dated: February 6, 2025

                                                                                    s/ *Zoe B. Palenik*
                                                                                    ZOE B. PALENIK