ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

STATE OF UTAH,

    *Petitioner*,

  v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL.,

    *Respondents*.

Case No. 23-1157 and consolidated cases

## RESPONDENTS' MOTION TO EXTEND BRIEFING DEADLINE

Respondents the United States Environmental Protection Agency and Administrator Lee Zeldin (collectively "EPA") respectfully move this Court to extend EPA's February 24, 2025, briefing deadline by 30 days, to March 26, 2025, if EPA's prior-filed abeyance motion is not granted. EPA recently moved this Court to place these consolidated cases in abeyance for 60 days, ECF 2099213, which, if granted, would moot this extension request. However, briefing on EPA's abeyance motion is ongoing and good cause exists to extend EPA's briefing deadline in the event the abeyance is not granted. Counsel for EPA consulted with counsel for Petitioners, Petitioner-Intervenors, and Respondent-Intervenors and was informed that:

1

- Industry Petitioners and State Petitioners (excluding Wisconsin) do not oppose this Motion;

- State Respondent-Intervenors oppose a thirty-day extension but do not oppose a ten-day extension, with Respondent-Intervenors' joint brief due ten days later. Public Interest Respondent-Intervenors and Petitioner-Intervenor Sierra Club, and Wisconsin as Petitioner in Case No. 23-1201, take the same position as State Respondent-Intervenors. State Respondent-Intervenors, Public Interest Respondent-Intervenors and Petitioner-Intervenor Sierra Club, and Wisconsin as Petitioner in Case No. 23-1201 all reserve the right to file a response;

- As of this filing, Petitioner-Intervenor City Utilities of Springfield, Missouri, has not responded with its position on this Motion.

In support of its request, EPA states the following:

1. Petitioners in the above-captioned consolidated cases challenge a rule promulgated by EPA under the Clean Air Act entitled, "Federal 'Good Neighbor Plan' for the 2015 Ozone National Ambient Air Quality Standards," 88 Fed. Reg. 36654 (June 5, 2023) ("Good Neighbor Plan" or "Rule").

2. The Good Neighbor Plan implements the Clean Air Act's Good Neighbor provision, 42 U.S.C. § 7410(a)(2)(D)(i)(I), which ensures that sources in upwind States whose pollution is affecting air quality in downwind States do their

2

fair share to reduce that pollution. As promulgated, the Good Neighbor Plan covered emissions sources in 23 States. However, following litigation in regional Circuits over EPA's predicate Disapproval Action,[1] implementation of the Good Neighbor Plan was initially stayed as to 12 States and was subsequently stayed as to all remaining States following the Supreme Court's decision in *Ohio v. EPA*, 603 U.S. 279 (2024). *See* 88 Fed. Reg. 49295 (July 31, 2023); 88 Fed. Reg. 67102 (Sep. 29, 2023); 89 Fed. Reg. 87960 (Nov. 6, 2024).

3.   Currently, the parties are engaged in supplemental briefing concerning the limited remand of the administrative record to EPA granted by this Court on September 12, 2024,[2] ECF 2074427 (Remand Order); ECF 2098345 (Order setting supplemental briefing schedule). Petitioners' supplemental briefs were filed on January 31 and February 3, 2025, and EPA's brief is due on February 24, 2025. *See* ECF 2093845.

4.   A 30-day extension of EPA's briefing deadline is warranted for multiple reasons. First, a new administration came into office on January 20, 2025, followed by the Administrator's confirmation on January 29, 2025. EPA is in the

---

[1] Air Plan Disapprovals; Interstate Transport of Air Pollution for the 2015 8-Hour Ozone National Ambient Air Quality Standards, 88 Fed. Reg. 9336 (Feb. 13, 2023) ("Disapproval Action").

[2] For a more detailed procedural history, EPA respectfully refers the Court to the procedural background outlined in its recent Motion to Hold Consolidated Cases in Abeyance, ECF 2099213 at 2-3.

3

process of briefing new Agency leadership on the underlying Good Neighbor Plan and these petitions for review. EPA has already moved for an abeyance to allow new administration officials the time necessary to review the Good Neighbor Plan, ECF 2099213, but the exigency of the February 24th briefing deadline necessitates this separate extension request. In the event abeyance is not granted, new Agency leadership who will review EPA's supplemental briefing prior to submission need time to familiarize themselves with this litigation and the Good Neighbor Plan. Similarly, new administration officials at the U.S. Department of Justice (DOJ) will also need time to familiarize themselves with this litigation before reviewing the supplemental briefing.

5. The sheer volume of Clean Air Act matters on which new EPA and DOJ leadership need briefing, which also requires the time and attention of government counsel and the need for coordination across multitudinous matters, further supports EPA's request for a 30-day extension here. As noted above, leadership positions are still being filled and new leadership need an opportunity to have discussions about the Good Neighbor Plan, as well as numerous other EPA actions.

6. A 30-day extension, in the event EPA's abeyance request is not granted, would allow EPA time to brief new Agency leadership on the substance of

4

this supplemental briefing and for new Agency leadership to review the briefing itself.

7.　　For these reasons, the Court should extend EPA's February 24, 2025, briefing deadline by 30 days, to March 26, 2025, if EPA's abeyance request is not granted.

Respectfully submitted,

Dated:  February 10, 2025

LISA LYNNE RUSSELL
　　*Deputy Assistant Attorney General*

s/ *Zoe B. Palenik*

*Of Counsel:*
DANIEL SCHRAMM
KYLE DURCH
　　Office of the General Counsel
　　U.S. Environmental Protection Agency
　　Washington, D.C.

ZOE B. PALENIK
　　Environmental Defense Section
　　Environment and Natural Resources Division
　　U.S. Department of Justice
　　P.O. Box 7611
　　Washington, D.C. 20044
　　(202) 353-5625
　　Zoe.Palenik@usdoj.gov

5

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 793 words. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: February 10, 2025

s/ *Zoe B. Palenik*
ZOE B. PALENIK

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2025, I filed the foregoing Respondents' Motion to Hold Consolidated Cases in Abeyance with the Court's CM/ECF system, which cause a copy of this Motion to be electronically served on all counsel of record in these consolidated cases.

Dated: February 10, 2025

s/ *Zoe B. Palenik*
ZOE B. PALENIK
