SCHEDULED FOR ORAL ARGUMENT ON APRIL 25, 2025

No. 23-1157
(and consolidated cases)

---

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

STATE OF UTAH, et al.,
*Petitioners*,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,
*Respondents*.

---

Petition for Review of Action of the U.S. Environmental Protection Agency

---

**RESPONDENTS' MOTION FOR REMAND**

---

Of Counsel:

DANIEL SCHRAMM
KYLE DURCH
*Attorneys*
U.S. Environmental Protection Agency

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*
ZOE B. PALENIK
ALEXANDRA L. ST. ROMAIN
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
(202) 353-5625
zoe.palenik@usdoj.gov

## INTRODUCTION

Respondents the United States Environmental Protection Agency and Administrator Lee Zeldin (collectively "EPA") respectfully request a voluntary remand without vacatur of the *Federal Good Neighbor Plan for the 2015 Ozone National Ambient Air Quality Standards*, 88 Fed. Reg. 36654 (June 5, 2023) (the "Rule").  As the attached EPA declaration explains, new Agency leadership has begun reviewing the Rule in light of the priorities and policies of the new administration.  *See* Ex. 1, Declaration of Abigale Tardif ("Tardif Decl.") ¶ 18 (Mar. 10, 2025).  EPA has identified specific issues with the Rule that make reconsideration appropriate, including issues raised by Petitioners in this litigation. *See id*. ¶ 19.  EPA intends to diligently and timely undertake this reconsideration and to complete any new rulemaking by Fall 2026.  *See id.* ¶ 21.  EPA makes this request in good faith to allow the new administration to implement its policies while conserving the resources of this Court and the Parties.  Thus, this Court should grant a voluntary remand.

Counsel for EPA consulted with counsel for Petitioners, Petitioner-Intervenors, and Respondent-Intervenors and was informed that:

- State Petitioners (except Wisconsin) do not oppose.  Wisconsin as Petitioner in 23-1201 takes no position.

- Industry Petitioners including Midwest Ozone Group consent to EPA's motion as described below.

- State Respondent-Intervenors oppose and intend to file a response.

- Public Interest Respondent-Intervenors and Petitioner-Intervenor Sierra Club reserve their position on EPA's motion and reserve the right to file a response.

- As of this filing, Petitioner-Intervenor City Utilities of Springfield, Missouri, has not responded with its position on this Motion.

## BACKGROUND

The Rule is the latest in a long line of EPA rulemakings tackling interstate ozone transport. The Rule as promulgated addressed sources of nitrogen oxide emissions (an ozone precursor) in 23 States.

The Rule covers sources in States that submitted a state implementation plan that EPA disapproved, as well as States that did not submit a plan to EPA at all. In a 2023 rule (the "Disapproval Action"), EPA decided to wholly or partially disapprove 21 States' "good neighbor" plan submissions, thereby necessitating federal plans for each of those States unless or until such States submit and EPA approves a subsequent state plan revision. *See Air Plan Disapprovals; Interstate Transport of Air Pollution for the 2015 8-Hour Ozone National Ambient Air Quality Standards*, 88 Fed. Reg. 9336 (Feb. 13, 2023). Litigation over EPA's

predicate Disapproval Action led to judicial stays of the Disapproval Action pending judicial review for 12 States, and EPA issued administrative stays of the application of the Rule to sources in those 12 States. *See* 88 Fed. Reg. 49295 (July 31, 2023); 88 Fed. Reg. 67102 (Sep. 29, 2023).[1]

Meanwhile, the Rule itself was challenged in the instant consolidated litigation. After this Court denied motions to stay the Rule pending judicial review, ECF 2018645, 2021268, 2029865, certain parties applied to the U.S. Supreme Court for emergency stays of the Rule pending judicial review, Docket Nos. 23A349, 23A350, 23A351, 23A384. In *Ohio v. EPA*, 603 U.S. 279 (2024), the Supreme Court stayed enforcement of the Rule as to the stay applicants. To implement that directive, EPA determined that it was necessary to stay the application of the Rule in all of the remaining 11 States where it was still in effect. *See* 89 Fed. Reg. 87960 (Nov. 6, 2024). Subsequently, EPA sought a remand from this Court. ECF 2068299.

This Court remanded the record to EPA in September 2024, "to permit [EPA] to further respond to comments in the record related to the severability" of the Rule. ECF 2074472. In December 2024, EPA notified this Court of the completion of remand proceedings and filed an Amended Certified Index to the

---

[1] Challenges to those administrative stays are in abeyance pending disposition of these cases. Order, *Nat'l Mining Ass'n v. EPA*, No. 23-1275 (D.C. Cir. Feb. 1, 2024), ECF 2038443.

Record, ECF 2089507, adding only a supplemental response to comments document. *See also* 89 Fed. Reg. 99105 (Dec. 10, 2024) ("Supplemental Response to Comments").  In accordance with this Court's adjudication of several competing Motions to Govern Future Proceedings, the Parties have proceeded to limited supplemental briefing concerning EPA's Supplemental Response to Comments.

A new administration came into office on January 20, 2025.  New leadership at EPA is in the process of reviewing the Rule, including the associated administrative petitions for reconsideration, EPA's Supplemental Response to Comments, and the trajectory of this litigation and related cases pending in this Court (e.g., *U.S. Steel v. EPA*, No. 24-1172 and the consolidated case; *Kinder Morgan, Inc. v. EPA*, No. 25-1054 and the consolidated cases).  On February 6 and 10, 2025, respectively, EPA moved for a 60-day abeyance of this case and, in the alternative, for a 30-day extension of its deadline to file a supplemental brief to allow new Agency leadership time to familiarize themselves with the Rule and to consider whether any further action is necessary.  ECF 2099213, 2099909.  On February 21, 2025, this Court denied EPA's abeyance request, granted EPA's extension request in part, and, thereafter, scheduled this case for oral argument.  ECF 2102088, 2102328.

Since the Court's February 21 order, EPA's new leadership has prioritized its review of the Rule.  And EPA's leadership has now decided to reconsider the Rule.  Tardif Decl. ¶¶ 18-19.

## ARGUMENT

Because EPA's new leadership has now concluded that reconsideration of the Rule is warranted, the Court should remand the Rule without vacatur to allow EPA to reconsider the Rule.  Remand will allow EPA to revisit the Rule's core legal and policy issues and to provide public notice and opportunity to comment on any proposed changes to the Rule.  Tardif Decl. ¶¶ 19-21.  During remand, the Court should retain jurisdiction and hold these proceedings in abeyance until EPA has completed its process of reviewing and, potentially, revising the Rule.  EPA proposes filing 90-day status reports during the pendency of the remand.

This Court has "broad discretion" to grant remand; doing so is appropriate so long as "the agency intends to take further action with respect to the original agency decision on review."  *Limnia, Inc. v. Dep't of Energy*, 857 F.3d 379, 381, 386 (D.C. Cir. 2017) (emphasis omitted).  Indeed, requests for voluntary remand are generally "only refuse[d] . . . when the agency's request is frivolous or made in bad faith."  *Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012).

This is for good reason.  "Administrative reconsideration is a more expeditious and efficient means of achieving an adjustment of agency policy than

is resort to the federal courts." *B.J. Alan Co. v. ICC*, 897 F.2d 561, 562 n.1 (D.C. Cir. 1990) (internal quotation marks and citation omitted).  As *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993), explained, courts "commonly grant such motions, preferring to allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete."

Remand is proper in this case to allow EPA to reconsider whether the Rule aligns with this administration's policy objectives.  *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1043 (D.C. Cir. 2012) ("A change in administration brought about by the people casting their votes is a perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations[.]" (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 59 (1983) (Rehnquist, J., concurring in part and dissenting in part)); *see also SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001) (explaining that an agency may justify a request for remand by "simply stat[ing] that it had doubts about the correctness of its decision or that decision's relationship to the agency's other policies").

A remand would also allow the Agency to review the Rule in light of the challenges raised by Petitioners.  There are several issues presented by Petitioners on various aspects of the Rule that the Agency has now expressed its intent to

reconsider.  Tardif Decl. ¶ 19.  Specifically, EPA presently intends to focus its

review on several core aspects of the Rule, including: the scope of States included

in the Rule, the scope of sources subject to the Rule, and what constitutes

"significant contribution."  *Id*.  EPA expects that any proposed action modifying or

revising the Rule on reconsideration would be subject to notice-and-comment

rulemaking procedures. *Id.* ¶ 20; *see Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d

1392, 1405 (9th Cir. 1995) (granting remand without vacatur so agency could

undertake "necessary procedures").  EPA intends to complete such rulemaking

expeditiously and specifically, currently intends to complete final rulemaking by

Fall of 2026.  Tardif Decl. ¶ 21.

     As new Agency leadership's review of the Rule is just beginning, EPA

cannot say now whether its review will reveal any error within the Rule that

requires a rulemaking proceeding to revise the Rule—but EPA need not concede

error to obtain a remand.  *See Limnia, Inc.*, 857 F.3d at 387.  Instead, EPA must "at

least . . . profess intention to reconsider, re-review, or modify the original agency

decision that is the subject of the legal challenge," which is what EPA has done.

*Id.*; *see also SKF USA Inc.*, 254 F.3d at 1027-28, 1029 ("[W]hen an agency action

is reviewed by the courts, in general the agency may take one of five positions,"

including that the agency may request "a remand (without confessing error) in

order to reconsider its previous position"); *Cal. Cmtys. Against Toxics*, 688 F.3d at 992 (same and citing *SKF*, 254 F.3d at 1029).

EPA's request for a voluntary remand is made in good faith. Following the change in administration, EPA promptly filed Motions for an Abeyance and, in the alternative, for an Extension, which put all Parties on notice that new Agency leadership needed time to review the Rule. ECF 2099213, 2099909. The Court granted EPA a partial extension of its existing briefing deadline and, during this period, new Agency leadership continued to consider appropriate next steps for the Rule. EPA has represented that it intends to review and potentially revise the Rule pursuant to Executive Order 14154, "Unleashing American Energy," and Executive Order 14156, "Declaring a National Energy Emergency." Tardif Decl. ¶ 18. EPA is thus not prepared to make representations to this Court concerning its position on the Rule and has accordingly determined that a remand to allow a thorough review of the Rule is necessary. *Cf. Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency.").

Granting remand to allow EPA to revisit the Rule also promotes judicial economy and conserves the Parties' and the Court's resources. *See B.J. Alan Co.*, 897 F.2d at 562 n.1 (recognizing the efficiency of administrative reconsideration to

modify agency policy as compared to judicial review).  Rather than proceed with briefing and oral argument *while* EPA undertakes a review of the Rule that could obviate the need for judicial review, a remand preserves the resources of the Parties and the Court.  Even if EPA reaffirms aspects of the Rule following a remand, it is possible that its review of the Rule could address portions of the Rule challenged by Petitioners and thus narrow the issues before this Court.

Finally, EPA requests that the Court retain jurisdiction and hold this case in abeyance during the remand to preserve the status quo.  In addition to the stays of the Rule pending judicial review of the Disapproval Action as to certain States, the Supreme Court stayed the enforcement of the Rule as to certain applicants pending judicial review.  EPA has thus administratively stayed the application of the Rule in all 23 of the original States covered by the Rule.  *See* 88 Fed. Reg. 49295 (July 31, 2023); 88 Fed. Reg. 67102 (Sept. 29, 2023); 89 Fed. Reg. 87960 (Nov. 6, 2024).  Because application of the Rule is stayed by rule, EPA would need to take rulemaking action, compliant with any final judicial judgment in this case and the cases challenging the Disapproval Action, to implement the Rule in some or all of the relevant States.  EPA's reconsideration could result in additional agency action, following notice and comment, that would revise the Rule.  Thus, vacatur is premature and unnecessary at this time.

## CONCLUSION

EPA respectfully requests that the Court remand the Rule to EPA without vacatur, continue oral argument, retain jurisdiction, and hold these cases in abeyance until EPA has completed its process of reviewing and, potentially, revising the Rule.  EPA proposes filing 90-day status reports during the pendency of the remand.

Respectfully submitted,

/s/ *Alexandra L. St. Romain*
ADAM R.F. GUSTAFSON

Of Counsel:                                        *Acting Assistant Attorney General*
                                                            ZOE P. PALENIK
DANIEL SCHRAMM                        ALEXANDRA L. ST. ROMAIN
KYLE DURCH                                  *Attorneys*
*Attorneys*                                        Environment and Natural Resources Division
U.S. Environmental Protection Agency   U.S. Department of Justice

March 10, 2025

**CERTIFICATE OF COMPLIANCE**

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 2,119 words. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ *Alexandra L. St. Romain*
ALEXANDRA L. ST. ROMAIN

Counsel for Respondents

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March, 2025, I filed a copy of the foregoing Motion for Remand with the Clerk of Court using the CM/ECF system, which will cause a copy to be served electronically on all counsel of record registered to use the CM/ECF system.

/s/*Alexandra L. St. Romain*
ALEXANDRA L. ST. ROMAIN