ORAL ARGUMENT SCHEDULED FOR APRIL 25, 2025

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| STATE OF UTAH, *et al.*, | ) | |
| | ) | |
| *Petitioners*, | ) | |
| | ) | |
| v. | ) | No. 23-1157, and |
| | ) | consolidated cases |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | ) | |
| | ) | |
| *Respondents*. | ) | |
| | ) | |
| | ) | |

**JOINT PROPOSAL OF PETITIONERS AND RESPONDENT-
INTERVENOR REGARDING ORAL ARGUMENT FORMAT**

In response to this Court's letter of March 3, 2025, ECF 2103581, State
Petitioners (not including the State of Wisconsin as used herein), Industry
Petitioners, and Respondent-Intervenor Midwest Ozone Group[1] (collectively,
"Petitioners") in Case Nos. 23-1157 *et al.* respectfully submit the following joint
proposal regarding the structure and length of oral argument scheduled for April 25,
2025, if held, involving review of the U.S. Environmental Protection Agency's
("EPA" or "Respondent") final action entitled "Federal 'Good Neighbor Plan' for
the 2015 Ozone National Ambient Air Quality Standards," published at 88 Fed. Reg.

---

[1] In addition to being a Petitioner, Midwest Ozone Group is a Respondent-
Intervenor as to the State of Wisconsin's Petition.

1

36,654 (June 5, 2023) (the "Rule"), along with its action, "Federal 'Good Neighbor Plan' for the 2015 Ozone National Ambient Air Quality Standards; Notice on Remand of the Record of the Good Neighbor Plan to Respond to Certain Comments," 89 Fed. Reg. 99,105 (Dec. 10, 2024) ("Supplement").[2]

Petitioners conferred with Petitioner-Intervenor City Utilities of Springfield and Petitioner-Intervenor agrees with and supports Petitioners' proposal. Petitioners conferred with Respondent EPA and while Petitioners and EPA agree that merits argument in *Utah v. EPA*, No. 23-1157, is not appropriate at this time, EPA opposes the alternative merits argument format proposed by Petitioners. Petitioners conferred with Public Interest Respondent-Intervenors, State and Local Government Respondent-Intervenors, Petitioner Wisconsin, and Petitioner-Intervenor Sierra Club, and they state that they oppose the format proposed by Petitioners. These parties will file a separate proposed format for oral argument.

Petitioners agree with EPA that merits argument in Case Nos. 23-1157 *et al.* is not appropriate at this time given (a) EPA's request for Remand (ECF 2104881),

---

[2] To avoid overlap, Petitioners have also coordinated the development of this proposed format with petitioners in the separate case *United States Steel Corp. v. EPA*, Case Nos. 24-1172 et al. However, separate submissions are appropriate here, where the two sets of consolidated cases have not been further consolidated with each other and are directed to be argued separately. *See* ECF 2067416. Petitioners propose that argument in *United States Steel Corp.* would be separate but follow immediately after argument in *Utah*. The petitioners in *United States Steel Corp.* will file a separate proposed format for their argument.

along with the declaration of Principal Deputy Assistant Administrator Abigale Tardif attached thereto, which request remains outstanding as of the time of this filing; (b) the statements made by EPA that new agency leadership is reconsidering key elements of the rule, *see id.* at Tardif Decl. ¶¶ 19–21, and (c) the clear commitments made by EPA that it will complete its reconsideration and issue a final rule on reconsideration by the Fall of 2026, *id.*

If this Court proceeds with oral argument, and assuming the Court has not issued a decision on EPA's request for remand, Petitioners agree with EPA that the only issue appropriate for argument is EPA's request for remand, as raised in EPA's Motion For Remand (ECF 2104881) and Petitioners' Joint Response in Support (ECF 2106862). Limited to the issue of EPA's request for remand, Petitioners propose that the Court allocate 10 minutes per side. Mathura Sridharan and Mithun Mansinghani would present argument on behalf of Petitioners on this issue.

However, if this Court decides to proceed with oral argument on the merits of the Rule, and in the alternative, Petitioners propose the following division of issues in Case Nos. 23-1157 *et al.* and allocation of argument time and otherwise respond to the items raised in the Court's March 3, 2025 letter. Petitioners' proposal requests a total amount of time per side for each issue identified in more detail below.

As discussed further below, Petitioners propose that oral argument in these 26 consolidated cases be allotted four hours and ten minutes and that oral argument

proceed in three phases to address issues that fall under three main categories: (1) cross-cutting issues raised by State and Industry Petitioners; (2) issues raised by Western States (Utah and Nevada); and (3) specific issues raised by Industry Petitioners. Within the third phase addressing Industry Petitioner issues only, there are four general categories: (a) cross-cutting issues related to energy reliability; (b) issues applicable to powerplant sources (i.e., electric generating units ("EGUs")); (c) issues applicable to other industry sources ("Non-EGUs"); (d) issues specific to the iron and steel industries; (e) as necessary, Industry's perspective on EPA's failure to consider why the number and identify of participating States does not affect the resulting downwind air quality improvements, whether the Supplement was permissible, and the appropriateness of EPA's current request for remand; and (f) EPA's failure to subject its actions to public comment, as required under the Clean Air Act.

The advocates for the three phases are:

- Phase one: Mathura Sridharan for State and Industry Petitioners.

- Phase two: Stanford Purser for Utah and Nevada.

- Phase three: Mithun Mansinghani for Industry Petitioners.

## I.    Cross-Cutting Issues Raised by State and Industry Petitioners (Except Wisconsin)

**Time Allocation and Counsel.** For portions I.A through I.B of the argument combined, Petitioners propose that the Court allocate 40 minutes for Petitioners, 20

minutes for Respondents, and 20 minutes for Respondent-Intervenors.[3] Mathura Sridharan would present argument on behalf of all State and Industry Petitioners.

### A. Whether the 23-state federal implementation plan is arbitrary, capricious, or otherwise unlawful when applied to any different mix of states.

**Issue**. This portion of the argument would address issues relating to whether the Rule is arbitrary and capricious because of EPA's failure to consider what would happen to its supporting analyses if state implementation plan disapprovals were stayed, vacated, or if states otherwise dropped out of the plan, as raised in State Petitioners' Brief § I (ECF 2071453), State Petitioners' Reply Brief § I (ECF 2071454), and EPA Brief § I (ECF 2071369).

### B. Whether EPA's mid-litigation remand to attempt to supplement the record is permissible and whether the Court must grant EPA's current request for remand without vacatur.

**Issue**. This issue covers three sub-issues, two of which are related to the earlier remand in this case: (i) whether EPA's mid-litigation attempt to consider and assess the impact of States dropping out of the Rule is permissible; if so, (ii) whether EPA remedied its errors; and (iii) whether the Court must grant the EPA's additional, currently pending, request for remand without vacatur given steps taken by EPA to reconsider the rule.

---

[3] As used in this document, Respondent-Intervenors refers to the Public Interest Respondent-Intervenors and State and Local Government Respondent-Intervenors.

Specifically, the first portion of the argument would address whether EPA's attempt to remedy its failure to consider the impact of states dropping out of the Rule was permissible under the Clean Air Act and the Administrative Procedure Act, as raised in State Petitioners' Supplemental Brief § I (ECF 2097914), State Petitioners' Supplemental Reply Brief (forthcoming March 27, 2025), and Respondents-Intervenors' Supplemental Brief § I (ECF 2106184).

The next sub-issue would address EPA's failure, in the Supplement, to analyze and reasonably explain how the Rule functions even when multiple States for which it was originally promulgated drop out of regulation under the Rule, as identified by the Supreme Court in *Ohio v. EPA*, 603 U.S. 279, 293-94 (2024). In particular, as to whether the Supplement in fact explains why the Rule could reasonably be applied to a far smaller subset of states than originally intended, the argument would address EPA's state-dependent cost-effectiveness analysis, EPA's failure to show that the Rule would generate "meaningful" air quality improvement, EPA's method for selecting Non-EGU sources for regulation, and EPA's reliance on multi-state emissions allowance trading in developing the Rule. This second sub-issue is raised in State Petitioners' Supplemental Brief § II (ECF 2097914), State Petitioners' Supplemental Reply Brief (forthcoming March 27, 2025), and Respondents-Intervenors' Supplemental Brief §§ I–II (ECF 2106184).

The final sub-issue would be EPA's request to remand without vacatur if the Court asks the parties to address it.

## II.    Issue Raised by Western States (Utah and Nevada): Whether EPA's Decision to Regulate Utah and Nevada Under the Rule was arbitrary and Capricious

**Issue and Time Allocation**. This portion of the argument would address whether EPA's decision to regulate Utah and Nevada under the Rule was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law when EPA determined significant contribution using the four-step framework that EPA has long recognized does not properly account for unique factors in Western States. For this portion of the argument, Petitioners propose that the Court allow 10 minutes for Petitioners, 5 minutes for Respondent, and 5 minutes for Respondent-Intervenors. This issue is raised in State Petitioners' Brief § II (ECF 2071453), State Petitioners' Reply Brief § II (ECF 2071454), and EPA Brief § IV (ECF 2071369).

**Counsel Presenting Argument**. Stanford Purser would present the argument on behalf of the States of Utah and Nevada.

## III.    Specific Issues Raised by Industry Petitioners

**Time Allocation and Counsel.** For portions III.A through III.F of the argument, Petitioners propose individual time allocations that are required to present argument on each topic set forth in each of the subsections that follow. The overall

time allocation proposed is 75 minutes per side. Mithun Mansinghani would present the argument on behalf of Industry Petitioners.

### A.    Cross-Cutting Issues Related to Energy Reliability

**Issue and Time Allocation**. This portion of the argument would address the issues relating to whether EPA arbitrarily and capriciously failed to consider important aspects of the problem in setting compliance deadlines, which would cause energy reliability issues for natural gas pipelines and powerplants, including whether the availability of case-by-case and discretionary compliance extensions for Non-EGUs remedy an arbitrary and capricious rule, as raised in Industry Petitioners' Brief § III.D (ECF 2071443), Industry Petitioners' Reply Brief § VII (ECF 2071451), and EPA Brief § II.E (ECF 2071369). For this portion of the argument, Petitioners propose that the Court allocate 5 minutes for Petitioners, 2.5 minutes for Respondent, and 2.5 minutes for Respondent-Intervenors.

### B.    Powerplant Issues

**Time Allocation.** For this portion III.B of the argument, Petitioners propose that the Court allocate 20 minutes for Petitioners, 10 minutes for Respondent, and 10 minutes for Respondent-Intervenors.

### 1.    Whether the Rule overcontrols powerplants.

**Issue**. This portion of the argument would address the issues relating to whether the Rule overcontrols powerplants by requiring emissions reductions below

8

the levels of "significant contribution" that EPA itself defined and whether EPA's overcontrol analysis fails to support the Rule because it does not evaluate the full impacts of the budget "enhancements," as raised in Industry Petitioners' Brief § III.A (ECF 2071443), Industry Petitioners' Reply Brief § IV (ECF 2071451), and EPA Brief § II.B (ECF 2071369).

> ### 2. Whether the Rule's budget "enhancements" undermine EPA's cost-effectiveness analysis for powerplants.

**Issue**. This portion of the argument would address the issues relating to whether the Rule's "enhancements" undermine EPA's cost-effectiveness analysis for powerplants because the enhancements eliminate the trading flexibility EPA used to justify balancing out cost variations for EGUs, and whether such enhancements are even permissible in the first instance under *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), as raised in Industry Petitioners' Brief § III.B.3 (ECF 2071443), Industry Petitioners' Reply Brief §§ I, V (ECF 2071451), and EPA Brief § II.C (ECF 2071369).

### C. Cross-Cutting Non-EGU Issues

**Time Allocation**. For this portion III.C of the argument, Petitioners propose that the Court allocate 25 minutes for Petitioners, 12.5 minutes for Respondent, and 12.5 minutes for Respondent-Intervenors.

    1.    <u>Whether EPA's cost-effectiveness analysis performed for non-EGUs results in a Rule that is arbitrary and capricious and violates the Clean Air Act.</u>

**Issue**. This portion of the argument would address the issues relating to whether EPA's cost-effectiveness analysis results in a Rule that is arbitrary and capricious and violates the Clean Air Act, interpreted consistent with *Loper Bright*, where (a) EPA requires controls regardless of actual costs—but purports to provide a case-by-case and discretionary exception for ill-defined "extreme economic hardship"—and thereby departed, without explanation, from its traditional "cost-effectiveness" analysis to determine Non-EGUs' "amount" of "significant contribution," and (b) EPA unlawfully estimated Non-EGU costs-per-ton based on annual emissions rather than actual ozone-season emissions, as it calculated for EGUs. These issues are as raised in Industry Petitioners' Brief § III.B (except § III.B.3) (ECF 2071443), Industry Petitioners' Reply Brief §§ I, VI.B (ECF 2071451), and EPA Brief § III.A (ECF 2071369).

    2.    <u>Whether EPA applied the Rule to non-EGU sources that, under EPA's own approach, do not have a "significant contribution," 42 U.S.C. § 7410(a)(2)(D), to downwind air quality issues, and whether EPA arbitrarily and capriciously determined which sources to include for regulation in the Rule.</u>

**Issue**. This portion of the argument would address the issues relating to whether EPA applied the Rule to non-EGU sources that, under EPA's own approach, do not have a "significant contribution," 42 U.S.C. § 7410(a)(2)(D), on downwind

air quality issues, and whether EPA arbitrarily and capriciously determined which sources to include for regulation in the Rule. The argument would focus in particular on EPA's regulation of all pipeline engines with a design capacity of 1,000 horsepower or greater, and all boilers with a design capacity of 100 MMBtu/hr or greater, even after EPA determined these criteria do not "reasonably approximate" the 100-tons-per-year significant contribution threshold, as well as regulation of iron and steel sources based on incorrect data where EPA failed to correct acknowledged errors in its screening assessment and ignored analysis showing its emissions and air-quality impacts estimates were wrong for the steel industry. These issues are raised in Industry Petitioners' Brief § III.C.1–III.C.2 (ECF 2071443), Industry Petitioners' Reply Brief § VI.C–VI.E (ECF 2071451), and EPA Brief § III.B.1–III.B.3 (ECF 2071369).

### D.    Iron and Steel Specific Issues

**Issue and Time Allocation**. This portion of the argument would address issues relating to whether the steel industry requirements violate the Clean Air Act and are arbitrary and capricious by imposing a work plan process that allows EPA to impose requirements on the iron and steel industry without record support and without going through notice-and-comment rulemaking, as raised in Industry Petitioners' Brief § III.C.3 (ECF 2071443), Industry Petitioners' Reply Brief § VI.F (ECF 2071451), and EPA Brief § III.C (ECF 2071369). Petitioners propose that

argument on this issue would be 5 minutes for Petitioners, 2.5 minutes for Respondent, and 2.5 minutes for Respondent-Intervenors.

> **E.    EPA's current request for remand, EPA's failure to consider that certain covered states could (and in fact did) drop out of regulation under the Rule, and whether the Rule is consistent with the best reading of the statute.**

**Issue and Time Allocation**. This portion of the argument would address issues relating EPA's currently pending request for remand considering EPA's clear commitments to reconsider the Rule, as raised in EPA's Motion For Remand (ECF 2104881) and Petitioners' Joint Response in Support (ECF 2106862).

This portion of the argument would also address whether the Rule is arbitrary and capricious because of EPA's failure to consider what would happen to its supporting analyses if state implementation plan disapprovals were stayed, vacated, or if states otherwise dropped out of the plan, as raised in Industry Petitioners' Brief § II (ECF 2071443), Industry Petitioners' Reply Brief § III (ECF 2071451), and EPA Brief § I (ECF 2071369).

Finally, this portion of the argument would address whether the Rule is consistent with the best reading of 42 U.S.C. § 7410(a)(2)(D)(i) or whether that provision forbids the Rule's approach for determining "significant contribution" and for determining emissions-reduction requirements for dozens of separate States when § 7410(a)(2)(D)(i) necessarily calls for a State-by-State inquiry, as raised in

Industry Petitioners' Brief § III (ECF 2071443), Industry Petitioners' Reply Brief § I (ECF 2071451), and EPA Brief § II (ECF 2071369).

Because State Petitioners will also present on the first two sub-issues, Petitioners propose that this portion of the argument would be 15 minutes for Petitioners, 7.5 minutes for Respondent, and 7.5 minutes for Respondent-Intervenors.

### F.    EPA's Procedural Violations.

**Issue and Time Allocation**. This portion of the argument would address issues relating to whether EPA deprived the public of a meaningful comment opportunity, as raised in Industry Petitioners' Brief § III.E (ECF 2071443), Industry Petitioners' Reply Brief § IV (ECF 2071451), Industry Petitioners' Supplemental Brief § III (ECF 2097914), Industry Petitioners' Supplemental Reply Brief (forthcoming March 27, 2025), and EPA Brief § III.F (ECF 2071369). Petitioners propose that argument on this issue would be 5 for Petitioners, 2.5 minutes for Respondent, and 2.5 minutes for Respondent-Intervenors.

**Table 1 – Summary of Proposed Format**

| Issue No. | Issue | Brief Citations | Time and Counsel |
|---|---|---|---|
| *I. Issues Raised by State Petitioners (except Wisconsin)* | | | |
| A. | Whether the Rule is arbitrary and capricious because of EPA's failure to consider what would happen to its supporting analyses if state implementation plan disapprovals | • State Pet. Br. § I<br>• State Pet. Reply Br. § I<br>• EPA Br. § I | 40 minutes for Petitioners, to be presented by Mathura Sridharan |

13

| Issue No. | Issue | Brief Citations | Time and Counsel |
|---|---|---|---|
| | were stayed, vacated, or if states otherwise dropped out of the plan. | | 20 minutes for Respondents |
| B. | Whether EPA's attempt to remedy its failure to consider the impact of states dropping out of the Rule was permissible under the Clean Air Act and the Administrative Procedure Act, and, if so, whether the attempt does in fact remedy the errors. | • State Pet. Supp. Br. §§ I, II<br>• State Pet. Supp. Reply Br. (forthcoming March 27, 2025)<br>• Respondent-Intervenor' Supp. Br. §§ I–II | 20 minutes for Respondent-Intervenors |
| *II. Issues Raised by Utah and Nevada* | | | |
| | Whether EPA acted arbitrarily and capriciously in applying the Rule to the Western States of Utah and Nevada | • State Petitioners' Brief § II<br>• State Petitioners' Reply Brief § II<br>• EPA Brief § IV | 10 minutes for Petitioners, to be presented by Stanford Purser<br><br>5 minutes for Respondents<br><br>5 minutes for Respondent-Intervenors |
| *III. Issues Raised by Industry Petitioners* | | | |
| A. | Whether EPA arbitrarily and capriciously failed to consider important aspects of the problem in setting compliance deadlines, which would cause energy reliability issues for natural gas pipelines and powerplants. | • Industry Pet. Br. § III.D<br>• Industry Pet. Reply Br. § VII<br>• EPA Br. § II.E | 5 minutes for Petitioners<br><br>2.5 minutes for Respondents<br><br>2.5 minutes for Respondent-Intervenors |
| B.1 | Whether the Rule overcontrols powerplants. | • Industry Pet. Br. § III.A<br>• Industry Pet. Reply Br. § IV<br>• EPA Br. § II.B | 20 minutes for Petitioners |

| Issue No. | Issue | Brief Citations | Time and Counsel |
|---|---|---|---|
| B.2 | Whether the Rule's "enhancements" undermine EPA's cost-effectiveness analysis for powerplants. | • Industry Pet. Br. § III.B.3<br>• Industry Pet. Reply Br. § V<br>• EPA Br. § II.C | 10 minutes for Respondents<br><br>10 minutes for Respondent-Intervenors |
| C.1 | Whether EPA's cost-effectiveness analysis for Non-EGUs results in a Rule that is arbitrary and capricious and violates the Clean Air Act. | • Industry Pet. Br. § III.B (except III.B.3)<br>• Industry Pet. Reply Br. § VI.B<br>• EPA Br. § III.A | 25 minutes for Petitioners<br><br>12.5 minutes for Respondents |
| C.2 | Whether EPA applied the Rule to non-EGU sources that, under EPA's own approach, do not have a "significant contribution." | • Industry Pet. Br. § III.C.1<br>• Industry Pet. Reply Br. § VI.C<br>• EPA Br. § III.B.1 | 12.5 minutes for Respondent-Intervenors |
| D. | Whether EPA's work plan process for iron and steel exceeded its statutory authority and is arbitrary and capricious. | • Industry Petitioners' Brief § III.C.3<br>• Industry Petitioners' Reply Brief § VI.F<br>• EPA Brief § III.C | 5 minutes for Petitioners<br><br>2.5 minutes for Respondents<br><br>2.5 minutes for Respondent-Intervenors |
| E. | Whether EPA's request for remand is appropriate in light of EPA's clear commitments to re-consider the Rule; whether the Rule is arbitrary and capricious because of EPA's failure to consider what would happen to its supporting analyses if state implementation plan disapprovals were stayed, vacated, or if states otherwise dropped out of the plan; whether EPA's attempt to remedy its failure to consider the impact of states dropping out of the Rule was permissible under the Clean Air Act | • Industry Pet. Br. § II<br>• Industry Pet. Reply Br. § III<br>• Industry Pet. Supp. Br. § I<br>• Industry Pet. Supp. Reply Br. (forthcoming March 27, 2025) | 15 minutes for Petitioners<br><br>7.5 minutes for Respondents<br><br>7.5 minutes for Respondent-Intervenors |

| Issue No. | Issue | Brief Citations | Time and Counsel |
|---|---|---|---|
| | and the Administrative Procedure Act, and, if so, whether the attempt does in fact remedy the errors; and whether the Rule implements the best interpretation of the Clean Air Act. | | |
| F. | Whether EPA violated the rulemaking requirements of the Clean Air Act. | • Industry Petitioners' Brief § III.E<br>• Industry Petitioners' Reply Brief § IV<br>• Industry Petitioners' Supplemental Brief § III<br>• Industry Petitioners' Supplemental Reply Brief (forthcoming March 27, 2025)<br>• EPA Brief § III.F. | 5 minutes for Petitioners<br><br>2.5 minutes for Respondents<br><br>2.5 minutes for Respondent-Intervenors |
| | | **Total Time:  Four hours and ten minutes** | |

Petitioners propose to present the issues in the order listed above because it represents a logical sequencing of the multiple legal and factual issues among the 26 consolidated cases.

The total time for argument and allocation between the issues is appropriate given the large number of issues raised in this consolidated litigation and their scope and the technical complexity of the rulemaking. Additionally, by organizing the issues such that only one advocate for Petitioners will be present for each phase, the argument will be significantly streamlined, with less time taken for transitions.

## IV.    Issues for Which Petitioners Propose Resting on the Briefs

Petitioners have raised several other important issues in their Briefs. To avoid overburdening the Court, Petitioners are willing to forgo oral argument on these

issues, though Petitioners' willingness to rest on the briefing should not be construed as signifying that these arguments are of lesser importance or merit. These issues involve:

- Whether EPA's promulgation of a federal implementation plan was unlawful as to states where EPA failed to first lawfully disapprove relevant state implementation plans (e.g. Arkansas, which was judicially stayed at the time EPA promulgated its federal implementation plan), as raised in Industry Petitioners' Brief § IV, Industry Petitioners' Reply Brief § VI.G, and EPA Brief § III.G.

- Whether the Rule overcontrols non-EGUs in Arkansas in violation of the Supreme Court's decision in *EPA v. EME Homer City Generation, LP*, 572 U.S. 489 (2014), where the record shows that regulating steel from Arkansas is not necessary to eliminate any significant contribution from Arkansas and EPA ignored that multiple enforceable closures of EGUs in Arkansas would eliminate all so-called significant contribution from Arkansas without any need to regulate non-EGUs, as raised in Industry Petitioners' Brief § III.C.2, Industry Petitioners' Reply Brief § VI.E, and EPA Brief § III.B.2.

- Whether EPA properly applied the Rule in Indian Country, as raised in State Petitioners' Brief § II.C (ECF 2071453), Industry Petitioners'

Brief § II (ECF 2071443), State Petitioners' Reply Brief § III (ECF 2071454), Industry Petitioners' Reply Brief § VIII (ECF 2071451), and EPA Brief § V (ECF 2071369).

- Whether the Supplement impermissibly exceeded the scope of this Court's remand order by buttressing other aspects of the Rule unrelated to EPA's failure to consider the impact of States dropping out of the regulation under the Rule, as raised in Industry Petitioners' Supplemental Brief § II (ECF 2098255) and Respondents-Intervenors' Supplemental Brief 3 n.3 (ECF 2106184).

- Additionally, with respect to Wisconsin's petition, whether the Rule is sufficiently protective of downwind states, as raised in Wisconsin's Brief § I (ECF 2071426), EPA Brief § VI.A (ECF 2071369), and Midwest Ozone Group Brief §§ I–III (ECF 2071384).

In the event, however, that the Court believes that oral argument would be helpful on these additional issues, Petitioners will have counsel available who will be prepared to answer questions the Court may have on these issues.

## CONCLUSION

For the foregoing reasons, Petitioners and Respondent-Intervenors respectfully request that the Court defer oral argument in these cases or hold oral argument on the limited issue of EPA's Motion For Remand. If the Court proceeds with oral argument on all merits issues, then Petitioners and Respondent-Intervenor

respectfully request that the Court allocate oral argument time in the manner set forth

above.

  Dated: March 25, 2025                      Respectfully submitted,


                                                    */s/ Ana Maria Gutiérrez*

Catherine E. Stetson                          Ana Maria Gutiérrez

Hogan Lovells US LLP                       Michael Dean Miller

555 Thirteenth Street, NW                 Womble Bond Dickinson (US) LLP

Washington, DC 20004                     1601 19th Street, Suite 1000

(202) 637-5600                                Denver, CO 80202

Cate.Stetson@hoganlovells.com            (720) 983-1350

                                                  ana.gutierrez@wbd-us.com

                                                  michael.miller@wbd-us.com

                                                  *Counsel for Kinder Morgan, Inc.*

*/s/ Michael B. Schon*                      */s/ Kathleen Mueller*

Michael B. Schon                           Samuel B. Boxerman

Lᴇʜᴏᴛsᴋʏ Kᴇʟʟᴇʀ Cᴏʜɴ LLP             Kathleen Mueller

200 Massachusetts Ave. N.W.             Jeremy Rozansky

Washington, DC 20001                    Sɪᴅʟᴇʏ Aᴜsᴛɪɴ LLP

(512) 693-8350                                  1501 K Street N.W.

                                                  Washington, DC 20005

Mithun Mansinghani

Lᴇʜᴏᴛsᴋʏ Kᴇʟʟᴇʀ Cᴏʜɴ LLP             *Counsel for Interstate Natural*

629 W. Main St.                               *Gas Association of America and*

Oklahoma City, OK 73102               *American Petroleum Institute*

(512) 693-8350


*Counsel for National Mining Association*

DAVE YOST
Ohio Attorney General

*/s/ Mathura Sridharan*
T. ELLIOT GAISER
Ohio Solicitor General
MATHURA J. SRIDHARAN*
 *Counsel of record*
ZACHERY P. KELLER
Deputy Solicitors General
GREGG BACHMANN
Section Counsel – Environmental
30 East Broad Street, 17th Floor
Phone: 6l4-466-8980
Fax: 614-466-5087
mathura.sridharan@ohioago.gov

*Counsel for the State of Ohio*


JOHN B. McCUSKEY
Attorney General of West Virginia

*/s/ Michael Williams*
MICHAEL WILLIAMS
West Virginia Solicitor General
Office of the West Virginia Attorney General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
Phone: 682-313-4550
Michael.R.Williams@wvago.gov

*Counsel for State of West Virginia*

THEODORE E. ROKITA
Attorney General of Indiana

*/s/ James Barta*
JAMES A. BARTA
Indiana Solicitor General
Office of the Indiana Attorney
General
IGC-South, Fifth Floor
302 West Washington Street
Indianapolis, IN 46204
Phone: 317-232-0709
James.Barta@atg.in.gov

*Counsel for State of Indiana*


RUSSELL COLEMAN
Attorney General of Kentucky

*/s/ Matthew F. Kuhn*
MATTHEW F. KUHN
Kentucky Solicitor General
Office of Kentucky Attorney
General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: 502-696-5300
Matt.Kuhn@ky.gov

*Counsel for the Commonwealth of
Kentucky*

*/s/ Jarrod L. Bentley*
JARROD L. BENTLEY
Kentucky Energy and Environment Cabinet
Office of Legal Services
300 Sower Boulevard, Third Floor
Frankfort, Kentucky 40601
(502) 782-0568
jarrod.bentley@ky.gov

*Counsel for Kentucky Energy and Environment Cabinet*

*/s/ Allison D. Wood*
Allison D. Wood
Makram B. Jaber
Aaron M. Flynn
MCGUIRE WOODS LLP
888 16th Street N.W., Suite 500
Black Lives Matter Plaza
Washington, DC 20006

*Counsel for Associated Electric Cooperative, Inc., Deseret Generation & Transmission Co-Operative d/b/a Deseret Power Electric Cooperative, Ohio Valley Electric corporation, Wabash Valley Power Association, Inc. d/b/a Wabash Valley Power Alliance, America's Power, National Rural Electric Cooperative Association and Portland Cement Association*

AARON D. FORD
Attorney General of Nevada

*/s/ Heidi Parry Stern*
HEIDI PARRY STERN
Solicitor General
Office of the Nevada Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
(702) 486-3594
HStern@ag.nv.gov

*Counsel for State of Nevada*

*/s/ David M. Flannery*
David M. Flannery
Kathy G. Beckett
Keeleigh S. Huffman
STEPTOE & JOHNSON, PLLC
707 Virginia St. East
Post Office Box 1588
Charleston, WV 25326
(304) 353-8000

Edward L. Kropp
STEPTOE & JOHNSON, PLLC
Post Office Box 36425
Indianapolis, Indiana 46236
(317) 946-9882

*Counsel for Petitioners American Forest & Paper Association, American Iron and Steel Institute, and Midwest Ozone Group*

/s/ Aaron M. Streett
Aaron M. Streett
Matthew L. Kuryla
Beau Carter
BAKER BOTTS L.L.P.
910 Louisiana St.
Houston, Texas 77002
(713) 229-1855

*Counsel for Energy Transfer LP*

/s/ Brittany M. Pemberton
Brittany M. Pemberton
BRACEWELL LLP
2001 M Street N.W., Suite 900
Washington, D.C. 20036
(202) 828-1708

*Counsel for TransCanada PipeLine USA Ltd.*

/s/ John D. Lazzaretti
John D. Lazzaretti
SQUIRE PATTON BOGGS (US) LLP
1000 Key Tower
127 Public Square
Cleveland, OH 44114
(216) 479-8500

*Counsel for Petitioner United States Steel Corporation*

/s/ Elliot Zenick
Elliott Zenick
AMERICAN CHEMISTRY COUNCIL
700 2nd St. N.E.
Washington, DC 20002
(202) 249-6744

*Counsel for Petitioner American Chemistry Council*

/s/ Kelly M. McQueen
Kelly M. McQueen
THE MCQUEEN FIRM, PLLC
12 Woodsong Drive
Roland, AR 72135
(501) 580-3291

*Counsel for Petitioner Arkansas League of Good Neighbors*

/s/ Michael E. Born
Michael E. Born (49961)
Cheri A. Budzynski (51761)
SHUMAKER, LOOP & KENDRICK, LLP
Huntington Center
41 South High Street, Suite 2400
Columbus, OH 43215
(614) 463-9441

*Counsel for Petitioners Buckeye Power, Inc. and the Ohio Valley Electric Corporation*

/s/ Richard Moskowitz
Richard S. Moskowitz
Tyler Kubik
American Fuel & Petrochemical
Manufacturers
1800 M Street, NW
Suite 900 North
Washington, DC 20036
(202) 844-5474

*Counsel for Petitioner American Fuel & Petrochemical Manufacturers*

/s/ Elbert Lin
Elbert Lin
Kevin S. Elliker
David N. Goldman
HUNTON ANDREWS KURTH LLP
951 East Byrd Street, East Tower
Richmond, VA 23219
(804) 788-8200

F. William Brownell
E. Carter Chandler Clements
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue N.W.
Washington, DC 20037
(202) 955-1500

*Counsel for Petitioners*
*Union Electric Company, d/b/a Ameren Missouri, and Arkansas League of Good Neighbors*

/s/ Laura K. McAfee
Laura K. McAfee
(D.C. Cir. Bar No. 62386)
BEVERIDGE & DIAMOND, PC
201 North Charles Street, Suite 2200
Baltimore, MD 21201

*Counsel for Enbridge (U.S.) Inc.*

/s/ Mark W. DeLaquil
Mark W. DeLaquil
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue N.W.
Washington, D.C. 20036
(202) 861-1500

Martin T. Booher
Joshua T. Wilson
BAKER & HOSTETLER LLP
2000 Key Tower
127 Public Square
Cleveland, Ohio 44114

*Counsel for Hybar LLC*

SEAN D. REYES
Attorney General of Utah

*/s/ Stanford E. Purser*
STANFORD E. PURSER
Utah Solicitor General
Counsel of Record
Office of the Attorney General
Utah State Capitol Complex
350 North State Street Suite 230
Salt Lake City, UT 84114-2320
Phone:  801-538-9600
spurser@agutah.gov

WILLIAM L. WEHRUM
Wehrum Environmental Law LLC
1629 K Street, NW, Suite 300
Washington, D.C. 20006
Ph. 302-300-0388
William_Wehrum@comcast.net

*Counsel for State of Utah*

EMILY C. SCHILLING
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Phone:  801-799-5753
Fax:  202-747-6574
ecschilling@hollandhart.com

KRISTINA R. VAN BOCKERN
AARON B. TUCKER
Holland & Hart LLP
555 Seventeenth Street
Suite 3200
Denver, CO 80202
Phone:  303-295-8107
Fax:  720-545-9952
trvanbockern@hollandhart.com
abtucker@hollandhart.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2025, I electronically filed the foregoing

Response using the Court's CM/ECF system, which will send notification of such

filing to the parties.

/s/ Ana M. Gutiérrez
Ana M. Gutiérrez