<u>ORAL ARGUMENT SCHEDULED APRIL 25, 2025</u>

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| STATE OF UTAH, et al.,<br><br>*Petitioners*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>*Respondents*. | No. 23-1157 (and consolidated cases) |
| U.S. STEEL CORPORATION,<br><br>*Petitioner*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>*Respondents*. | No. 24-1172 (and consolidated case No. 24-1176) |

**JOINT PROPOSAL CONCERNING FORMAT FOR ORAL ARGUMENT OF PUBLIC INTEREST AND STATE AND LOCAL GOVERNMENT RESPONDENT-INTERVENORS, PETITIONER WISCONSIN, AND PETITIONER-INTERVENOR SIERRA CLUB**

Pursuant to the Court's letter dated March 3, 2025 (ECF#2103581), the undersigned Public Interest Respondent-Intervenors,[1] State and Local Government Respondent-Intervenors,[2] Petitioner Wisconsin, and Petitioner-Intervenor Sierra Club submit this proposed format for oral argument in the above captioned cases. The undersigned counsel attempted to reach an agreement on a proposed format with Respondent Environmental Protection Agency (EPA) and State and Industry Petitioners, but were unable to do so, and therefore respectfully submit this proposed format separately for the Court's consideration.

## A. Summary of Proposed Format

The proposed format would provide for approximately two hours of argument, broken into four segments—three for *Utah v. EPA*, 23-1157 (and consolidated cases, including *Wisconsin*, 23-1201) and one for *U.S. Steel v. EPA*, 24-1172 (and consolidated cases). In view of EPA's supplemental brief and related filings stating that the agency is "not prepared to make representations to this Court

---

[1] Public Interest Respondent-Intervenors include Air Alliance Houston, Appalachian Mountain Club, Chesapeake Bay Foundation, Citizens for Pennsylvania's Future, Clean Air Council, Clean Wisconsin, Center for Biological Diversity, Downwinders at Risk, Environmental Defense Fund, Louisiana Environmental Action Network, Sierra Club, Southern Utah Wilderness Alliance, and Utah Physicians for a Healthy Environment.

[2] State and Local Government Respondent-Intervenors include New York, Connecticut, Delaware, Illinois, Maryland, Massachusetts, New Jersey, Wisconsin; the District of Columbia; Harris County, Texas; and the City of New York.

concerning its position on the Rule," (ECF#2104881 at 8), and in light of EPA's proposal that the oral argument not address any of the merits issues on review (ECF#2107684 at 2, 4), State and Local Government Respondent-Intervenors and Public Interest Respondent-Intervenors propose to take all argument time in opposition to the claims raised by Industry and State Petitioners (except for Petitioner Wisconsin in *Wisconsin v. EPA,* 23-1201).

Notably, the proposed format by State and Industry Petitioners and Respondent-Intervenor Midwest Ozone Group (ECF#2107673) does not provide argument time for claims by Petitioner Wisconsin. The undersigned parties object to this exclusion and, as detailed below, propose that time be allocated to Petitioner and Petitioner-Intervenors in *Wisconsin v. EPA*, 23-1201.

The four segments, in the following order, would consist of: (1) State and Industry Petitioners' claims related to severability of the action under review in *Utah v. EPA*, No. 23-1157—namely, the "Good Neighbor Rule," 88 Fed. Reg. 36,654 (June 5, 2023) (30 minutes); (2) State and Industry Petitioners' (except for Wisconsin's) other merits claims in *Utah v. EPA* (40 minutes); (3) Petitioner Wisconsin's claims in *Wisconsin v. EPA*, 23-1201 (30 minutes); (4) all claims related to EPA's decision to partially deny reconsideration of the Good Neighbor Rule, raised in *U.S. Steel v. EPA*, 24-1172 (20 minutes). The table below summarizes the proposed format.

3

| Proposed Format for April 25, 2025, Oral Argument in *Utah*, 23-1157 (and consolidated cases, including *Wisconsin*, 23-1201) |||
|---|---|---|
| **Segment** | **Party** | **Time allotted** |
| I. Issues related to severability, including claims related to whether the Rule's viability (as to power plants and other industrial sources) depends on the States the Rule covers, whether the knee-in-the-curve analysis impacts EPA's rationale for the Rule, claims related to the trading program, challenges based on EPA's supplemental response to comments, and whether any alleged error by EPA is no more than harmless error. (30 minutes total)<br><br>Addressed in the following argument sections: State Pet'rs' Br. Section I, Industry Pet'rs' Br. Sections I-II, EPA Resp'ts' Br. Section I, State Resp't Intervenors' Br. Sections I-II, State Pet'rs' Suppl. Br. Sections I-II, Industry Pet'rs' Suppl. Br. Sections I, III, State Resp't Intervenors' and Pub. Interest Resp't Intervenors' Suppl. Br. Sections I-III | • Petitioners (divided as they determine, no more than two arguing counsel)<br><br>• Judith N. Vale (State and Local Government Respondent-Intervenors)<br><br>• Rebuttal as reserved | 15 minutes each side |
| II. All other merits issues, including claims related to whether the pollution reduction requirements for power plants and industrial sources are well-supported and reasonable (including impact on electricity and gas reliability and | • Petitioners (divided as they determine, no more than two arguing counsel)<br><br>• Seth L. Johnson (Public Interest | 20 minutes each side |

4

| | | |
|---|---|---|
| feasibility of installing controls in the time allotted for gas pipelines), whether EPA properly assessed emissions from industrial sectors, whether EPA reasonably considered costs of controlling industrial sources, claims related to the power sector and trading program enhancements, whether EPA properly explained the Rule's application to Western States, and appropriate relief for any alleged error by EPA. (40 minutes total)<br><br>Addressed in the following argument sections: State Pet'rs' Br. Sections II-III, Industry Pet'rs' Br. Section III, City Utils. of Springfield, Mo. Pet'r-Intervenor Br. Section I, EPA Resp'ts' Br. Sections II-V, State Resp't-Intervenor Br. Section III, Public Interest Resp't-Intervenor Br. Sections I-III[3] | Respondent-Intervenors)<br><br>• Rebuttal as reserved | |
| III. All claims raised by Petitioner Wisconsin in *Wisconsin*, 23-1201, including whether the Rule under-controls emissions from States upwind of Wisconsin, and whether EPA | • Gabe Johnson-Karp (Petitioner Wisconsin) (10 min) | 15 minutes each side |

---

[3] Public Interest Respondent-Intervenors, State and Local Government Respondent-Intervenors, Petitioner Wisconsin, and Petitioner-Intervenor Sierra Club accede to resting on the briefs for issues proposed by Joint State and Industry Petitioners, except for issues related to the State of Wisconsin's Petition (ECF#2107673 at 17-18).


| | | |
|---|---|---|
| acted arbitrarily and capriciously by failing to require additional emissions reductions through regulation of volatile organic compounds and/or mobile sources. (30 minutes total)<br><br>Addressed in the following argument sections: Pet'r Wisconsin's Br. Sections I-II, Pet'r-Intervenor Sierra Club's Br. Sections I-II, EPA Resp'ts' Br. Section VI, Midwest Ozone Group Resp't-Intervenor Br. Sections I-III | • Kathleen L. Riley (Petitioner-Intervenor Sierra Club) (5 min)<br><br>• Respondent EPA/Respondent-Intervenor Midwest Ozone Group (divided as they determine, no more than two arguing counsel)<br><br>• Rebuttal as reserved | |

Total time for *Utah v. EPA* (and consolidated cases): 100 minutes

**Proposed Format for April 25, 2025, Oral Argument in *U.S. Steel*, 24-1172 (and consolidated case)**

| Segment | Parties | Time Allotted |
|---|---|---|
| IV. All issues raised by Petitioners in *U.S. Steel*, including the legal standard for reconsideration, publication of rule after entry of judicial stays, and central relevance of judicial stay.<br><br>Addressed in the following argument sections: Pet'rs' Br. Sections I-II, EPA Resp'ts' Br. Sections I-III, State-Public Interest Resp't-Intervenor Br. Sections I-II | • Petitioners (divided as they determine, no more than two arguing counsel)<br><br>• Elizabeth Brody (State and Local Government Respondent-Intervenors)<br><br>• Rebuttal as reserved | 10 minutes each side |

*Total time for U.S. Steel v. EPA* (and consolidated case): 20 minutes

**Total Time for *Utah v. EPA* (and consolidated cases) and *U.S. Steel v. EPA* (and consolidated case): 120 minutes**


If EPA's motion for voluntary remand without vacatur remains pending, the Parties could address the remand motion within the above-proposed format. If, however, the Court were to provide separate time for the parties, including EPA, to address the remand motion, any time should be in addition to the time allotted to Respondent-Intervenors to defend the Rule on the merits. Given that EPA has indicated that it does not intend to argue the merits, this Court should not reduce Respondent-Intervenors' merits response time to provide EPA time to respond on non-merits issues.

**B. Explanation of Proposed Format**

These cases involve challenges to two final actions: (i) "Federal 'Good Neighbor Plan' for the 2015 Ozone National Ambient Air Quality Standards," published in the Federal Register at 88 Fed. Reg 36,654 (June 5, 2023) ("Good Neighbor Rule"), and (ii) "Partial Denial of Petitions for Reconsideration: Federal 'Good Neighbor Plan' for the 2015 Ozone National Ambient Air Quality Standards," 89 Fed. Reg. 23,526 (April 4, 2024) ("Reconsideration Denial"). The parties briefed challenges to the Good Neighbor Rule in *Utah v. EPA*, 23-1157,[4] and separately, briefed challenges to the Reconsideration Denial in *U.S. Steel v.*

---

[4] Supplemental Briefing in *Utah* will be complete on March 27, 2025, the deadline for supplemental replies. See Order, ECF#2093845, No. 23-1157 (Jan. 13, 2025); Order, ECF#2102088, No. 23-1157 (Feb. 21, 2025) (amending schedule).

7

*EPA*, 24-1172. The Court declined to consolidate the two challenges but, in recognition of the significant overlap in the issues, ordered that the two cases be calendared for oral argument on the same day. Order, ECF#2067416, No. 24-1172 (July 30, 2024).

The proposed oral argument format is based on the following considerations: First, dividing the argument into segments based on the action challenged and the sequence of those actions will facilitate orderly presentation of the issues. Second, the division of time allocations among the issue segments should correspond approximately to the words devoted to those issues in the initial and supplemental merits briefs. Third, the length of the oral argument should be similar to other cases in which the parties have litigated complex Clean Air Act and lengthy record-based issues.

***Proposed Structure.*** The four segments, in the following order, would consist of: (1) State and Industry Petitioners' claims related to severability in *Utah v. EPA* (30 min); (2) State and Industry Petitioners' (except Wisconsin's) other merits claims in *Utah v. EPA* (40 min); (3) Petitioner Wisconsin's claims in *Wisconsin v. EPA*, 23-1201 (30 min); (4) all claims related to the partial denial of petitions for reconsideration raised in *U.S. Steel v. EPA*, 24-1172 (20 min). This proposed structure will allow for orderly argument by separating cases raising distinct challenges: (1) *Utah v. EPA* (in which petitioners argue that the Rule's

8

requirements are too stringent and not well-supported); (2) *Wisconsin v. EPA* (in which petitioners argue that the Rule undercontrols cross-state air pollution and is not protective enough); and (3) *U.S. Steel v. EPA* (in which petitioners challenge EPA's partial denial of petitions for administrative reconsideration of the Good Neighbor Rule, which is a separate action from the Good Neighbor Rule itself). In addition, further dividing *Utah v. EPA* into challenges related to severability versus other merits issues aligns with how the parties have briefed and grouped these issues. Separating oral argument into different segments also aligns with prior court practice in other complex Clean Air Act cases. *See, e.g.*, Order, ECF#1863510, Case No. 19-1140 (D.C. Cir. Sept. 25, 2020) (dividing oral argument related to repeal of the Clean Power Plan and Affordable Clean Energy rule into four segments); Order, ECF#1630735, Case No. 15-1363 (D.C. Cir. Aug. 16, 2017) (dividing oral argument related to the Clean Power Plan into five segments).

**Order of the Argument**. As noted above, under the format proposed here, oral argument would begin with the State and Industry Petitioners' (other than Petitioner Wisconsin's) challenges to the principal agency action (the Good Neighbor Rule), split into two distinct segments: (i) severability of the Rule and (ii) all other merits issues. We propose that the oral argument begin with severability, which is briefed at length by the parties at the outset of their briefs

9

and is the sole subject of the in supplemental briefing recently ordered by the Court. In addition, severability was specifically considered by the Supreme Court in *Ohio v. EPA*, 603 U.S. 279 (2024). Following severability, oral argument would then proceed to all other merits issues in *Utah v. EPA* (except *Wisconsin*, 23-1201). Then, oral argument would proceed with Wisconsin's distinct challenges to the principal agency action (the Good Neighbor Rule). Oral argument would close with challenges to EPA's subsequent decision to partially deny administrative reconsideration of the Good Neighbor Rule in *U.S. Steel v. EPA*.

***Total Time for Argument (approximately 120 minutes).*** Although the total argument time in this proposed format is longer than the ten to fifteen minutes typically allotted to each party, the proposed time allotted of 120 minutes is appropriate here given the number, complexity, and significance of the issues, the large rulemaking record, and the large number of parties with diverse interests. The Court has allotted comparable time in other complex Clean Air Act cases. *See, e.g.*, Order, ECF#1863510, Case No. 19-1140 (D.C. Cir. Sept. 25, 2020) (allocating 154 minutes for oral argument for litigation regarding the Affordable Clean Energy rule and repeal of the Clean Power Plan); Order, ECF#1630735, Case No. 15-1363 (D.C. Cir. Aug. 17, 2016) (allocating 218 minutes for oral argument for litigation regarding the Clean Power Plan); Order, ECF#1365610, Case No. 11-1302 (D.C. Cir. Mar. 26, 2012) (allocating 100 minutes for oral argument regarding the Cross-

State Air Pollution Rule). The proposed time allotted is appropriate given this Court's request (ECF#2103581) to avoid repetition of arguments between the two cases (lead case no. 23-1157 and 24-1172). The issues that are distinct to 24-1172 can be addressed in the proposed allotted time.

***Length of Argument Sections and Time Allocation Among the Parties.*** We propose dividing the total argument time among the four segments roughly in proportion to the percentage of words allocated by the Court to Petitioners and Petitioner-Intervenors in briefing of the respective challenges, including the supplemental briefs. The proposed format would divide argument time as follows: (1) State and Industry Petitioners' claims related to severability in *Utah v. EPA*, 23-1157 (25 percent); (2) State and Industry Petitioners' (except Wisconsin's) other merits claims (33 percent); (3) Petitioner Wisconsin's claims in *Wisconsin v. EPA*, 23-1201 (25 percent); (4) all claims related to EPA's denial of the petition for reconsideration raised in *U.S. Steel v. EPA*, 24-1172 (17 percent).

These times are roughly proportional to the percentage of words allocated to Petitioners for the initial merits and supplemental briefs for these respective issues. Out of 104,940 total words allowed across all Petitioners' and Petitioner-Intervenors' opening and reply briefs, the Court allocated 58,920 to State and Industry Petitioners (except for Petitioner Wisconsin) and Petitioner-Intervenor City Utilities of Springfield, Missouri in *Utah v. EPA* to discuss severability and

11

other merits issues (56.1 percent of words); 26,520 words to Petitioner Wisconsin and Petitioner-Intervenor Sierra Club to discuss claims by Petitioner Wisconsin (25.3 percent of words); and 19,500 words to Petitioners U.S. Steel and Hybar LLC in *U.S. Steel v. EPA* (18.6 percent of words).

We further propose that, in Segments I, II, and IV, Respondent-Intervenors be allocated an amount of time equal to that of the respective Petitioners, in order to defend the Rule. Respondent-Intervenors were granted leave to intervene because they have interests in the public health, regulatory, and economic benefits of the Rule that are distinct from EPA's interests. EPA has now indicated in several recent filings that it does not intend to defend the Rule and thus, by extension, Respondent-Intervenors' interests. For example, in EPA's recent motion to remand the rule without vacatur and hold No. 23-1157 in abeyance, EPA stated that EPA is "not prepared to make representations to this Court concerning its position on the Rule" (ECF# 2104881), and in EPA's supplemental brief (ECF#2104882), EPA stated that it EPA took no position on its supplemental explanation regarding severability following this Court's remand of the record, *see* 89 Fed. Reg. 99,105 (Dec. 10, 2024). Likewise, EPA has proposed an oral argument format that provides for no argument time on any of the merits issues in these cases (ECF#2107684 at 4). Accordingly, Respondent-Intervenors

12

respectfully request that they be given a meaningful opportunity to defend the Rule.

Dated: March 25, 2025

Respectfully submitted,

<u>/s/ Seth L. Johnson</u>
Seth L. Johnson
Kathleen L. Riley
Earthjustice
1001 G Street NW, Suite 1000
Washington, DC 20001
(202) 797-5245
(202) 745-5227
sjohnson@earthjustice.org
kriley@earthjustice.org

*Counsel for Air Alliance Houston, Appalachian Mountain Club, Center for Biological Diversity, Chesapeake Bay Foundation, Downwinders at Risk, Sierra Club, Southern Utah Wilderness Alliance, and Utah Physicians for a Healthy Environment*

<u>/s/ Noha Haggag</u>
Noha Haggag
Vickie L. Patton
Environmental Defense Fund
2060 Broadway, Suite 300
Boulder, CO 80302
(202) 572-3286
vpatton@edf.org
nhaggag@edf.org

Megan M. Herzog
Sean H. Donahue
Donahue, Goldberg & Herzog
1008 Pennsylvania Avenue SE
Washington, DC 20003
(650) 353-8719
megan@donahuegoldberg.com
sean@donahuegoldberg.com

*Counsel for Environmental Defense Fund*

*/s/ Zachary M. Fabish*
Zachary M. Fabish
Sierra Club
50 F Street NW, 8th Floor
Washington, DC 20001
(650) 388-8446
zachary.fabish@sierraclub.org

Joshua D. Smith
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5560
(415) 977-5704

*Counsel for Sierra Club*

FOR THE STATE OF CONNECTICUT

WILLIAM TONG
*Attorney General of Connecticut*

*/s/ Jill Lacedonia*
JILL LACEDONIA
Assistant Attorney General
165 Capitol Avenue
Hartford, CT 06106
(860) 808-5250
Jill.Lacedonia@ct.gov

*/s/ Hayden Hashimoto*
Shaun A. Goho
Hayden Hashimoto
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
(617) 624-0234
sgoho@catf.us
hhashimoto@catf.us

*Counsel for Citizens for Pennsylvania's Future, Clean Air Council, Clean Wisconsin, and the Ohio Environmental Council*

FOR THE STATE OF DELAWARE

KATHLEEN JENNINGS
*Attorney General
State of Delaware*

*/s/ Vanessa L. Kassab*
IAN R. LISTON
VANESSA L. KASSAB
*Deputy Attorneys General*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
ian.liston@delaware.gov
vanessa.kassab@delaware.gov

FOR THE DISTRICT OF COLUMBIA

BRIAN L. SCHWALB
*Attorney General*
*District of Columbia*

*/s/ Caroline S. Van Zile*
CAROLINE S. VAN ZILE
*Solicitor General*
400 6th Street N.W., Ste 8100
Washington, D.C. 20001
(202) 724-6609
caroline.vanzile@dc.gov


FOR THE STATE OF MARYLAND

ANTHONY G. BROWN
*Attorney General*
*State of Maryland*

*/s/ Michael F. Strande*
MICHAEL F. STRANDE
*Assistant Attorney General*
STEVEN J. GOLDSTEIN
*Special Assistant Attorney General*
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
(410) 576-6414
sgoldstein@oag.state.md.us

FOR THE STATE OF ILLINOIS

KWAME RAOUL
Attorney General
*State of Illinois*

*/s/ Jason E. James*
JASON E. JAMES
Assistant Attorney General
MATTHEW DUNN
Chief, Environmental Enforcement/
Asbestos Litigation Division
Illinois Office of the Attorney General
115 S. LaSalle St.
Chicago, IL 60603
(872) 276-3583
Jason.james@ilag.gov


FOR THE COMMONWEALTH OF MASSACHUSETTS

ANDREA JOY CAMPBELL
Attorney General
*State of Massachusetts*

*/s/ Jillian M. Riley*
JILLIAN M. RILEY
JOHN S. CRAIG
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
(617) 963-2424
jillian.riley@mass.gov

FOR THE STATE OF
NEW JERSEY

MATTHEW J. PLATKIN
*Attorney General*
*State of New Jersey*

*/s/ Nell M. Hryshko*
NELL M. HRYSHKO
*Deputy Attorney General*
New Jersey Division of Law
25 Market St., P.O. Box 093
Trenton, NJ 08625
(609) 376-2735
nell.hryshko@law.njoag.gov

FOR THE STATE OF WISCONSIN

JOSHUA L. KAUL
*Attorney General*
*State of Wisconsin*

*/s/ Gabe Johnson-Karp*
GABE JOHNSON-KARP
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53702-7857
Telephone: (608) 267-8904
Fax: (608) 267-2223
johnsonkarpg@doj.state.wi.us

FOR THE STATE OF NEW YORK

LETITIA JAMES
 Attorney General
BARBARA D. UNDERWOOD
 Solicitor General
JUDITH N. VALE
 Deputy Solicitor General
MORGAN A. COSTELLO
 Assistant Attorney General
CLAIBORNE E. WALTHALL
 Assistant Attorney General

*/s/ Elizabeth A. Brody*
ELIZABETH A. BRODY

Office of the Attorney General
28 Liberty Street, 23rd Floor
New York, NY 10005
(212) 416-6167
elizabeth.brody1@ag.ny.gov

FOR THE CITY OF
NEW YORK

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of
New York

*/s/ Christopher Gene King*
CHRISTOPHER GENE KING
Senior Counsel, Environmental Law
Division
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2074
cking@law.nyc.gov

FOR HARRIS COUNTY, TEXAS

CHRISTIAN MENEFEE
*Harris County Attorney*
JONATHAN FOMBONNE
*First Assistant County Attorney*
TIFFANY BINGHAM
*Managing Counsel*

<u>*/s/ Sarah Jane Utley*</u>
SARAH JANE UTLEY
*Environmental Division Director*
State Bar No. 24042075
1019 Congress, 15th Floor.
Houston, Texas 77002
Telephone: (713) 274-5124
Fax: (713) 437-4211

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Response contains 2457 words, excluding exempted portions, and was composed in Times New Roman font, 14-point. I certify that the foregoing complies with applicable type-volume and typeface requirements.

Dated: March 25, 2025                              */s/ Noha Haggag*
                                                   Noha Haggag

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2025, I have served the foregoing Response on all registered parties through the Court's electronic case filing (CM/ECF) system.

Dated: March 25, 2025                               */s/ Noha Haggag*
                                                    Noha Haggag