ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| STATE OF UTAH, *Petitioner*, v. U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL., *Respondents*. | Case No. 23-1157 and consolidated cases |
| U.S. STEEL CORPORATION, *Petitioner*, v. U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL., *Respondents*. | Case No. 24-1172 and consolidated case |

## STATUS REPORT

Respondents the United States Environmental Protection Agency and its Administrator, Lee Zeldin, (collectively "EPA") respectfully submit this Status Report pursuant to this Court's April 14, 2025, Order. ECF No. 2111018.

1

1.  Both *Utah v. EPA* and *U.S. Steel v. EPA* concern the *Federal "Good Neighbor Plan" for the 2015 Ozone National Ambient Air Quality Standards*, 88 Fed. Reg. 36654 (June 5, 2023) (the "Good Neighbor Plan" or "Rule"). The Good Neighbor Plan addresses certain States' interstate transport, or "good neighbor," obligations under 42 U.S.C. § 7410(a)(2)(D)(i)(I) with respect to the 2015 ozone national ambient air quality standards. Petitioners in *Utah v. EPA* challenge the Rule itself and Petitioners in *U.S. Steel v. EPA* challenge EPA's partial denial of their administrative petitions for reconsideration of the Rule, *Partial Denial of Petitions for Reconsideration: Federal "Good Neighbor Plan" for the 2015 Ozone National Ambient Air Quality Standards*, 89 Fed. Reg. 23526 (Apr. 4, 2024). Though these cases were not consolidated, the Court ordered them set for argument before the same panel on the same day. ECF No. 2067416.[1]

2.  As promulgated, the Good Neighbor Plan contained federal implementation plans ("FIPs") for certain covered sources of nitrogen oxides emissions in 23 States. *See* 88 Fed. Reg. at 36656. EPA's authority to implement FIPs for each of those 23 States hinged on findings that those States had failed to submit state implementation plans ("SIPs") or EPA's disapproval of submitted SIPs. In light of judicial stays of a predicate action disapproving several SIPs, the Good Neighbor Plan was initially stayed for 12 States and then stayed as to all

---

[1] ECF numbers refer to the docket of *Utah v. EPA*, No. 23-1157, unless noted.

remaining States following the Supreme Court's decision in *Ohio v. EPA*, 603 U.S. 279 (2024); *see* 89 Fed. Reg. 87960 (Nov. 6, 2024).

3. Following *Ohio v. EPA*, EPA sought a partial remand of the Rule to address the potential deficiencies identified by the Supreme Court. ECF No. 2068299. This Court remanded the record of the Good Neighbor Plan to EPA in September 2024, ECF No. 2074472, and EPA completed remand proceedings in December 2024, ECF No. 2088052.

4. Concurrently, in November 2024, the parties completed briefing in *U.S. Steel v. EPA*, No. 24-1172, concerning the partial denial of petitions for reconsideration of the Rule.

5. To address the remand, this Court ordered additional briefing in *Utah v. EPA* to be completed by March 2025. ECF No. 2093845.

6. Following the change in administration, in February 2025, EPA filed motions to hold *Utah v. EPA* and *U.S. Steel v. EPA* in abeyance to allow new Agency leadership time to review the Rule and the challenged denials of reconsideration. ECF No. 2099213; No. 24-1172, ECF No. 2099224. EPA also moved to extend its deadline to file a supplemental brief addressing the remand in *Utah v. EPA*. ECF No. 2099909. The Court denied EPA's abeyance motions and extended EPA's supplemental briefing deadline until March 10, 2025. ECF No. 2102088; No. 24-1172, ECF No. 2102091.

7. Shortly thereafter, the Court set *Utah v. EPA* and *U.S. Steel v. EPA* for argument on April 25, 2025. ECF No. 2102328.

8. On March 10, 2025, EPA filed a motion requesting remand without vacatur, explaining that EPA had decided to reconsider the Good Neighbor Plan and that any changes to the Rule would be made through notice-and-comment rulemaking. *See* ECF No. 2104881 at 5. That Motion additionally requested that the Court retain jurisdiction and hold the consolidated cases in abeyance pending EPA's reconsideration of the Rule. *Id.* EPA also filed a Supplemental Brief reiterating its request for a remand and otherwise taking no position. ECF No. 2104882.

9. On April 9, 2025, EPA filed a renewed motion for abeyance in *U.S. Steel v. EPA*, citing its decision to reconsider the Good Neighbor Plan. No. 24-1172, ECF No. 2110095.

10. On April 14, 2025, the Court placed both *Utah v. EPA* and *U.S. Steel v. EPA* in abeyance, ordering the parties to submit status reports every 90 days, beginning on July 14, 2025. ECF No. 2111018. That Order also granted EPA's motion to consolidate *Kinder Morgan, et al. v. EPA, et al.*, No. 25-1054 (and Nos. 25-1055, 25-1057) with *Utah v. EPA*, No. 23-1157, and deferred consideration of a pending motion to dismiss those new cases. *Id.*

11. Since the April 14, 2025, Order, EPA has continued its review and reconsideration of the Good Neighbor Plan. Currently, EPA is preparing a proposed rulemaking as part of the reconsideration process. As described in Abigale Tardif's Declaration (¶ 20), attached to EPA's Motion for Remand, ECF No. 2104881, any proposed rulemaking revising the Good Neighbor Plan will be subject to notice-and-comment proceedings.

12. EPA is also reconsidering the predicate state implementation plan disapprovals on which basis certain States were included in the Good Neighbor Plan. EPA's reconsideration of these predicate actions may result in approvals of certain States' SIP submissions, thus obviating the need for FIPs for those states. EPA's reconsideration of its action on certain States' SIP submission will be subject to notice-and-comment proceedings.

13. EPA intends to continue its reconsideration of the Good Neighbor Plan and will provide subsequent updates to the Court at 90-day intervals in accordance with the Court's April 14th Order.

Respectfully submitted,

DATED:   July 14, 2025

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

5

*Of counsel:*

DANIEL SCHRAMM
U.S. Environmental Protection Agency
Office of General Counsel
Washington, D.C.

/s/ *Zoe B. Palenik*
ZOE B. PALENIK
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 353-5625
zoe.palenik@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, I filed a copy of the foregoing Status Report with the Clerk of Court using the CM/ECF system, which will cause a copy to be served electronically on all counsel of record registered to use the CM/ECF system.

/s/ *Zoe B. Palenik*
ZOE B. PALENIK