ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| STATE OF UTAH,<br><br>*Petitioner*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL.,<br><br>*Respondents*. | Case No. 23-1157 and consolidated cases |
| U.S. STEEL CORPORATION,<br><br>*Petitioner*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL.,<br><br>*Respondents*. | Case No. 24-1172 and consolidated case |

## STATUS REPORT

Respondents the United States Environmental Protection Agency and its Administrator, Lee Zeldin, (collectively "EPA") respectfully submit this Status Report pursuant to this Court's April 14th and October 14th Orders. ECF No. 2111018 (Apr. 14, 2025); 2140118 (Oct. 14, 2025).

1

1. Both *Utah v. EPA* and *U.S. Steel v. EPA* concern the *Federal Good Neighbor Plan for the 2015 Ozone National Ambient Air Quality Standards*, 88 Fed. Reg. 36654 (June 5, 2023) (the "Good Neighbor Plan" or "Rule"). The Good Neighbor Plan addresses certain States' interstate transport, or "good neighbor," obligations under 42 U.S.C. § 7410(a)(2)(D)(i)(I) with respect to the 2015 ozone national ambient air quality standards. Petitioners in *Utah v. EPA* challenge the Rule itself and Petitioners in *U.S. Steel v. EPA* challenge EPA's partial denial of their administrative petitions for reconsideration of the Rule, *Partial Denial of Petitions for Reconsideration: Federal "Good Neighbor Plan" for the 2015 Ozone National Ambient Air Quality Standards*, 89 Fed. Reg. 23526 (Apr. 4, 2024). Though these cases were not consolidated, the Court ordered them set for argument before the same panel on the same day. ECF No. 2067416.[1]

2. As promulgated, the Good Neighbor Plan contained federal implementation plans ("FIPs") for certain covered sources of nitrogen oxides emissions in 23 States. *See* 88 Fed. Reg. at 36656. EPA's authority to implement FIPs for each of those 23 States hinged on findings that those States had failed to submit state implementation plans ("SIPs") or EPA's disapproval of submitted SIPs. In light of judicial stays of a predicate action disapproving several SIPs, the Good Neighbor Plan was initially stayed for 12 States and then stayed as to all

---

[1] ECF numbers refer to the docket of *Utah v. EPA*, No. 23-1157, unless noted.

remaining States following the Supreme Court's decision in *Ohio v. EPA*, 603 U.S. 279 (2024); *see* 89 Fed. Reg. 87960 (Nov. 6, 2024).

3. On March 10, 2025, EPA filed a motion requesting remand without vacatur, explaining that EPA had decided to reconsider the Good Neighbor Plan and that any changes to the Rule would be made through notice-and-comment rulemaking. *See* ECF No. 2104881 at 5. That Motion additionally requested that the Court retain jurisdiction and hold the consolidated cases in abeyance pending EPA's reconsideration of the Rule. *Id.* On April 9, 2025, EPA filed a renewed motion for abeyance in *U.S. Steel v. EPA*, citing its decision to reconsider the Good Neighbor Plan. No. 24-1172, ECF No. 2110095.

4. On April 14, 2025, the Court placed both *Utah v. EPA* and *U.S. Steel v. EPA* in abeyance, ordering the parties to submit status reports every 90 days, beginning on July 14, 2025. ECF No. 2111018.

5. On October 7, 2025, EPA moved for an extension of the operative status report deadline in light of a lapse in appropriations to the Department of Justice that began on October 1, 2025. ECF No. 2139184. The Court granted EPA's motion and ordered the parties to "file the next status report within 10 days of the date that appropriations are restored to the Department of Justice." ECF No. 2140118. Appropriations were restored on November 12, 2025, when the President

3

signed H.R. 5371— Continuing Appropriations, Agriculture, Legislative Branch, Military Construction and Veterans Affairs, and Extensions Act, 2026.

6. EPA has continued its review and reconsideration of the Good Neighbor Plan. Currently, EPA is preparing a proposed rulemaking as part of the reconsideration process. As described in Abigale Tardif's Declaration (¶ 20), attached to EPA's Motion for Remand, ECF No. 2104881, any proposed rulemaking revising the Good Neighbor Plan will be subject to notice and comment proceedings.

7. EPA is also reconsidering the predicate state implementation plan disapprovals on which basis certain States were included in the Good Neighbor Plan. EPA's reconsideration of these predicate actions may result in approvals of certain States' SIP submissions, thus obviating the need for FIPs for those states. EPA's reconsideration of its action on certain States' SIP submission will be subject to notice and comment proceedings.

8. EPA intends to continue its reconsideration of the Good Neighbor Plan and will provide subsequent updates to the Court at 90-day intervals.

                                          Respectfully submitted,

DATED:   November 24, 2025

                                          ADAM R.F. GUSTAFSON
                                          *Principal Deputy Assistant Attorney General*

*Of counsel:*
                                          /s/ *Zoe B. Palenik*

DANIEL SCHRAMM                 ZOE B. PALENIK
U.S. Environmental Protection Agency   U.S. Department of Justice
Office of General Counsel               Environmental Defense Section
Washington, D.C.                         P.O. Box 7611
                                                Washington, D.C. 20044-7611
                                                (202) 353-5625
                                                zoe.palenik@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2025, I filed a copy of the foregoing Status Report with the Clerk of Court using the CM/ECF system, which will cause a copy to be served electronically on all counsel of record registered to use the CM/ECF system.

/s/ *Zoe B. Palenik*
ZOE B. PALENIK